NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
50 California Street, Thirty-Fourth Floor
San Francisco, California 94111-4707
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No: CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO: THE HONORABLE ELIZABETH D. LAPORTE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE**<br><br>[FRCP 12(b)(2) and 12(b)(3); 28 U.S.C. §1404(a) and §1406(a)]<br><br>Action Filed:<br><br>Date: March 11, 2008<br>Time: 9:00 a.m.<br>Ctrm: E<br><br>**Filed concurrently herewith:**<br>1. Declaration of Patrick J. Richard; and<br>2. Declaration of Sivakumar Sinnarajah. |

222510_1.DOC

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on March 11, 2008, at 9:00 a.m., in Courtroom E of the above-entitled Court, located at 450 Golden Gate Ave. San Francisco, CA 94102, a hearing will be held on the Motion of Defendants SIVAKUMAR SINNARAJAH, a/k/a MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC. (collectively "Defendants") to Dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer this action to the District of Florida.

The Motion will be and is hereby based on the following grounds:

1. Pursuant to Federal Rule of Procedure 12(b)(2), the action should be dismissed as against Defendants because they lack sufficient contacts with California to create either general or specific personal jurisdiction over them.

2. The action should be dismissed pursuant to Federal Rule of Procedure 12(b)(3) and 28 U.S.C. §1406(a) as filed in the improper forum because the action arose in Florida (where virtually all of the Defendants and witnesses are incorporated or reside) and not in California (the location of no witnesses, parties or evidence).

3. If not dismissed outright, the action should be transferred to the District of Florida pursuant to 28 U.S.C. §1406(a) in the interests of justice or 28 U.S.C. §1404(a) for the convenience of the parties, the Court and all third party witnesses, and as a matter of judicial economy, because Florida is the indisputable center of gravity of the transactions and occurrences at issue between the parties.

///
///
///
///
///
///
///
///

1   The Motion will be and is hereby based on this Notice, the attached Memorandum of Points and
2   Authorities, the Declarations of Mano Sinnarajah and Patrick J. Richard, the pleadings, records and files
3   in this action, and upon such further oral and/or documentary evidence and argument as may be
4   presented at or before the hearing on this Motion.

Dated:  January 28, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: *[signature]*
    Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE**

## I. INTRODUCTION

This Court has no jurisdiction over either the individual defendant or his company ("Sinnarajah" and "H&S", respectively.). Neither of them has sufficient minimum contacts with California to warrant general personal jurisdiction over them here. Similarly, neither of them has sufficient contacts with California related to Plaintiff's claims to warrant specific jurisdiction over them. For instance, Sinnarajah has only been to California once in the last 8 years, other than airport layovers, and none of those trips had anything to do with Plaintiff or its claims. Similarly, H&S is a Florida corporation with no offices in California or the West Coast, and for whom Plaintiff's complaint alleges no contacts with the forum State whatsoever.

Moreover, this is the wrong venue to decide the claims against these defendants. Indeed, the complaint alleges *no contacts* whatsoever in California by either the plaintiff or the defendants. The only connection appears to be the residence of plaintiff's current attorney.

The complaint expressly alleges that Plaintiff is a Turkish company, that Sinnarajah resides in Florida, and the H&S is a Florida Corporation "organized under the laws of the State of Florida. All pertinent records were prepared, reviewed, and signed in Florida, and all of the key witnesses reside in Florida.

Because this action was filed in an improper forum, the Complaint should be dismissed pursuant to 28 U.S.C. §1406(a). If not dismissed, it should be transferred to the District of Florida, which is the indisputable center of gravity of the transactions and occurrences at issue, in the interests of justice and for the convenience of the court, all parties and witnesses, pursuant to 28 U.S.C. §1404(a) and §1406(a).

## II. STATEMENT OF FACTS

The Complaint alleges that the parties entered into a letter of intent in July 2007 to enter into a lease for an aircraft, and that the parties did enter into a lease in October 2007. (Complaint, ¶¶ 5, 13, 17.) The Complaint fails to allege where the negotiations occurred or where the documents were signed, but all of these events occurred in Miami, Florida. (Declaration of Mano Sinnarajah, ¶¶4-7.) The lease called for delivery of the aircraft on or before 12-30-07. (Sinnarajah Decl., Exh. A, Lease, p. 18, ¶3.2.)

1 Plaintiff's complaint claims that a parol "Side Letter" executed at or before the time the parties entered
2 into the Lease supersedes or survives the contrary terms of the Lease. (Complaint 17-19.) Plaintiff
3 refused to accept delivery of any aircraft after October 31, 2007, despite the terms of the executed Lease.

Plaintiff served the complaint at defendant's residence two days after Christmas while defendant was out of the Country. He did not learn of the complaint until the week of January 21, 2008. Plaintiff's counsel, hoping to secure a default judgment, refused to grant even a 24 hour extension of time to respond to the Complaint. (Declaration of Patrick J. Richard, ¶2.) The representations in the Complaint that the parties agreed to a California venue are false. Although page 61 of the boilerplate portion of the lease refers to "being in good standing" under the laws of California, the specific Recitals at the beginning of the Lease expressly refer to H&S Group as a Florida Corporation and both the choice of law and choice of forum provisions refer to Florida, not California.

In addition, the lease provided for jurisdiction in Florida, all notices to H&S in Florida, and a Florida choice of law:

> "26.2   <u>Notice Information</u>. Notices will be sent:
>
> If to LESSOR:   H&S GROUP OF COMPANIES, INC.
>   9749 SW 111th Terr.
>   Miami, FL  33176
>   Attention: Mano Sinnarajah
>
>   Fax:         305 279-6200
>   Telephone:   305 279-2500
>
> With copy to:   Jerry Dale P.A.
>   Miami, Florida
>   Fax:
>   Telephone:
>
>   . . . .
>
> 27.1   **Florida Law**. This Lease is being delivered in the State of Florida and the Lease and all other Operative Documents will in all respects be governed by and construed in accordance with the Laws of the State of Florida (notwithstanding the conflict Laws of the State of Florida).
>
> 27.2   **Non-Exclusive Jurisdiction in Florida**. As permitted by Section 410.40 of the Florida Code of Civil Procedure, the parties hereby irrevocably submit to the non-exclusive jurisdiction of the Federal District Court of the Central District of Florida and the State of Florida Superior or Municipal Court in Los Angeles [sic], Florida."

Plaintiff's complaint ignores these Lease provisions.

### III. PURSUANT TO F.R.C.P. 12(B)(2), THE COMPLAINT SHOULD BE DISMISSED AS TO MR. SINNARAJAH AND H&S GROUP OF COMPANIES, INC. BECAUSE THIS COURT HAS NO PERSONAL JURISDICTION OVER THEM.

Personal jurisdiction in this federal proceeding is limited by California law. Fed. R. of Civ. P. 4(k)(1)(a); *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Personal jurisdiction under California law is governed by Cal. Code of Civ. Proc. § 410.10 and general constitutional due process considerations. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Jurisdiction will not be conferred unless the nonresident defendant has had "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The touchstone of that inquiry is whether the defendant "purposefully established minimum contacts" in the forum "such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (internal quotations and citations omitted). As explained in *Indiana Plumbing Supply v. Standard of Lynn, Inc.*:

> There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters, and (2) "specific jurisdiction" which arises out of the defendant's contacts with the forum giving rise to the subject litigation. *See, Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

880 F.Supp. 743, 750 (C.D.Cal. 1995).

Although Plaintiff alleges that this Court has subject matter jurisdiction (Complaint, ¶ 5), there are no allegations as to personal jurisdiction. For instance, there are **no allegations** that Sinnarajah or anyone acting on behalf of H&S ever personally did any of the following in California:

- conducted business;
- lived or paid taxes;
- owned or leased real property;
- maintained any bank accounts;
- obtained licenses or permits;
- maintained any local telephone listings or mailing addresses;
- entered into any contracts;

- directed any mass mailings to California residents or businesses;
- shipped product to California residents or businesses; or
- filed a lawsuit in California.

To the contrary, the Complaint alleges that Sinnarajah is a resident of Florida and that H&S is a Florida Corporation. (Complaint, p1:18-19; p2 ¶¶3-4.) There are no allegations that would remotely suggest that this Court has general personal jurisdiction over any of those Defendants. The attempt to bootstrap a boilerplate reference to "LESSOR" being "in good standing under the laws of the State of California" into personal jurisdiction is a blatant act of deception: Plaintiff's agents knew full well at the time that H&S was a Florida Corporation, that Sinnarajah lived and worked in Miami Florida, and that the boilerplate reference to "good standing" of the LESSOR at page 62 of a 120-page document was contrary to the specific provisions in the Recitals and in the choice of forum expressly referring to H&S as a Florida Corporation. Specific terms of a contract take precedence over more general terms. (*Univ. of Miami v. Frank,* 920 So.2d 81, 87 (2006) ["in the interpretation of contracts, the specific controls the general"]; Cal. Code Civ. Proc. §1859; *London & San Francisco Bank, Ltd. v. Parrott,* 125 Cal. 472, 481 (1899).)

The Lease plainly provides for non-exclusive jurisdiction in Florida. (Lease, p. 80, ¶27.2.) The choice of forum provision does not refer to California, and another provision refers to jurisdiction of the "Lessee" in any jurisdiction where the aircraft is flown or located. (Lease, p. 81, ¶27.3.)

Because Plaintiff alleges no basis for general jurisdiction over these Defendants, the next step is to analyze whether Plaintiff alleges any basis for specific jurisdiction over them. The Ninth Circuit has articulated a three factor approach to evaluate an out-of-state defendant's contacts with the forum for the purposes of establishing "specific" jurisdiction:

> (1) the nonresident defendant must perform some act by which he purposefully avails himself of the benefits and protections of the forum's laws; (2) the plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

*Raffaele v. Compagnie Generale Maritime, S.A.,* 707 F.2d 395, 397 (9th Cir. 1983). Once jurisdiction has been challenged, it is Plaintiff's burden to establish jurisdiction by proving all three of these factors. *Doe v. Unocal Corp.,* F.3d 915, 922 (9th Cir. 2001). Plaintiff has not alleged, and will be unable to

prove, that these Defendants purposefully availed themselves of the benefits and protections of California law.

The complaint is devoid of allegations that Sinnarajah or H&S purposefully availed themselves of the benefits and protections of California law. (Although the Complaint "threatens" to name a director of H&S, T. Balen, and Sinnarajah's wife as additional defendants (Complaint p. 2, ¶9), plaintiff likewise provides no basis for asserting jurisdiction in California over these individuals.) There are simply no allegations that any of these individuals or anyone from H&S ever set foot in California for any reason related to plaintiff or otherwise. There is no allegation that they ever sought the benefits or protections of California law.

The only alleged reference to California is an allegation that the Lease refers to California. (Complaint ¶5.) The Complaint does not attach the Lease, nor give a specific page reference for the alleged reference. The lease, submitted with defendant's declaration in support of this motion, plainly reveals that H&S is a Florida Corporation and includes provisions for both choice of law and choice of forum (on a non-exclusive basis) for Florida. (Lease, p. 80, ¶¶27.11, 27.2.)

Plaintiff's unsupported reference to the Lease, and plaintiff's failure to bring to this Court's attention either the express language in the Lease describing H&S as a Florida corporation or the other provisions, are disturbing omissions. Combined with the total lack of any jurisdictional allegations and plaintiff's refusal to grant a 24 hour extension, the utter lack of merit of California jurisdiction comes into sharp focus. The Lease does refer, after listing the Federal Courts of Florida, to the "Municipal Court of Los Angeles, Florida" (Lease, ¶27.2), an error insufficient to confer jurisdiction even under a strict construction of the instrument.

Filing a complaint in a distant forum, delivering the complaint to a household servant the week after Christmas, and refusing basic courtesies of the legal profession all smack of bad faith tactics. (*See, e.g., Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 98, 118 (1972) [California Supreme Court held that a creditor who files debt collection actions in an improper venue, knowing that the venue is improper, for the purpose of impairing the debtor's ability to defend itself, is guilty of "a gross 'abuse of process'" and an unlawful business practice within the meaning of Business and Professional Code §17200]; *Yu v. Signet Bank,* 69 Cal.App.4th 1377, 1389 (1999) [describing the practice of commencing

actions in a distant forum as an abuse]; *Goedmakers v. Goedmakers,* 520 So.2d 575, 579 (1998) [noting abuse of filing in a distant forum].)

The declarations submitted by Defendants confirm the lack of any personal jurisdiction over them. Mr. Sinnarajah declared that he was last in California 8 or 9 years ago, other than stopping in an airport on his way to visit relatives in India or Singapore. (Sinnarajah Dec., ¶¶2-3.) H&S maintains no office or employees in California and does not do business in California. (Id., at ¶¶5-6) Defendant's Florida counsel advised plaintiff's counsel that California was not the proper forum. (Richard, Decl, Exh A.) Defendants' California counsel, retained one business day before this Filing, requested a 24 hour extension of plaintiff's counsel to evaluate the Complaint. (Richard Decl. ¶2.) Plaintiff's counsel declined this basic courtesy because, he said, Sinnarajah only responds "when there's a judgment against him." (Id.)

## IV. BECAUSE FLORIDA IS THE APPROPRIATE VENUE FOR THIS ACTION, IT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1406(a) AND FRCP 12(b)(3), OR TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a) OR § 1406(a).

Title 28 U.S.C. § 1406(a), provides: "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Title 28 U.S.C. § 1404(a), provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, Defendants do not dispute that Plaintiff's complaint "could have been brought" in the Central District of Florida (the Court identified in the Lease and which has jurisdiction over all Defendants to this action) The remaining question is whether the action should be dismissed as filed in the wrong venue, or transferred in the interests of justice or "for the convenience of parties and witnesses."

A motion to transfer venue under § 1404(a) requires the Court to weigh multiple factors to determine whether transfer is appropriate. The Court may consider: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses and parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; (5) the relative court congestion and the time of trial in each forum. *See Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508-509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Jones v. FNC Franchising, Inc.,* 211 F.3d 495, 498-499 (9th Cir. 2000). Other important factors include whether there

is another action pending that will resolve this lawsuit, and whether the transferee court has personal jurisdiction over all of the parties. All of these factors militate in favor of transferring the action to the District of Florida.

### A.  Transfer to Florida Is Warranted Because Virtually All Party and Non-Party Witnesses Are Located There As Well As The Documentary Evidence.

Courts give great weight to the convenience of witnesses and evidence when deciding whether to transfer an action under Section 1404(a) or 1406(a). In ruling that the district court properly dismissed the suit because of the improper forum, the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 67 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):

> Important considerations are the relative access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that would make trial of the case easy, expeditious and inexpensive.

*Id.* at 508. It would be extremely difficult and impractical to adjudicate this case in this District, given that nearly all the evidence and material party and non-party witnesses are located elsewhere, most of whom live 3000 or more miles away.

Not even Plaintiff is located in California and it cannot identify any witness in California. By contrast, nearly every single party and non-party witness is located in Florida:

- <u>Defendant Mano Sinnarajah</u> (a Florida resident who worked for the Company in Florida) negotiated the Lease with Plaintiff's representatives;
- <u>Potential Defendant Mrs. Sinnarajah</u> (a Florida resident whom Plaintiff "expects" to name as a defendant, Complaint ¶9); and
- <u>Third Party Witness, David Haber,</u> (a Florida resident) is the attorney at whose offices the parties met in Miami, Florida to sign their agreement and is identified in the Lease as an agent to receive copies of any notices under the Lease.

Every single witness is located outside of California, including third party witnesses who cannot be compelled to travel thousands of miles from Florida or elsewhere to attend trial in this district. Plaintiff will not be unduly burdened because it and its representatives purport to own and operate a Turkish Airline and have already traveled to Florida for all of the business dealings giving rise to this dispute.

The location of related documents in Florida also militates in favor or transfer to that forum. *In Re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (location of books and records weighed in favor of transfer):

- The Company's business records are located in Florida.
- Any documents maintained by all individual Defendants and those plaintiff "expects" to add, who live in Florida, are in Florida.
- Any documents with the attorney, David Haber, are located in Florida.

All of these factors warrant the transfer of the action to the District of Florida..

### B. Transfer of This Action Will Permit Resolution Of All Related Claims Between the Parties.

Transfer of an action is particularly warranted where it will allow a non-party to be brought into the case in order to achieve a resolution. *Posven, C.A., v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 406 (S.D.N.Y. 2004) ("the ability to implead a third party in a proposed transferee forum and thereby resolve related claims in a single action weighs heavily in favor of transfers."). Here, Plaintiff has sued parties and identified additional parties it expects to sue over whom this Court has no jurisdiction. However, no allegations are offered as to their contacts with California and, in the case of Mrs. Sinnarajah, she is also a resident of Florida. (Sinnarajah Decl., ¶7.) Transferring the action to Florida would thus enable Plaintiff to adjudicate his claims against all of the parties he has named or expects to name as Defendants in this action.

### C. The District of Massachusetts Is Better Suited to Resolve This Case Because Its Docket Is Less Congested than the Northern District of California.

As recognized by the Supreme Court in *Gulf Oil*, one factor in considering whether to transfer an action is the relative congestion of the dockets of this District, as compared with the potential transferee district, the District of Florida. While the Defendants are not directly privy to this information, the Honorable Jeffrey S. White noted in a September 2005 ruling on a similar motion to transfer under § 1404(a), "Another factor courts consider is the relative docket congestion in each forum. According to available statistics, the Northern District's docket has a heavier case load than the District of Massachusetts. . . . Thus, it appears that transfer will lead to faster adjudication of the action." *Flexible Funding, LLC v. Iron Mountain Information Management*, 2005 U.S.Dist. LEXIS 42103 (N.D.Cal. Sept.

30, 2005). Although not binding on this Court, this ruling suggests that if the respective case loads have remained comparable over the last 12 months, there is no question that the Northern District of California has a relatively congested docket that militates in favor of transferring this case to the District of Florida.

## V. CONCLUSION

This Court should dismiss the Complaint as to Defendants over whom this Court has no personal jurisdiction. Alternatively, for the convenience of the parties and witnesses, and in the interests of justice, this action should be dismissed or transferred to the District of Florida.

Dated: January 28, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: /s/ Patrick J. Richard
Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.