NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
50 California Street, Thirty-Fourth Floor
San Francisco, California 94111-4707
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No:   CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>THE HONORABLE ELIZABETH D. LAPORTE<br><br>**DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE**<br><br>[FRCP 12(b)(2) and 12(b)(3); 28 U.S.C. §1404(a) and §1406(a)]<br><br>Action Filed:<br><br>Date:  March 11, 2008<br>Time:  9:00 a.m.<br>Ctrm:  E |

I, Patrick J. Richard, declare as follows:

1. I am an attorney at law admitted to practice before the bar of this court, and am a partner with Nossaman, Guthner, Knox & Elliott, attorneys of record for Defendants herein. I make this Declaration based on my own personal knowledge and could competently testify to the matters if called upon to do so.

2. On the afternoon of Friday, January 25, 2008, I was asked by one of my partners to obtain an extension of time on a complaint that we had received in our office at approximately 1:00 p.m. I called plaintiff's counsel, Stephen Joseph. He returned my call a short time later and I explained that I had just received a copy of the complaint, that I understood that a response was due on Monday, January 28, 2008, and asked him for an extension of time. He declined. I asked him whether he would agree to a 24 hour extension of time, and he told me that I could apply to the Court but that he had determined that the defendant, Mr. Sinnarajah, only responded to creditors "when a judgment had been entered against him." I took this comment to mean that Mr. Joseph was seeking entry of a default judgment against defendants. Indeed, Mr. Joseph could not provide any satisfactory answer whatsoever to my question as to what possible difference there could be in terms of the relationship between the parties between 5:00 p.m., on Monday, January 28, 2008 and 5:00 p.m., on Tuesday, January 29, 2008.

3. Mr. Joseph called me back closer to 5:00 p.m., on Friday afternoon and left a telephonic message telling me that he had received a call from another lawyer also purporting to represent defendants. The excuse that Mr. Joseph could not grant a very basic courtesy of a 24 hour extension of time because he was unsure who represented defendants, to the extent that will be his rationale, ignores the fact that Mr. Joseph declined the same request from defendants' Florida counsel, David Haber. A true and correct copy of Mr. Haber's letter to Mr. Joseph of January 24th, a letter that Mr. Joseph mentioned to me in our telephone conversation of January 25th, is attached hereto as **Exhibit "A."**

///

///

///

222537_1.DOC                1

DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE

4. Attached hereto as **Exhibit "B"** is a true and correct copy of my letter to Mr. Joseph also confirming our conversation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated this 28th day of January, 2008, in San Francisco, California.

By: _____
PATRICK J. RICHARD

<u>**Altin Havayolu Tasimaciligi Turizm Ve Tic, A.S. v. Sivakumar Sinnarajah,** *et al.*</u>
**U.S. District Court Case No. 07-6475**

# EXHIBIT "A"

LAW OFFICES

# DAVID B. HABER, P.A.

SUNTRUST INTERNATIONAL CENTER • SUITE 1820
ONE SOUTHEAST THIRD AVENUE
MIAMI, FLORIDA 33131

TELEPHONE (305) 379-2400
FAX (305) 375-1165
EMAIL Jhaber@chase-law.com

January 24, 2008

**Via E-Mail**

Stephen L. Joseph, Esq.
P.O. Box 221
Tiburon, CA 94920

Re: **Altin Havayolu Tasimaciligi Turizm Ve Tic. A.S. v. Sivakumar Sinnarajah, et. al., Case No.: 07-6475 EDL (United States District Court, Northern District of California)**

Dear Mr. Joseph:

Pursuant to our telephone conversation of Thursday, January 24, 2008 at approximately 3:05 p.m. (EST), I advised you that H&S Group of Companies, Inc. ("H&S"), delivered to me a Complaint filed against Mr. Sinnarajah and H&S in the U.S. District Court, Northern District of California. According to Mrs. Sinnarajah, she (or someone else) was served on behalf of H&S on January 7, 2008. It is my understanding that Mr. Sinnarajah is in India and was not served. Please confirm this for Mrs. Sinnarajah and/or Mrs. Sinnarajah, by sending them a direct e-mail regarding whether you have obtained service of process on Mr. Sinnarajah. Their e-mail address is hsgroup@aol.com.

I am not a California licensed attorney. I will not be representing any of the Defendants in this matter in the California action. However, H&S has asked me informally to request from you a twenty (20) day extension of time within which to obtain properly and duly licensed California counsel to file a responsive pleading to your Complaint. It is my understanding that the Defendants will presumably move to dismiss for lack of subject matter jurisdiction and personal jurisdiction.

I have reviewed both the Complaint and the Lease, which you failed to attach to the Complaint, in violation of the Federal Rules of Civil Procedure. The Lease was executed in Florida and Mr. Dale notarized the signatures. Mr. Dale is a Florida lawyer. Furthermore, H&S is a Florida company. Article 27.1 is clear that the Lease was delivered in Florida, and that the operative documents are governed by the laws of the State of Florida. Article 27.2 references as its heading "Non Exclusive Jurisdiction in Florida", and it appears that the parties and Mr. Dale intended to have non-exclusive jurisdiction in federal and/or state court in Florida. However, the clerical drafting error by Mr. Dale is reflected by the phrase the "parties hereby irrevocably submit to the non-exclusive jurisdiction of the Federal Court for the Central District of Florida and the State of Florida Superior Court or Municipal Court in Los Angeles, Florida". This is obviously a simple mistake. I will allow the Defendants' California counsel to address this matter as part of a Motion to Dismiss for lack of jurisdiction, venue, etc. However, I would

Stephen L. Joseph, Esq.
January 24, 2008
Page 2

suggest that you may want to re-file your lawsuit in the Southern District of Florida so as to avoid the Defendants seeking sanctions against you and/or your client for the filing of the lawsuit in California since the Northern District of California is an improper venue and the Defendants do not have sufficient "minimum contacts" with California. However, this decision is yours to make.

Once again, Mr. Sinnarajah and H&S are merely asking the following:

1. Did you obtain personal service on Mr. Sinnarajah; and

2. Will you give H&S (and presuming Mr. Sinnarajah was served him as well) an extension of twenty (20) days for them to find California counsel to represent them in this cause.

Please respond directly to H&S at the e-mail address referenced above and you may provide Mr. Dale and myself with a courtesy copy of your response. Mr. Dale's e-mail address is as follows: jdalelaw@bellsouth.net.

Please do not hesitate to contact the Defendants directly to discuss the extension of time.

Very truly yours,

DAVID B. HABER, P.A.

DAVID B. HABER

DBH:lsb

cc: H&S Group of Companies, Inc.
Mr. Sivakumar Sinnarajah
Jeffrey Dale, Esq.

Documents-all\3551-Sivakumar\Altin Havayolu\Correspondence\S. Joseph - 1-24-08 Ltr..doc

DAVID B. HABER, P.A.

<u>Altin Havayolu Tasimaciligi Turizm Ve Tic, A.S. v. Sivakumar Sinnarajah,</u> *et al.*
<u>U.S. District Court Case No. 07-6475</u>

# EXHIBIT "B"

LAW OFFICES
## NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

50 CALIFORNIA STREET, THIRTY-FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
(415) 398-3600 TEL   (415) 398-2438 FAX
www.nossaman.com

PATRICK J. RICHARD
(415) 438-7224 DIRECT
prichard@nossaman.com

REFER TO FILE #
111111-2222

January 28, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Stephen L. Joseph Esq.
3701 Sacramento Street, #500
San Francisco, CA 94118

    Re:    **Altin Havayolu Tasimaciligi Turizm Ve Tic, A.S.
v. Sivakumar Sinnarajah,** *et al.*
**United State District Court Case No. 07-6475**

Dear Mr. Joseph:

    Last Friday afternoon, January 25, 2008, you and I had a telephone conversation. I told you that I had just received papers that you had apparently had served on defendants, shortly after Christmas. When I told you that Mr. Sinnarajah was out of the country, you immediately responded "read Rule 4" telling me that there had been substituted service. You also told me that you had received telephone calls from other lawyers purporting to represent defendants, also asking for a short extension of time. Some confusion in this matter is completely understandable, given that Mr. Sinnarajah was only recently provided with copies of the complaint and related papers, lives in Florida, and does not have counsel in California. His Florida counsel contacted more than one lawyer in California seeking counsel. Whether other attorneys in California had contacted you asking for an extension, however, is completely irrelevant to the fact that you refused this basic courtesy when I called, and apparently when Mr. Sinnarajah's lawyer in Florida, Mr. David Haber, spoke with you, as confirmed in his letter to you, a copy of which I attach hereto as Exhibit "A."

    In any event, you refused to grant me even a 24 hour extension, telling me, *inter alia*, that I could apply to the Court. Although you told me that Mr. Sinnarajah could not afford me, I would be tempted to take this case for free to prevent the gross miscarriage of justice your sharp practices would otherwise cause. And, now that I have had an opportunity to review both your complaint and the Lease, which you did not attach to the complaint, I find your allegations attempting to boot strap personal jurisdiction in California to be, sadly, consistent with your refusal to grant me a 24 hour extension.

222541_1.doc

LOS ANGELES   SAN FRANCISCO   ORANGE COUNTY   SACRAMENTO   WASHINGTON, D.C.  VIRGINIA   AUSTIN   SEATTLE

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

Mr. Stephen L. Joseph, Esq.
January 28, 2008
Page 2

In the event that you do not dismiss the complaint prior to the hearing of this matter, we, of course, reserve the right to seek Rule 11 sanctions and attach a copy of this correspondence in any such application.

As I said to you in our telephone call on Friday, one of the values we bring to the profession is some distance from our clients such that, regardless of the dispute between them, some modicum of professional courtesy between attorneys is essential. You, on the contrary, seek some tactical advantage through bad behavior. Shame on you.

Sincerely yours,

Patrick J. Richard
of NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

PJR:ctc
Enc. (Mr. Dale's correspondence - Exh. A)

222541_1.doc

LOS ANGELES   SAN FRANCISCO   ORANGE COUNTY   SACRAMENTO   WASHINGTON D.C./VIRGINIA   AUSTIN   SEATTLE

LAW OFFICES

# DAVID B. HABER, P.A.

SUNTRUST INTERNATIONAL CENTER • SUITE 1820
ONE SOUTHEAST THIRD AVENUE
MIAMI, FLORIDA 33131

TELEPHONE (305) ...
FAX (305) ...
EMAIL ...

January 24, 2008

**Via E-Mail**

Stephen L. Joseph, Esq.
P.O. Box 221
Tiburon, CA 94920

Re: **Altin Havayolu Tasimaciligi Turizm Ve Tic. A.S. v. Sivakumar Sinnarajah, et. al., Case No.: 07-6475 EDL (United States District Court, Northern District of California)**

Dear Mr. Joseph:

Pursuant to our telephone conversation of Thursday, January 24, 2008 at approximately 3:05 p.m. (EST), I advised you that H&S Group of Companies, Inc. ("H&S"), delivered to me a Complaint filed against Mr. Sinnarajah and H&S in the U.S. District Court, Northern District of California. According to Mrs. Sinnarajah, she (or someone else) was served on behalf of H&S on January 7, 2008. It is my understanding that Mr. Sinnarajah is in India and was not served. Please confirm this for Mrs. Sinnarajah and/or Mrs. Sinnarajah, by sending them a direct e-mail regarding whether you have obtained service of process on Mr. Sinnarajah. Their e-mail address is hsgroup@aol.com.

I am not a California licensed attorney. I will not be representing any of the Defendants in this matter in the California action. However, H&S has asked me informally to request from you a twenty (20) day extension of time within which to obtain properly and duly licensed California counsel to file a responsive pleading to your Complaint. It is my understanding that the Defendants will presumably move to dismiss for lack of subject matter jurisdiction and personal jurisdiction.

I have reviewed both the Complaint and the Lease, which you failed to attach to the Complaint, in violation of the Federal Rules of Civil Procedure. The Lease was executed in Florida and Mr. Dale notarized the signatures. Mr. Dale is a Florida lawyer. Furthermore, H&S is a Florida company. Article 27.1 is clear that the Lease was delivered in Florida, and that the operative documents are governed by the laws of the State of Florida. Article 27.2 references as its heading "Non Exclusive Jurisdiction in Florida", and it appears that the parties and Mr. Dale intended to have non-exclusive jurisdiction in federal and/or state court in Florida. However, the clerical drafting error by Mr. Dale is reflected by the phrase the "parties hereby irrevocably submit to the non-exclusive jurisdiction of the Federal Court for the Central District of Florida and the State of Florida Superior Court or Municipal Court in Los Angeles, Florida". This is obviously a simple mistake. I will allow the Defendants' California counsel to address this matter as part of a Motion to Dismiss for lack of jurisdiction, venue, etc. However, I would

Stephen L. Joseph, Esq.
January 24, 2008
Page 2

suggest that you may want to re-file your lawsuit in the Southern District of Florida so as to avoid the Defendants seeking sanctions against you and/or your client for the filing of the lawsuit in California since the Northern District of California is an improper venue and the Defendants do not have sufficient "minimum contacts" with California. However, this decision is yours to make.

Once again, Mr. Sinnarajah and H&S are merely asking the following:

1. Did you obtain personal service on Mr. Sinnarajah; and

2. Will you give H&S (and presuming Mr. Sinnarajah was served him as well) an extension of twenty (20) days for them to find California counsel to represent them in this cause.

Please respond directly to H&S at the e-mail address referenced above and you may provide Mr. Dale and myself with a courtesy copy of your response. Mr. Dale's e-mail address is as follows: jdaleclaw@bellsouth.net.

Please do not hesitate to contact the Defendants directly to discuss the extension of time.

Very truly yours,

DAVID B. HABER, P.A.

DAVID B. HABER

DBH:lsb

cc: H&S Group of Companies, Inc.
Mr. Sivakumar Sinnarajah
Jeffrey Dale, Esq.

D:\...ents-all\3551-Sivakumar\Altin Havayolu\Correspondence\S. Joseph - 1-24-08 Ltr..doc

DAVID B. HABER, P.A.