1  STEPHEN L. JOSEPH (SBN 189234)
   P.O. Box 221
2  Tiburon, CA 94920-0221
3  Telephone:  415-577-6660
   Facsimile:  415-869-5380
4  E-mail: sljoseph@earthlink.net

5  Attorney for Plaintiff ALTIN HAVAYOLU
6  TASIMACILIGI TURIZM VE TIC. A.S.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11  ALTIN HAVAYOLU TASIMACILIGI          )  Case No. CV 07-6475 EDL
12  TURIZM VE TIC. A.S., a corporation   )
    organized under the laws of Turkey,  doing )  ASSIGNED TO THE HONORABLE
13  business as GOLDEN INTERNATIONAL     )  ELIZABETH D. LAPORTE
    AIRLINES,                            )
14                                       )
                                         )  **PLAINTIFF'S OPPOSITION TO MOTION**
15               Plaintiff,              )  **TO DISMISS, OR IN THE**
                                         )  **ALTERNATIVE, TO CHANGE VENUE;**
16  vs.                                  )  **DECLARATIONS OF STEPHEN L.**
                                         )  **JOSEPH AND NURULLAH BILGEN**
17  SIVAKUMAR SINNARAJAH, an individual, )
18  also known as MANO SINNARAJAH; H&S   )  Date: March 11, 2008
    GROUP OF COMPANIES, INC., a Florida  )  Time: 9:00 a.m.
19  corporation; and DOES 1 to 10 inclusive, )  Courtroom: E
                                         )
20               Defendants.             )
21  _____)

22

23

24

25

26

27

28

───────────────────────────────────────────────
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

# I. <u>INTRODUCTION</u>

Plaintiff ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC. A.S., by and through counsel, hereby opposes Defendants' Motion To Dismiss, Or In The Alternative, To Change Venue. The grounds for this Opposition are as follows:

1. Defendants have *submitted* to the jurisdiction of this court.

2. Dismissal with prejudice is not appropriate as there has been no adjudication on the merits.

3. If the court believes that the case should be heard in Florida, then Plaintiff requests that it be transferred to the U.S. District Court for the Southern District of Florida.

# II. <u>FACTUAL BACKGROUND</u>

## A. <u>Service of Process</u>

On December 27, 2007, *one full month* before the deadline to respond to the Complaint, Plaintiff's counsel e-mailed a court stamped copy of the Summons and Complaint to Defendants. Plaintiff's counsel sent the e-mail to two e-mail addresses for Defendants and two e-mail addresses for Defendants' attorney, Jerry M. Dale, Esq. In the e-mail, Plaintiff's counsel stated: "On behalf of Golden International Airlines, I filed a lawsuit against you and H&S today. A copy of the court-stamped Summons and Complaint is attached." *See* Joseph Dec. ¶¶5-7.

Defendants' counsel claims that Defendant Sinnarajah's "household servant" was served with the Complaint. Opposition at 5, line 22. That "household servant" is Defendant Sinnarajah's wife, Harija Sinnarajah. *See* Sinnarajah Dec. ¶7; filed proofs of service. Ms. Sinnarajah was served on January 7, 2008.

Defendants' counsel claims that Mr. Sinnarajah did not learn of the Complaint until the week of January 21, 2008. Opposition at 2. That is simply not credible.

## B. <u>The Battle Over Representation</u>

On January 24 and 25, 2008. Plaintiff's counsel was contacted by following *three* Bay Area attorneys (plus a fourth in Florida), all claiming to represent Defendants.

1. James Braden, Esq.

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1          2.   Michael Tonsing, Esq.

2          3.   Patrick Richard, Esq. of Nossaman, Guthner, Knox & Elliott

3    *See* Joseph Dec. ¶8.

4          On Friday January 25, 2008, Mr. Tonsing claimed that he was Defendants' sole

5    California attorney and that Plaintiff's counsel should not talk to Mr. Richard about the case.

6    Mr. Richard claimed that he was Defendants' true representative and that Mr. Tonsing was not.

7    Mr. Tonsing asked for a 20-day extension. Mr. Richard asked for a 24-hour extension.

8    Plaintiff's counsel told both Mr. Tonsing and Mr. Richard that he would not enter into

9    agreements with either of them until he knew which of them was Defendants' authorized

10   representative. Meanwhile, Mr. Braden, who had also asked for a 20-day extension, had not

11   informed Plaintiff's counsel that he was not representing Defendants. *See* Joseph Dec. ¶¶9-11.

12         On January 28, 2008, Plaintiff's counsel sent an e-mail to Mr. Richard as follows: "Are

13   you representing H&S and Sinnarajah? I still have no idea who is representing them, if

14   anyone." Plaintiff's counsel asked Mr. Tonsing the same question. On Tuesday January 29,

15   2008, *after* Mr. Richard had filed the motion, Mr. Tonsing confirmed that he would not be

16   representing Defendants. *See* Joseph Dec. ¶¶12-13.

17         Nothing stated above is intended to suggest that Plaintiff's counsel would have granted

18   an extension even if the multiple attorney situation would have been resolved before the motion

19   was filed. As the Complaint makes abundantly clear, Defendant Sinnarajah is an international

20   con man. Through his shell company, H&S, he leased a Boeing 757 aircraft to Plaintiff that he

21   and his company didn't even own. He took a $280,000 deposit from Plaintiff and had the

22   money sent to Sri Lanka. He refuses to refund the deposit or even discuss the refund of the

23   deposit, despite clear contractual language that he must do so. Plaintiff wants a judgment

24   against him as soon as possible. A default judgment would have been perfectly acceptable to

25   Plaintiff.

26         C.   **Jurisdictional Allegations In Complaint**

27         The jurisdictional allegation regarding California in the Complaints are in paragraphs 2

28   and 3. They read as follows:

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

2.  H&S is organized under the laws of the State of Florida.

3.  This case concerns an "Aircraft Lease Agreement" between Plaintiff and H&S dated October 17, 2007 (hereinafter the "Lease"). In the Lease, H&S represented and warranted that it is "a corporation duly incorporated, validly existing and in good standing under the Laws of the State of California." By filing this action in this Court, Plaintiff is enforcing the warranty in the Lease that H&S is a California corporation. The Lease further provides that California law and Florida law are applicable to the transaction and that litigation may be filed in any "appropriate jurisdiction." The Lease contemplates a "judgment given by United States or California courts." Based on the foregoing, H&S submitted to the personal jurisdiction of the California courts and this Court is a proper venue for this action under 28 U.S.C. §1391.

The Aircraft Lease Agreement ("hereinafter the "Lease") was drafted by *Defendants'* counsel, Jerry Dale, Esq. *See* Joseph Dec. ¶¶14-15; Bilgen Dec ¶3-4.

California is mentioned several times in the Aircraft Lease Agreement, a copy of which has been filed by Defendants' counsel.

**1. Table of Contents at page 7:**

| | |
|---|---|
| ARTICLE 27 | GOVERNING LAW AND JURISDICTION |
| 27.1 | **California Law** |
| 27.2 | Non-Exclusive **Jurisdiction** in **California** |

**2. At page 30:**

LESSEE HEREBY AGREES THAT ITS ACCEPTANCE OF THE AIRCRAFT AT DELIVERY AND ITS EXECUTION AND DELIVERY OF THE ESTOPPEL AND ACCEPTANCE

CERTIFICATE CONSTITUTE LESSEE'S WAIVER OF THE WARRANTY OF DESCRIPTION, ANY CLAIMS LESSEE MAY HAVE AGAINST LESSOR BASED UPON THE FAILURE OF THE AIRCRAFT TO CONFORM WITH SUCH DESCRIPTION AND ANY AND ALL RIGHTS IT MAY HAVE TO THE

4

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

REMEDIES SET FORTH II'~ SECTIONS 10508 THROUGH 10522 OF THE **CALIFORNIA COMMERCIAL CODE**.

**3. At page 47:**

16.2    Exceptions to Indemnity. The indemnity provided for in Article 16.1 does not extend to any of the following Taxes:

(a) Taxes imposed by the U.S. or the **State of California** on the net income, gross receipts, capital or net worth of LESSOR;

**4. At page 62.**

Representations and Warranties. LESSOR **represents and warrants**[1] the following to LESSEE as of the date of execution of the Lease and as of the Delivery Date and ALL OTHER WARRANTIES, EXPRESS OR IMPLIED HAVE BEEN WAIVED

IN ACCORDANCE WITH ARTICLE 8:

21.1.1.    Corporate Status. LESSOR is a corporation duly incorporated, validly existing and in good standing under the Laws of the **State of California**. It has the corporate power and authority to carry on its business as presently conducted and to perform its obligations hereunder.

**5. At page 113.**

18. The choice of **California** Law to govern the Lease Documents will be upheld in any action in the courts of Turkey. Any **judgment** given by United States or **California courts** would be recognized and accepted by the courts in Turkey.

Mr. Sinnarajah does not explain in his declaration why California is mentioned in the Lease. He does not say that he signed under duress.

The Lease was signed on Plaintiff's behalf by its Vice President, Nurullah Bilgen. Before he signed the Lease, Mr. Bilgen drew Mr. Dale's (Defendants' counsel) and Defendant Sinnarajah's attention to the fact that the Lease contained multiple references to California. In response, Mr. Dale and Mr. Sinnarajah told him that the draft Lease was as it was supposed to be and that it was alright. They did not indicate to him that the Lease contained any errors or

---

[1] Emphasis added.

1  that any wording should be stricken and replaced. See *Bilgen* Dec. ¶¶6-8.

2      The Lease states as follows regarding jurisdiction:

> 27.2   <u>Non-Exclusive Jurisdiction in Florida.</u> As permitted by
> Section 410.40 of the Florida Code of Civil Procedure, the parties
> hereby irrevocably submit to the non-exclusive jurisdiction of the
> Federal District Court for the Central District of Florida and the
> State of Florida Superior or Municipal Court in Los Angeles,
> Florida. Nothing in this Lease will prevent either party from
> bringing suit in any other appropriate jurisdiction.

8  If Florida had exclusive jurisdiction, then Plaintiff would not have filed in this court.

9      The jurisdiction clause reveals two problems regarding venue in Florida. It refers to the
10 "Central District" of Florida. Defendant Sinnarajah resides in Miami and claims that the events
11 took place in Miami, which is in the Southern District of Florida. Also the clause refers to Los
12 Angeles which is in California, not Florida. The clause is anything but clear.

### III. <u>ARGUMENT</u>

#### A.  <u>Defendants Have Submitted To The Jurisdiction Of This Court</u>

15     This case could have been filed in Florida. Plaintiff does do not dispute that point. But it
16 may also be filed in California. Plaintiff does not pretend, as Defendants do, that the California
17 clauses do not exist. They do exist and must be given full effect.

18     By expressly *"<u>representing</u>"* and *"<u>warranting</u>"* that Defendant H&S is a *California*
19 corporation as stated on page 62 of the Lease, and making references to California jurisdiction,
20 California commercial law, California taxes, and a California judgment, Defendants have
21 *consented and submitted* to the personal jurisdiction of this Court. Plaintiff is enforcing the
22 express warranty that Defendant H&S is a California corporation.

23     If Defendants' representation forming the basis for the warranty is not true, then that is
24 Defendants' fault, not Plaintiff's. Defendants' counsel drafted the Lease, not Plaintiff.

#### B.  <u>Dismissal With Prejudice Is Not Appropriate As There Has Been No Adjudication On The Merits</u>

27     Defendants have not requested dismissal with prejudice. Obviously, dismissal with
28 prejudice would not be warranted as there has been no adjudication on the merits.

**C.** **If The Court Believes That The Case Should Be Heard In Florida, Then Plaintiff Requests That It Be Transferred To The U.S. District Court For The Southern District Of Florida**

If the court decides to transfer the case, then there is an issue of which would be the proper district in Florida. The Lease refers to the Central District, but Miami is in the Southern District. Plaintiff suggests that the Southern District would be the appropriate venue, if the court decides to transfer the case. Plaintiff's counsel await Defendants' counsel's comment on this point.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that Defendants' Motion be denied.

Dated:  February 18, 2008          STEPHEN L. JOSEPH



_____
Attorney for Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## <u>DECLARATION OF STEPHEN L. JOSEPH</u>

I, Stephen Joseph, declare as follows:

1. I know all of the facts herein of my own personal knowledge, and if called upon as a witness to this proceeding, I would and could competently testify thereto under oath.

2. I am an attorney admitted to practice in the State of California and in the U.S. District Court for the Northern District of California.

3. I represent the Plaintiff in the above-captioned case.

4. I make this declaration in opposition to Defendants' Motion To Dismiss, Or In The Alternative, To Change Venue.

5. On December 27, 2007, one month before the deadline to respond to the Complaint, I e-mailed a court stamped copy of the Summons and Complaint to Defendants. In the e-mail, I stated: "On behalf of Golden International Airlines [which is Plaintiff's trading name], I filed a lawsuit against you and H&S today. A copy of the court-stamped Summons and Complaint is attached."

6. I sent the above-mentioned e-mail to four e-mail addresses, two for Defendants and two for Defendants' attorney, Jerry M. Dale, Esq. The e-mail addresses were as follows:
   - mano.sinnarajah@gmail.com
   - hsgroup@aol.com
   - jdalelaw@aol.com
   - jdalelaw@bellsouth.net

7. I did not receive any e-mails or messages indicating that any of the e-mails were not received by any of the addressees.

8. On January 24 and 25, 2008, I was contacted by following *three* Bay Area attorneys (plus a fourth in Florida), all claiming to represent Defendants:
   - James Braden, Esq.
   - Michael Tonsing, Esq.
   - Patrick Richard, Esq. of Nossaman, Guthner, Knox & Elliott

9. On Friday January 25, 2008, Mr. Tonsing claimed that he was Defendants' sole

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

California attorney and that I should not talk to Mr. Richard about the case. Mr. Richard claimed that he was Defendants' true representative and that Mr. Tonsing was not. Mr. Tonsing asked for a 20-day extension. Mr. Richard asked for a 24-hour extension.

10. I told both Mr. Tonsing and Mr. Richard I would not enter into agreements with either of them until I knew which of them was Defendants' authorized representative.

11. Meanwhile, Mr. Braden, who had also asked for a 20-day extension, had not informed me that he was not representing Defendants.

12. On January 28, 2008, I sent an e-mail to Mr. Richard as follows: "Are you representing H&S and Sinnarajah? I still have no idea who is representing them, if anyone." I counsel asked Mr. Tonsing the same question on the same day.

13. On Tuesday January 29, 2008, *after* Mr. Richard had already filed the motion, Mr. Tonsing confirmed that he would not be representing Defendants.

14. I have a copy of the draft Aircraft Lease Agreement ("hereinafter the "Lease") that was provided to me by Plaintiff. In the "Document Properties" the author is shown as "Jerry M. Dale, Esq."

15. I am unable to print out the Document Properties as they are not printable. They are only viewable electronically. However, I will provide a copy of the entire document, including the Document Properties, to the court by e-mail if the court requests, with a copy to Defendants' counsel.

16. I have spoken to Jerry M. Dale, Esq. on several occasions. He advised me that he was Defendants' attorney in the negotiations with Plaintiff.

I declare under penalty of perjury under the laws of the State of California and the United States of America that I have read the foregoing, that the foregoing is true and correct, and that I would be competent to so testify. Executed on February 18, 2008 at Tiburon, California.

STEPHEN L. JOSEPH

1

## DECLARATION OF NURULLAH BILGEN

2        I, Nurullah Bilgen, declare as follows:

3   1.  I know all of the facts herein of my own personal knowledge, and if called upon as a

4        witness to this proceeding, I would and could competently testify thereto under oath.

5   2.  I am a Vice President and an officer of the Plaintiff corporation in Case No. CV 07-6475

6        in the U.S. District Court for the Northern District of California.

7   3.  On October 17, 2007, I was provided a draft Aircraft Lease Agreement ("hereinafter the

8        "Lease") by Defendant H&S's counsel, Jerry M. Dale, Esq.

9   4.  On October 17, 2007, I had watched Mr. Dale preparing the lease while I was in his

10       office during negotiations regarding the Lease with Defendant Sinnarajah.

11  5.  On October 17, 2007, I signed the Lease on behalf of Plaintiff.

12  6.  Before I signed the Lease, I drew Mr. Dale's and Defendant Sinnarajah's attention to the

13       fact that the Lease contained multiple references to California.

14  7.  In response, Mr. Dale and Mr. Sinnarajah told me that the draft Lease was as it was

15       supposed to be and that it was alright. They did not indicate to me that the Lease

16       contained any errors or that any wording should be stricken and replaced.

17  8.  On October 17, 2007, I witnessed Mr. Sinnarajah signing the Lease on behalf of

18       Defendant H&S. He did not sign under duress. He appeared to be perfectly capable of

19       understanding his actions by signing the document.

20  9.  I am authorized by applicable corporate laws of Turkey to execute this Declaration.

21

22       I declare under penalty of perjury under the laws of the State of California and the

23  United States of America that I have read the foregoing, that the foregoing is true and correct,

24  and that I would be competent to so testify.

25       Executed on February ____, 2008 at Istanbul, Turkey.

26

27

28       _____
         NURULLAH BILGEN

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## DECLARATION OF NURULLAH BILGEN

1   I, Nurullah Bilgen, declare as follows:

2   1. I know all of the facts herein of my own personal knowledge, and if called upon as a

3   witness to this proceeding, I would and could competently testify thereto under oath.

4   2. I am a Vice President and an officer of the Plaintiff corporation in Case No. CV 07-6475

5   in the U.S. District Court for the Northern District of California.

6   3. On October 17, 2007, I was provided a draft Aircraft Lease Agreement ("hereinafter the

7   "Lease") by Defendant H&S's counsel, Jerry M. Dale, Esq.

8   4. On October 17, 2007, I had watched Mr. Dale preparing the lease while I was in his

9   office during negotiations regarding the Lease with Defendant Sinnarajah.

10  5. On October 17, 2007, I signed the Lease on behalf of Plaintiff.

11  6. Before I signed the Lease, I drew Mr. Dale's and Defendant Sinnarajah's attention to the

12  fact that the Lease contained multiple references to California.

13  7. In response, Mr. Dale and Mr. Sinnarajah told me that the draft Lease was as it was

14  supposed to be and that it was alright. They did not indicate to me that the Lease

15  contained any errors or that any wording should be stricken and replaced.

16  8. On October 17, 2007, I witnessed Mr. Sinnarajah signing the Lease on behalf of

17  Defendant H&S. He did not sign under duress. He appeared to be perfectly capable of

18  understanding his actions by signing the document.

19  9. I am authorized by applicable corporate laws of Turkey to execute this Declaration.

20

21  I declare under penalty of perjury under the laws of the State of California and the

22  United States of America that I have read the foregoing, that the foregoing is true and correct,

23  and that I would be competent to so testify.

24  Executed on February 12, 2008 at Istanbul, Turkey.

25

26

27

28                                          _____
                                            NURULLAH BILGEN

                                            10