1 NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
  PATRICK J. RICHARD (SBN 131046)
2 prichard@nossaman.com
  50 California Street, Thirty-Fourth Floor
3 San Francisco, California 94111-4707
  Telephone: (415) 398-3600
4 Facsimile: (415) 398-2438

5 Attorneys for Defendants
  SIVAKUMAR SINNARAJAH,
6 a/k/a MANO SINNARAJAH;
  H&S GROUP OF COMPANIES, INC.

7

8

9

10                    UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

| 13 | ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES, | Case No:    CV 07-6475 EDL |
|---|---|---|
| 14 | | ASSIGNED FOR ALL PURPOSES TO: THE HONORABLE ELIZABETH D. LAPORTE |
| 15 | | |
| 16 | Plaintiff, | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE** |
| 17 | vs. | |
| 18 | SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,, | [FRCP 12(b)(2) and 12(b)(3); 28 U.S.C. §1404(a) and §1406(a)] |
| 19 | | |
| 20 | | Action Filed: |
| 21 | Defendants. | Date:  March 11, 2008
Time:  9:00 a.m.
Ctrm:  E |
| 22 | | |

23

24

25

26

27

28

223404_1.DOC

## I. INTRODUCTION

Plaintiff's "Opposition" confirms that this motion to dismiss for lack of personal jurisdiction should be granted. Plaintiff submits no evidence whatsoever to suggest that Mano Sinnarajah, the individual defendant, has ever had any contacts with the forum state. Plaintiff has not submitted any evidence that H&S Group of Companies, Inc., a Florida Corporation, has had the required minimum contacts with the forum state. Plaintiff has not submitted any legal authority whatsoever on any point. Plaintiff has not cited any statute, has not cited any case, and makes no bonafide legal argument.

Plaintiff does not dispute that, even if the constitutional impediments had been overcome, venue is not proper in this District.

Instead of providing any evidence or any legal authority (the traditional and required manner of opposing a well-grounded motion), plaintiff refers to several references to California in the Lease. None of these provisions confer personal jurisdiction in California. Defendants therefore respectfully request that this Court dismiss the Complaint and order plaintiff and/or his attorneys to pay defendants' reasonable costs and attorney's fees. (28 U.S.C. §1927; F.R.C.P. 11.)

## II. LEGAL ARGUMENT

### A. Defendants Have Not Submitted To The Jurisdiction Of This Court

The plaintiff bears the burden of establishing jurisdiction. (*Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).) Even absent formal discovery or an evidentiary hearing, the plaintiff must still establish at least a *prima facie* case showing that personal jurisdiction exists to survive a motion to dismiss for lack of jurisdiction. (*Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); Ziegler, 64 F.3d at 473.) "Prima facie" showing means that the plaintiff has demonstrated facts that if true would support a finding of jurisdiction. (*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *Ballard v. Savage*, 65 F.2d 1495, 1498 (9th Cir. 1995).) Plaintiff here has failed to meet its burden.

Because there is no applicable federal statute governing personal jurisdiction in this case, the Court must apply the law of California, the state in which the Court sits. (*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).) California's long-arm statute permits a Court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the

Constitution. (Cal. Code Civ. P. § 410.10; *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996).) Due process requires that the nonresident defendant "have certain minimum contacts" with the forum state such that the maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" (*Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995) (*quoting, Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).) The defendant's "conduct and connection with the forum state" must be such that the defendant "should reasonably anticipate being haled into court there." (*World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).)

Plaintiff's first argument fails because defendants have not submitted to the jurisdiction of this Court. Plaintiff properly notes "this case could have been filed in Florida." (Plaintiff's Opposition 6:15.) Plaintiff, however, cites to Paragraph 27.2 of the Lease entitled "Nonexclusive Jurisdiction in Florida" to suggest that this District is also proper.

This clause of the Lease does not refer to California, and unquestionably does not reflect an agreement by and between the parties that they have consented to jurisdiction in California. Undeterred by this glaring omission, plaintiff argues: "If Florida had exclusive jurisdiction, then Plaintiff would not have filed in this Court." It would violate common sense and basic notions of contract interpretation to suggest that "Nonexclusive Jurisdiction in Florida" means that the parties have consented to jurisdiction in every other state of the Union. Plaintiff offers no legal authority whatsoever to support this most novel and unusual argument.

Plaintiff also seems to argue that defendants nevertheless agreed to personal jurisdiction in California because the Lease refers to the "Lessor" as a California Corporation. (Plaintiff's Opposition 6:18-20.) Again, plaintiff is wrong. First, the specific provisions of the Lease describe and define H&S Corporation as a Florida Corporation. This point, though set forth prominently in the moving papers, is not mentioned in plaintiff's opposition. Plaintiff's complaint avers that H&S is a Florida corporation. Plaintiff does not argue that H&S is a California corporation, and submits no evidence that H&S has ever been a California corporation.

When faced with seemingly contradictory provisions in a contract, statute, or other writing, the Court should, of course, give effect to the specific provisions over the more general. (Complaint, 1:18-

19; p. 2 ¶¶3-4; *Univ. of Miami v. Frank,* 920 So.2d 81, 87 (2006) ["in the interpretation of contracts, the specific controls the general"]; Cal. Code Civ. Proc. §1859; *London & San Francisco Bank, Ltd. v. Parrott,* 125 Cal. 472, 481 (1899).) Second, even if defendant were a California Corporation, which it is not, plaintiff offers no argument that this Court has personal jurisdiction over the individual defendant, Mr. Sinnarajah. Nothing.

Other than arguing that the Lease refers to the "Lessor" as a corporation organized under the laws of California (when plaintiff has already admitted that H&S is a Florida corporation), and pointing to other general references to California in the Lease, plaintiff offers no argument whatsoever that defendants have the requisite minimum contacts with the forum state.

### B.   Plaintiff Altogether Ignores That Venue Is Proper In Florida

This Court need not reach the issue of venue because plaintiff's Opposition demonstrates that this lawsuit should never have been filed in California because there is no personal jurisdiction over either the corporate defendant or the individual defendant. With respect to venue, however, defendants' moving papers provided ample evidence that the key conduct occurred in Florida, the critical witnesses are in Florida, and the pertinent documents are in Florida. (*See, e.g.,* Motion to Dismiss, p. 6-8.) The declaration of Mr. Bilgen, offered in opposition, does not dispute <u>any</u> of these points. On the contrary, Mr. Bilgen confirms that he was provided a copy of the Lease by H&S's counsel, Jerry M. Dale, a Florida practitioner. (Nurullah Bilgen Declaration ["Bilgen Decl."], ¶3.) Mr. Bilgen confirms that he was in Mr. Dale's office during negotiations regarding the Lease. (Bilgen Decl., ¶4.) And Mr. Bilgen does not identify any event, occurrence or performance that was to occur or did occur outside the State of Florida, let alone any contract, performance, evidence or witness remotely connected to California.

In short, plaintiff has not contested, that, even if this Court had personal jurisdiction, venue would be appropriate in Florida.

### III.   CONCLUSION

Personal jurisdiction remains a fundamental concept in American Jurisprudence. There are important constitution limitations, reflected in over 60 years of Supreme Court decisions, beginning with the decision familiar to every law student, *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). Plaintiff ignores these principles, these authorities, and the threshold requirement of minimum contacts.

1. Indeed, the words "minimum contacts" do not appear in plaintiff's opposition. Plaintiff's counsel has
2. forced defendants to incur the unnecessary expense of preparing, filing, and arguing this motion to
3. dismiss. The fact that plaintiff's counsel refused to grant an extension unless defendants waived
4. personal jurisdiction further demonstrates that this Court should consider an award of costs and
5. attorney's fees against plaintiff and/or his attorneys of record.

Dated: February 25, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: /s/ Patrick J. Richard
Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.