1  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
   PATRICK J. RICHARD (SBN 131046)
2  prichard@nossaman.com
   50 California Street, Thirty-Fourth Floor
3  San Francisco, California 94111-4707
   Telephone:  (415) 398-3600
4  Facsimile:  (415) 398-2438

5  Attorneys for Defendants
   SIVAKUMAR SINNARAJAH,
6  a/k/a MANO SINNARAJAH;
   H&S GROUP OF COMPANIES, INC.

7

8

9

10                    UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13  ALTIN HAVAYOLU TASIMACILIGI TURIZM      Case No:     CV 07-6475 EDL
    VE TIC, A.S., a corporation organized under the
14  laws of Turkey, doing business as GOLDEN        ASSIGNED FOR ALL PURPOSES TO:
    INTERNATIONAL AIRLINES,              THE HONORABLE  ELIZABETH D. LAPORTE
15
                                         **DEFENDANTS' NOTICE OF MOTION
16          Plaintiff,                   AND MOTION FOR SANCTIONS
                                         AGAINST PLAINTIFF AND PLAINTIFF'S
17       vs.                             COUNSEL**

18  SIVAKUMAR SINNARAJAH, an individual,   [FRCP 11]
    also known as MANO SINNARAJAH; H&S
19  GROUP OF COMPANIES, INC., a Florida     Action Filed:
    corporation; and DOES 1 to 10 inclusive,,
20                                         Date:    June 2, 2008
            Defendants.                    Time:    9:00 a.m.
21                                         Ctrm:    E

22                                         **Filed concurrently herewith:**
                                           1.   Declaration of Patrick J. Richard.
23

24

25

26

27

28

223467_1.DOC
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

TO:  PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on June 2, 2008, at 9:00 a.m., in Courtroom E of the above-entitled Court, located at 450 Golden Gate Ave. San Francisco, CA 94102, a hearing will be held on Defendants SIVAKUMAR SINNARAJAH, a/k/a MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC. (collectively "Defendants") Motion for Sanctions, pursuant to Federal Rules of Civil Procedure 11.  Said Motion will be and is hereby made on the grounds that plaintiff's complaint lacks the requisite allegations for jurisdiction and as such, defense counsel asked plaintiff's counsel to dismiss the complaint.  Plaintiff's counsel declined, instead filing an "opposition" brief to the motion to dismiss that contained no legal authority; did not dispute the key evidence and arguments requiring dismissal of the complaint; and failed to meet its burden of establishing personal jurisdiction.  Pursuant to statute, defense counsel served a copy of this motion weeks before filing it; however, plaintiff and his attorney refused to dismiss the complaint.

The Motion will be and is hereby based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Patrick J. Richard, the pleadings, records and files in this action, and upon such further oral and/or documentary evidence and argument as may be presented at or before the hearing on this Motion.

Dated:  February 29, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: _____
          Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

223467_1.DOC                                    1

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

## I.    INTRODUCTION

Plaintiff's counsel should be sanctioned for filing a complaint against defendants who plainly lacked the minimum contacts with California to meet the constitutional standards for personal jurisdiction.  Despite request, plaintiff's counsel refused to dismiss the complaint.

## II.    STATEMENT OF FACTS

The Complaint alleges that the parties entered into a letter of intent in July 2007 to enter into a lease for an aircraft, and that the parties did enter into a lease in October 2007.  (Complaint, ¶¶ 5, 13, 17.)  The Complaint fails to allege where the negotiations occurred or where the documents were signed, but all of these events occurred in Miami, Florida.  (Declaration of Mano Sinnarajah, ¶¶4-7.)  The lease called for delivery of the aircraft on or before 12-30-07.  Plaintiff's complaint claims that a parol "Side Letter" executed at or before the time the parties entered into the Lease supersedes or survives the contrary terms of the Lease.  (Complaint 17-19.)  Plaintiff refused to accept delivery of any aircraft after October 31, 2007, despite the terms of the executed Lease.

Plaintiff served the complaint at defendant's residence two days after Christmas while defendant was out of the Country.  He did not learn of the complaint until the week of January 21, 2008. Plaintiff's counsel, hoping to secure a default judgment, refused to grant even a 24 hour extension of time to respond to the Complaint.  (Declaration of Patrick J. Richard, ¶2.)  The representations in the Complaint that the parties agreed to a California venue are false.  Although page 61 of the boilerplate portion of the  lease refers to "being in good standing" under the laws of California, the specific Recitals at the beginning of the Lease expressly refer to H&S Group as a Florida Corporation and both the choice of law and choice of forum provisions refer to Florida, not California.

In addition, the lease provided for jurisdiction in Florida, all notices to H&S in Florida, and a Florida choice of law:

> "26.2    Notice Information.  Notices will be sent:
>
> If to LESSOR:    H&S GROUP OF COMPANIES, INC.
> 9749 SW 111th Terr.
> Miami, FL  33176
> Attention:  Mano Sinnarajah _____

1

2

Fax:        305 279-6200
Telephone:  305 279-2500

3

4

With copy to:    Jerry Dale P.A.
                 Miami, Florida
                 Fax:
                 Telephone:

5

6

. . . .

7    27.1  **Florida Law**.  This Lease is being delivered in the State of Florida
     and the Lease and all other Operative Documents will in all respects be
8    governed by and construed in accordance with the Laws of the State of
     Florida (notwithstanding the conflict Laws of the State of Florida).

9

10   27.2  **Non-Exclusive Jurisdiction in Florida**.  As permitted by Section
     410.40 of the Florida Code of Civil Procedure, the parties hereby
     irrevocably submit to the non-exclusive jurisdiction of the Federal District
11   Court of the Central District of Florida and the State of Florida Superior or
     Municipal Court in Los Angeles [sic], Florida."

12

13       Plaintiff's complaint ignores these Lease provisions.  Plaintiff's "opposition" to the motion to

14   dismiss likewise ignored the lack of any minimum contact with the forum state.

15   **III.    LEGAL ARGUMENT**

16       Federal Rule of Civil Procedure 11(c) allows sanctions when, after notice and a reasonable

17   opportunity to respond, a party fails to withdraw or correct its frivolous and unwarranted pleading.  A

18   pleading is frivolous if it violates the following standards of  Rule 11(b):

19   (1) [The pleading] is not being presented for any improper purpose, such
     as to harass or to cause unnecessary delay or needless increase in the cost
20   of litigation; (2) the claims, defenses and other legal contentions therein
     are warranted by existing law or by nonfrivolous argument for the
21   extension, modification, or reversal of existing law or the establishment of
     new law; (3) the allegations and other factual contentions have evidentiary
22   support or, if specifically identified, are likely to have evidentiary support
     after a reasonable opportunity for further investigation or discovery; and
23   (4) the denials of factual contentions are warranted on the evidence or, if
     specifically so identified, are reasonably based on a lack' of information or
24   belief.

25

26       Fed. R. Civ. P. 11 "[T]he central purpose of Rule 11 is to deter baseless filings in district court

27   and . . . streamline the administration and procedure of the federal courts." (*Cooter & Gell v. Hartmarx*

28   *Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1991).)

1    Rule 11 provides that a motion for sanctions should be filed independently; moreover, it should

2    not be filed for at least twenty-one days after the motion has been served. This "safe harbor" rule

3    protects parties from being sanctioned without having the opportunity to withdraw their position. (*See,*

4    Fed. R. Civ. P. 11.)

5    Rule 11 sanctions have been awarded where a party "... does not add any new causes of action

6    nor does it cure any of the deficiencies noted ... ." (*Salvioli v. Continental Co.*, 1996 U.S. Dist. LEXIS

7    13094, 1996 WL 507297, at *5 (N.D. Cal. Sept. 3, 1996).) In *Savioli*, the District Court awarded

8    sanctions against the plaintiffs where they filed a Second Amended Complaint that was

9    undistinguishable from their First Amended Complaint, even after the court cautioned the plaintiffs that

10   frivolous amendments would subject them to sanctions. (*Id.*) There, the Court found that the plaintiffs

11   had filed their subsequent complaint for an improper purpose and, thus, awarded sanctions.

12   Rule 11 sanctions have been awarded in many cases where plaintiff's complaint contained

13   insufficient allegations to meet the constitutional requirements for asserting personal jurisdiction. (*Love*

14   *v. The Mail on Sunday*, 2006 U.S. Dist. LEXIS 95468 (C.D. CA 2006) [allegations of personal

15   jurisdiction "flagrantly violated" Rule 11].)

16   **IV.    CONCLUSION**

17   Rule 11 sanctions are absolutely appropriate here. Defense counsel asked plaintiff's counsel to

18   dismiss the complaint. He declined. Defense counsel served a copy of this motion weeks before filing

19   it. Plaintiff and his attorney refused to dismiss. They filed an "opposition" brief to the motion to

20   dismiss that contained no legal authority. They did not dispute the key evidence and arguments

21   requiring dismissal of the complaint. Plaintiff utterly failed to meet its burden of establishing personal

22   jurisdiction, and has wasted this Court's time and the time and money of defendants.

23   Dated: February 29, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

24

25   By: _____

26            Patrick J. Richard
         Attorneys for Defendants
27       SIVAKUMAR SINNARAJAH,
         a/k/a MANO SINNARAJAH;
28       H&S GROUP OF COMPANIES, INC.

223467_1.DOC                                3

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**