NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
50 California Street, Thirty-Fourth Floor
San Francisco, California 94111-4707
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No:   CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO: THE HONORABLE ELIZABETH D. LAPORTE<br><br>**DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**<br><br>[FRCP 11]<br><br>Action Filed:<br><br>Date:    June 2, 2008<br>Time:    9:00 a.m.<br>Ctrm:    E |

DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

I, Patrick J. Richard, declare as follows:

1. I am an attorney at law admitted to practice before the bar of this Court, and am a partner with Nossaman, Guthner, Knox & Elliott, attorneys of record for Defendants Sivakumar Sinnarajah, a/k/a Mano Sinnarajah and H&S Group of Companies. I make this Declaration based on my own personal knowledge for the reasons set forth herein and could competently testify to the matters if called upon to do so.

2. On or about December 27, 2007, plaintiff filed his Verified Complaint for Damages; Demand for Jury Trial with the above-referenced Court.

3. On or about January 28, 2008, defendants filed their Motion to Dismiss or in the Alternative to Change Venue and the grounds that:

- Pursuant to Federal Rule of Procedure 12(b)(2), the action should be dismissed as against Defendants because they lack sufficient contacts with California to create either general or specific personal jurisdiction over them.

- The action should be dismissed pursuant to Federal Rule of Procedure 12(b)(3) and 28 U.S.C. §1406(a) as filed in the improper forum because the action arose in Florida (where virtually all of the Defendants and witnesses are incorporated or reside) and not in California (the location of no witnesses, parties or evidence).

- If not dismissed outright, the action should be transferred to the District of Florida pursuant to 28 U.S.C. §1406(a) in the interests of justice or 28 U.S.C. §1404(a) for the convenience of the parties, the Court and all third party witnesses, and as a matter of judicial economy, because Florida is the indisputable center of gravity of the transactions and occurrences at issue between the parties.

4. On or about February 12, 2008, plaintiff filed his Opposition that contained no legal authority; did not dispute the key evidence and arguments requiring dismissal of the complaint; and failed to meet its burden of establishing personal jurisdiction.

5. On or about February 22, 2008, I requested plaintiff's counsel, Stephen Joseph to dismiss the Complaint. He refused. Pursuant to FRCP Rule 11, I enclosed a copy of defendants' motion for sanctions indicating that if the complaint is not dismiss on or before February 29th, that defendants

would have no other choice but to file the motion. As of the date of this declaration, the complaint was never dismissed. (Attached hereto and incorporated herewith as Exhibit "A" is a true and correct copy of my correspondence to Mr. Joseph dated February 22, 2008, enclosing said motion for sanctions.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this 29th day of February, 2008 in San Francisco, California.

_____
Patrick J. Richard

223468_1.DOC

2

DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

<u>Altin Havayolu Tasimaciligi Turizm Ve Tic, A.S.,</u> *et al.* v. <u>Sivakumar Sinnarajah,</u> *et al.*
**U.S. District Court Case No. CV 07-6475 EDL**

# EXHIBIT "A"

LAW OFFICES
# NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

50 CALIFORNIA STREET, THIRTY-FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 TEL (415) 398-2438 FAX
www.nossaman.com

PATRICK J. RICHARD
(415) 438-7278 Direct
prichard@nossaman.com

REFER TO FILE #
300235-0001

February 22, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Stephen L. Joseph Esq.
Post Office Box 221
Tiburon, CA 94920-0221

Re: <u>Altin Havayolu Tasimaciligi Turizm VE TIC, *et al.*</u>
    <u>v. Sivakumar Sinnarajah, *et al.*</u>
    U.S. Northern District Court Case No. CV 07-6475 EDL

Dear Mr. Joseph:

I am surprised that you have not dismissed the Complaint. Therefore I am reluctantly enclosing a motion for Rule 11 sanctions. We will file it if the offending pleading--your complaint--is not dismissed by Friday, February 29, 2008.

Sincerely yours,

Patrick J. Richard
of NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

PJR/cte
Enc. (Rule 11 motion)

223466_1.doc

LOS ANGELES   SAN FRANCISCO   ORANGE COUNTY   SACRAMENTO   WASHINGTON, D.C./VIRGINIA   AUSTIN   SEATTLE

Confirmation Report-Memory Send

```
                                  Time       : 22-Feb-2008  15:11
                                  Tel line 1 :
                                  Name       : NOSSAMAN SF 30
```

| | | |
|---|---|---|
| Job number | : | 043 |
| Date | : | 22-Feb 15:07 |
| To | : | 224*8695380 |
| Document Pages | : | 010 |
| Start time | : | 22-Feb 15:07 |
| End time | : | 22-Feb 15:11 |
| Pages sent | : | 010 |
| Status | : | OK |
| Job number | : 043 | \*\*\* SEND SUCCESSFUL \*\*\* |

## NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
### LAW OFFICES

THIRTY-FOURTH FLOOR
50 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 - Office
(415) 398-2438 - Fax

**Date:** 2/22/08    **Time:** 2:59 pm    **Pages** (including cover page): 10

**To:** Mr. Stephen L. Joseph Esq.
**Firm:**
**Fax:** (415) 869-5380        **Main No.:** (415) 557-6660

---

**File No:** -
**From:** Patrick J. Richard        **e-mail:** prichard@nossaman.com
**Comments:**

*ORIGINAL WILL NOT BE SENT*

*IF YOU DO NOT RECEIVE THE NUMBER OF PAGES INDICATED ABOVE,*
PLEASE CALL   Catherine T. Edwards        AT        (415) 398-3600

**ATTENTION:**
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return this original message to us at the above address via the US Postal Service. Thank you.

LAW OFFICES
# NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

THIRTY-FOURTH FLOOR
50 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 - Office
(415) 398-2438 - Fax

**Date:** 2/22/08   **Time:** 2:59 pm   **Pages** (including cover page): 10

**To:** Mr. Stephen L. Joseph Esq.
**Firm:**
**Fax:** (415) 869-5380   **Main No.:** (415) 557-6660

---

**File No:** -

**From:** Patrick J. Richard   **e-mail:** prichard@nossaman.com

***Comments:***

*ORIGINAL WILL NOT BE SENT*

*IF YOU DO NOT RECEIVE THE NUMBER OF PAGES INDICATED ABOVE,*
PLEASE CALL   Catherine T. Edwards   AT   (415) 398-3600

***ATTENTION:***
*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return this original message to us at the above address via the U.S. Postal Service. Thank you.*

```
 1  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
    PATRICK J. RICHARD (SBN 131046)
 2  prichard@nossaman.com
    50 California Street, Thirty-Fourth Floor
 3  San Francisco, California 94111-4707
    Telephone: (415) 398-3600
 4  Facsimile: (415) 398-2438

 5  Attorneys for Defendants
    SIVAKUMAR SINNARAJAH,
 6  a/k/a MANO SINNARAJAH;
    H&S GROUP OF COMPANIES, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No:   CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>THE HONORABLE ELIZABETH D. LAPORTE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**<br><br>[FRCP 11]<br><br>Action Filed:<br><br>Date:   June 2, 2008<br>Time:  9:00 a.m.<br>Ctrm:   E<br><br>**Filed concurrently herewith:**<br>1.   Declaration of Patrick J. Richard. |

223467_1.DOC

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on June 2, 2008, at 9:00 a.m., in Courtroom E of the above-entitled Court, located at 450 Golden Gate Ave. San Francisco, CA 94102, a hearing will be held on Defendants SIVAKUMAR SINNARAJAH, a/k/a MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC. (collectively "Defendants") Motion for Sanctions, pursuant to Federal Rules of Civil Procedure 11. Said Motion will be and is hereby made on the grounds that plaintiff's complaint lacks the requisite allegations for jurisdiction and as such, defense counsel asked plaintiff's counsel to dismiss the complaint. Plaintiff's counsel declined, instead filing an "opposition" brief to the motion to dismiss that contained no legal authority; did not dispute the key evidence and arguments requiring dismissal of the complaint; and failed to meet its burden of establishing personal jurisdiction. Pursuant to statute, defense counsel served a copy of this motion weeks before filing it; however, plaintiff and his attorney refused to dismiss the complaint.

The Motion will be and is hereby based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Patrick J. Richard, the pleadings, records and files in this action, and upon such further oral and/or documentary evidence and argument as may be presented at or before the hearing on this Motion.

Dated: February 29, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: /s/ Patrick J. Richard
        Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

## I. INTRODUCTION

Plaintiff's counsel should be sanctioned for filing a complaint against defendants who plainly lacked the minimum contacts with California to meet the constitutional standards for personal jurisdiction. Despite request, plaintiff's counsel refused to dismiss the complaint.

## II. STATEMENT OF FACTS

The Complaint alleges that the parties entered into a letter of intent in July 2007 to enter into a lease for an aircraft, and that the parties did enter into a lease in October 2007. (Complaint, ¶¶ 5, 13, 17.) The Complaint fails to allege where the negotiations occurred or where the documents were signed, but all of these events occurred in Miami, Florida. (Declaration of Mano Sinnarajah, ¶¶4-7.) The lease called for delivery of the aircraft on or before 12-30-07. Plaintiff's complaint claims that a parol "Side Letter" executed at or before the time the parties entered into the Lease supersedes or survives the contrary terms of the Lease. (Complaint 17-19.) Plaintiff refused to accept delivery of any aircraft after October 31, 2007, despite the terms of the executed Lease.

Plaintiff served the complaint at defendant's residence two days after Christmas while defendant was out of the Country. He did not learn of the complaint until the week of January 21, 2008. Plaintiff's counsel, hoping to secure a default judgment, refused to grant even a 24 hour extension of time to respond to the Complaint. (Declaration of Patrick J. Richard, ¶2.) The representations in the Complaint that the parties agreed to a California venue are false. Although page 61 of the boilerplate portion of the lease refers to "being in good standing" under the laws of California, the specific Recitals at the beginning of the Lease expressly refer to H&S Group as a Florida Corporation and both the choice of law and choice of forum provisions refer to Florida, not California.

In addition, the lease provided for jurisdiction in Florida, all notices to H&S in Florida, and a Florida choice of law:

> "26.2   Notice Information.  Notices will be sent:
>
> If to LESSOR:   H&S GROUP OF COMPANIES, INC.
>                9749 SW 111th Terr.
>                Miami, FL  33176
>                Attention:  Mano Sinnarajah

|   |   |
|---|---|
| Fax: | 305 279-6200 |
| Telephone: | 305 279-2500 |

With copy to:   Jerry Dale P.A.
                Miami, Florida
                Fax:
                Telephone:

. . . .

27.1  **Florida Law**. This Lease is being delivered in the State of Florida and the Lease and all other Operative Documents will in all respects be governed by and construed in accordance with the Laws of the State of Florida (notwithstanding the conflict Laws of the State of Florida).

27.2  **Non-Exclusive Jurisdiction in Florida**. As permitted by Section 410.40 of the Florida Code of Civil Procedure, the parties hereby irrevocably submit to the non-exclusive jurisdiction of the Federal District Court of the Central District of Florida and the State of Florida Superior or Municipal Court in Los Angeles [sic], Florida."

Plaintiff's complaint ignores these Lease provisions. Plaintiff's "opposition" to the motion to dismiss likewise ignored the lack of any minimum contact with the forum state.

### III.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 11(c) allows sanctions when, after notice and a reasonable opportunity to respond, a party fails to withdraw or correct its frivolous and unwarranted pleading. A pleading is frivolous if it violates the following standards of Rule 11(b):

> (1) [The pleading] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses and other legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack' of information or belief.

Fed. R. Civ. P. 11 "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." (*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1991).)

Rule 11 provides that a motion for sanctions should be filed independently; moreover, it should not be filed for at least twenty-one days after the motion has been served. This "safe harbor" rule protects parties from being sanctioned without having the opportunity to withdraw their position. (*See*, Fed. R. Civ. P. 11.)

Rule 11 sanctions have been awarded where a party "... does not add any new causes of action nor does it cure any of the deficiencies noted ... ." (*Salvioli v. Continental Co.*, 1996 U.S. Dist. LEXIS 13094, 1996 WL 507297, at *5 (N.D. Cal. Sept. 3, 1996).) In *Savioli*, the District Court awarded sanctions against the plaintiffs where they filed a Second Amended Complaint that was undistinguishable from their First Amended Complaint, even after the court cautioned the plaintiffs that frivolous amendments would subject them to sanctions. (*Id.*) There, the Court found that the plaintiffs had filed their subsequent complaint for an improper purpose and, thus, awarded sanctions.

Rule 11 sanctions have been awarded in many cases where plaintiff's complaint contained insufficient allegations to meet the constitutional requirements for asserting personal jurisdiction. (*Love v. The Mail on Sunday*, 2006 U.S. Dist. LEXIS 95468 (C.D. CA 2006) [allegations of personal jurisdiction "flagrantly violated" Rule 11].)

## IV.  CONCLUSION

Rule 11 sanctions are absolutely appropriate here. Defense counsel asked plaintiff's counsel to dismiss the complaint. He declined. Defense counsel served a copy of this motion weeks before filing it. Plaintiff and his attorney refused to dismiss. They filed an "opposition" brief to the motion to dismiss that contained no legal authority. They did not dispute the key evidence and arguments requiring dismissal of the complaint. Plaintiff utterly failed to meet its burden of establishing personal jurisdiction, and has wasted this Court's time and the time and money of defendants.

Dated:  February 29, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

By: _____
Patrick J. Richard
Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

```
 1  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
    PATRICK J. RICHARD (SBN 131046)
 2  prichard@nossaman.com
    50 California Street, Thirty-Fourth Floor
 3  San Francisco, California 94111-4707
    Telephone: (415) 398-3600
 4  Facsimile: (415) 398-2438

 5  Attorneys for Defendants
    SIVAKUMAR SINNARAJAH,
 6  a/k/a MANO SINNARAJAH;
    H&S GROUP OF COMPANIES, INC.
 7
 8
 9
10              UNITED STATES DISTRICT COURT
11     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
12
```

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No:   CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>THE HONORABLE ELIZABETH D. LAPORTE<br><br>**DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**<br><br>[FRCP 11]<br><br>Action Filed:<br><br>Date:   June 2, 2008<br>Time:   9:00 a.m.<br>Ctrm:   E |

223468_1.DOC
DECLARATION OF PATRICK J. RICHARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

I, Patrick J. Richard, declare as follows:

1. I am an attorney at law admitted to practice before the bar of this Court, and am a partner with Nossaman, Guthner, Knox & Elliott, attorneys of record for Defendants Sivakumar Sinnarajah, a/k/a Mano Sinnarajah and H&S Group of Companies. I make this Declaration based on my own personal knowledge for the reasons set forth herein and could competently testify to the matters if called upon to do so.

2. On or about December 27, 2007, plaintiff filed his Verified Complaint for Damages; Demand for Jury Trial with the above-referenced Court.

3. On or about January 28, 2008, defendants filed their Motion to Dismiss or in the Alternative to Change Venue and the grounds that:

- Pursuant to Federal Rule of Procedure 12(b)(2), the action should be dismissed as against Defendants because they lack sufficient contacts with California to create either general or specific personal jurisdiction over them.
- The action should be dismissed pursuant to Federal Rule of Procedure 12(b)(3) and 28 U.S.C. §1406(a) as filed in the improper forum because the action arose in Florida (where virtually all of the Defendants and witnesses are incorporated or reside) and not in California (the location of no witnesses, parties or evidence).
- If not dismissed outright, the action should be transferred to the District of Florida pursuant to 28 U.S.C. §1406(a) in the interests of justice or 28 U.S.C. §1404(a) for the convenience of the parties, the Court and all third party witnesses, and as a matter of judicial economy, because Florida is the indisputable center of gravity of the transactions and occurrences at issue between the parties.

4. On or about February 12, 2008, plaintiff filed his Opposition that contained no legal authority; did not dispute the key evidence and arguments requiring dismissal of the complaint; and failed to meet its burden of establishing personal jurisdiction.

5. On or about February 22, 2008, I requested plaintiff's counsel, Stephen Joseph to dismiss the Complaint. He refused. Pursuant to FRCP Rule 11, I enclosed a copy of defendants' motion for sanctions indicating that if the complaint is not dismiss on or before February 29th, that defendants

1  would have no other choice but to file the motion. As of the date of this declaration, the complaint was
2  never dismissed. (Attached hereto and incorporated herewith as Exhibit "A" is a true and correct copy
3  of my correspondence to Mr. Joseph dated February 22, 2008, enclosing said motion for sanctions.)
4      I declare under penalty of perjury under the laws of the State of California that the foregoing is
5  true and correct. Dated this 29th day of February, 2008 in San Francisco, California.

_____
Patrick J. Richard