IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTIN HAVAYOLU TASAMACILIGI TURIZM VE TIC,<br><br>   Plaintiff,<br><br>  v.<br><br>SIVAKUMAR SINNARAJAH, et al.,,<br><br>   Defendants. | No. C-07-6475 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF FLORIDA** |

On December 27, 2007, Plaintiff Altin Havayolu Tasamaciligi Turizm Te Vic filed this breach of contract and fraud action against Defendants Sivakumar Sinnarajah and his company, Defendant H&S Group of Companies, Inc. On January 28, 2008, Defendants moved to dismiss based on lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue to the district court in Florida. On March 11, 2008, the Court held a hearing on Defendants' Motion. For the reasons stated at the hearing and in this Order, the Court grants Defendants' Motion to Dismiss and transfers this matter to the Southern District of Florida.

**Facts**

Plaintiff is a Turkish airline and aircraft operating company doing business under the name of Golden International Airlines. Compl. ¶ 2. Defendant Sivakumar Sinnarajah is a citizen of Sri Lanka, who is domiciled in Florida. Compl. ¶ 3. He is the President, CEO and a director of Defendant H&S Group of Companies, Inc. Compl. ¶ 3. H&S is organized under the laws of Florida. Compl. ¶ 4.

On July 18, 2007, Plaintiff and H&S executed a Letter of Intent for the lease by H&S to

Plaintiff of a Boeing 757-200 aircraft. Compl. ¶ 13. Plaintiff agreed to pay a $280,000 refundable deposit to H&S's account in Sri Lanka. Compl. ¶ 14. On or about October 17, 2007, Plaintiff and H&S contemporaneously executed two documents, the Lease Agreement and the Side Letter. Compl. ¶ 17. In the Lease Agreement, H&S agreed to lease the aircraft to Plaintiff for five years, with an option of extending for another two years. Compl. ¶ 18. In the Side Letter, the Lease Agreement was made subject to H&S's ability to purchase the aircraft on satisfactory terms from Deutsche Bank before October 31, 2007; otherwise, the Lease Agreement would be null and void. Compl. ¶ 19.

In pertinent part, the Lease Agreement states that H&S is a Florida corporation, with its principal place of business in Miami. See Sinnarajah Decl. (Part 1) Ex. A at 9. It also contains a statement warranting that: "Lessor [H&S] is a corporation duly incorporated, validly existing and in good standing under the Laws of the State of California." See id. (Part 2) Ex. A at 62. It further states that the parties submitted to: "the non-exclusive jurisdiction of the Federal District Court for the Central District of Florida and the State of Florida Superior or Municipal Court in Los Angeles, Florida." See id. (Part 2) Ex. A at 80. There is also a choice of law provision choosing Florida law. See id.

H&S did not purchase the aircraft from Deutsche Bank and did not offer another acceptable aircraft to Plaintiff. Compl. ¶¶ 21-22. Plaintiff sent four demand letters seeking return of the deposit, but the deposit has not been returned. Compl. ¶¶ 25-36. This lawsuit for breach of contract and fraud followed.

**Discussion**

**The Court lacks personal jurisdiction over Defendants and venue is improper in California**

Personal jurisdiction is determined by the applicable state personal jurisdiction statute and constitutional principles of due process. See Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F. 2d 1280, 1286 (9th Cir. 1977). Due process requirements allow California courts to exert personal jurisdiction only where the nonresident defendant has sufficient minimum contacts with the state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Under the broadly stated jurisdictional rule of International Shoe, California law recognizes two ways that constitutionally sufficient minimum contacts can be shown. Farris v. Capt. J.B. Fronapfel Co., 182 Cal. App. 3d 982, 987 (1986). First, if the nonresident's activities are "extensive or wide-ranging" or "substantial . . . continuous or systematic," a court may exercise general jurisdiction with respect to any cause of action asserted against a nonresident. Id. (citations omitted); see also Amoco Egypt Oil Co. v. Leonis Nav. Co., 1 F.3d 848, 851 n. 3 (9th Cir. 1993) (noting courts have "regularly declined to find general jurisdiction even where the contacts were quite extensive"). There is no evidence or any allegations in the complaint that Defendants had any contacts with California, much less continuous or systematic contacts for purposes of general jurisdiction.

Second, if pervasive contacts are lacking, due process allows exercise of specific personal jurisdiction when the claim arises out of the nonresident's activities within or affecting the forum state under the following circumstances:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;  (2) The claim must be one which arises out of or results from the defendant's forum-related activities; (3) Exercise of jurisdiction must be reasonable.

Data Disc, 557 F.2d at 1286.

Plaintiff bears the burden of establishing that a case is in the proper forum. See Data Disc, 557 F.2d at 1285; see also Schwarzer, Federal Civil Procedure Before Trial §§ 9:135-36, 9:140 ("Logically the burden should rest with plaintiff. The party that invokes the court's jurisdiction should have the burden of establishing both its jurisdiction and that it is a 'proper' forum."). In determining whether the plaintiff has presented a prima facie case, the Court must assume the truth of well-pled allegations in the complaint that are not contradicted. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) (un-controverted allegations in complaint must be taken as true; conflicts between affidavits must be resolved in plaintiff's favor). Once the defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must present admissible evidence which, if believed, would support the court's

exercise of personal jurisdiction. Data Disc, 557 F.2d at 1284.

Here, rather than arguing that Defendants are subject to general or specific personal jurisdiction, Plaintiff contends that Defendants have submitted to the jurisdiction of the Court based on the references to California in the Lease Agreement, especially the warranty that "Lessor [H&S] is a corporation duly incorporated, validly existing and in good standing under the Laws of the State of California." See Compl. ¶ 5; Sinnarajah Decl. Ex. A (Part 2) at 62; see also id. Ex. A (Part 1) at Table of Contents (reference to California law) Ex. A (Part 1) at 31 (reference to California Commercial Code); Ex. A (Part 1) at 47 (reference to taxes imposed in California); Ex. A (Part 3) at 113 (exhibit to lease agreement showing an unexecuted form letter containing a choice of law clause for California).  The statement of corporate status, however, is ambiguous at best and not sufficient to confer jurisdiction, particularly because the first page of the Lease Agreement, containing specific provisions about the parties, states that H&S is a Florida corporation, and Plaintiff admitted in the complaint and at the hearing that Defendant H&S is a Florida, not a California, corporation. Plaintiff's reliance on stray and inconsistent references to California in the parties' Agreement that appear to be obvious "cut and paste" errors, in the face of clear language in the Agreement that H&S is a Florida corporation and undisputed evidence that it has no nexus to California in the Sinnarajah Declaration, is insufficient to confer jurisdiction. See Cal. Code Civ. P. § 1859 ("The intention of the Legislature or parties. In the construction of a statute the intention of the Legislature, and in the construction of the instrument the intention of the parties, is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it.").  The Lease Agreement does not state that Defendants submitted to jurisdiction in California.  Further, although Plaintiff points to the clause in the Agreement establishing "non-exclusive" jurisdiction in Florida, there is no indication in that clause or in elsewhere in the Agreement that the parties intended to submit to jurisdiction in California.

Plaintiff argued at the hearing that H&S should be deemed to be a California corporation for purposes of jurisdiction based on the venue statute. See 28 U.S.C. § 1391(c).  Section 1391(c) states in relevant part: "For purposes of venue under this chapter, a defendant that is a corporation shall be

1  deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the
2  action is commenced." Plaintiff's argument is circular; H&S would be subject to personal
3  jurisdiction because it is deemed to reside in California for purposes of the venue statute, which
4  permits a corporation to be deemed a resident if the corporation is subject to personal jurisdiction in
5  the venue. Venue and personal jurisdiction are two distinct legal concepts. Section 1391 establishes
6  that venue of a corporation can be predicated on personal jurisdiction, but not the reverse.

7  Plaintiff has also failed to show any basis for personal jurisdiction over the individual
8  Defendant, Mr. Sinnarajah. Even assuming that personal jurisdiction existed over H&S in
9  California, Plaintiff cites no authority, and the Court can find none, for its argument that because
10 Mr. Sinnarajah is being sued as the alter ego of H&S, Mr. Sinnarajah is subject to personal
11 jurisdiction in California.

12 With respect to specific personal jurisdiction, there are no allegations in the complaint and no
13 evidence was submitted by Plaintiff to establish that Defendants have purposefully availed
14 themselves of California. The purposeful availment requirement is met if Defendant engaged in
15 "significant activities" within California or has created "continuing obligations" between itself and
16 the forum. Gray & Co. v. Firestenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990); Yahoo! Inc. v.
17 La Lique Contre Le Rasime et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (in contract
18 cases, courts "typically inquire whether a defendant 'purposefully avails itself of the privilege of
19 conducting activities' or 'consummate[s][a] transaction' in the forum, focusing on activities such as
20 delivering goods or executing a contract.").

21 With respect to H&S, Mr. Sinnarajah states in his declaration that H&S is a Florida
22 corporation that has never been incorporated in or done business in California. See Sinnarajah Decl.
23 ¶ 5. There has been no showing that any of the negotiations of the Lease Agreement took place in
24 California; Mr. Sinnarajah states that all negotiations occurred in Florida. See Sinnarajah Decl. ¶ 4;
25 see also Bilgen Decl. ¶¶ 4-6). Moreover, there are no allegations or evidence showing purposeful
26 availment by Mr. Sinnarajah. Mr. Sinnarajah states in his declaration that he is a resident of Miami,
27 and has lived there for the last twenty-three years. See Sinnarajah Decl. ¶ 2. He does not own
28 property in California, nor does he own or operate any offices in California. See id. He last visited

5

California eight or nine years ago, other than airport layovers on his way to Asia. See id. He does not maintain a bank account in California, has not obtained licenses or permits here, does not maintain phone listings or mailing addresses in California, and has never directed advertising in California, shipped product or filed lawsuits in California. See Sinnarajah Decl. ¶ 6.

Plaintiff has failed to meet its burden of showing that Defendants purposefully availed themselves of California. Therefore, the Court need not reach the other elements of specific personal jurisdiction.

Not only does the Court lack personal jurisdiction over Defendants, but venue is also improper in California. Venue is proper in diversity cases in a district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions on which the claim is based occurred; or (3) if there is no district in which the action may otherwise be brought, any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a). None of the bases for venue contained in § 1391 apply here. First, all Defendants reside in the same state, but that state is Florida, not California. Second, there are no allegations and no evidence that any part of the events involved in this case took place in California. Third, Defendants are not subject to personal jurisdiction in California.

Accordingly, the Court lacks personal jurisdiction over Defendants. In addition, venue is improper in California.

**In the interest of justice, this matter shall be transferred to the Southern District of Florida**

Where a court lacks jurisdiction, it has discretion to order transfer in lieu of dismissal to avoid injustice. 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice to, transfer such case to any district or division in which it could have been brought."). The district in which a case "could have been brought" has been interpreted to mean that the proposed transferee court must have subject matter jurisdiction, proper venue and the defendant must be subject to personal

jurisdiction and be amenable to service of process in that district. See Schwarzer, et al., Civil Procedure Before Trial, § 4:610 (2007). Dismissal, rather than transfer, may be appropriate where the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where the plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992).

Here, this action could have been brought in Florida. See 28 U.S.C. § 1391. All Defendants, records and witnesses are located there. There is no evidence that Plaintiff is harassing Defendant by filing this action, nor has there been a showing of bad faith or frivolousness by Plaintiff. Further, there is no indication that transfer would be futile. Transfer of this case to Florida is in the interest of justice. At the hearing, the parties agreed that the proper transferee district in Florida is the Southern District. Because the Court finds that transfer is appropriate pursuant to § 1631 and § 1406, it need not reach the issue of transfer pursuant to 28 U.S.C. § 1404.

Accordingly, Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue is granted. In lieu of dismissing this matter, however, the Court finds that it is in the interest of justice to transfer this action to the Southern District of Florida.

**IT IS SO ORDERED.**

Dated: March 12, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge