STEPHEN L. JOSEPH (SBN 189234)
P.O. Box 221
Tiburon, CA 94920-0221
Telephone:  415-577-6660
Facsimile:  415-869-5380
E-mail: sljoseph@earthlink.net

Attorney for Plaintiff ALTIN HAVAYOLU
TASIMACILIGI TURIZM VE TIC. A.S.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC. A.S., a corporation organized under the laws of Turkey,  doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>            Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 07-6475 EDL<br><br>ASSIGNED TO THE HONORABLE ELIZABETH D. LAPORTE<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN L. JOSEPH**<br><br>[FRCP 11]<br><br>[Supporting exhibits and proposed order filed separately herewith]<br><br>Date: June 3, 2008<br>Time: 9:00 a.m.<br>Courtroom: E |

TO: DEFENDANTS AND THEIR ATTORNEYS OF RECORD

NOTICE IS HEREBY GIVEN that on June 3, 2008, at 9:00 a.m., in Courtroom E of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, a hearing will be held on Plaintiff's Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11 of the Federal Rules of Civil Procedure. Said Motion will be and is hereby made on the following grounds:

A.   Defendants and their counsel filed a Motion For Sanctions Against Plaintiff And Plaintiff's Counsel under Rule 11 against Plaintiff and its counsel. Defendants' and their counsel's filing of the Motion For Sanctions is an intentional and flagrant violation of the strict 21 day requirement in Rule 11(c)(2).

B.   In violation of Rule 11(b)(1), Defendants and their counsel have filed their Motion For Sanctions knowing that it cannot possibly be granted, because of their failure to comply with the 21 day requirement. They have filed it for the improper purposes of harassing Plaintiff and its counsel and needlessly increasing the cost of this litigation.

C.   In violation of Rule 11(b)(2), Defendants' counsel Patrick J. Richard knows that Defendants' Motion For Sanctions is not warranted by existing law, because he knows that he has failed to comply with the 21 day requirement. Further, he knows that he has not made and could not possibly make a nonfrivolous argument that would excuse his non-compliance with the 21 day requirement. (In accordance with Rule 11(c)(5)(A), no monetary sanction is requested against Defendants for violation of Rule 11(b)(2), as they are represented parties. The sanction for violation of Rule 11(b)(2) is requested against Defendants' counsel only.)

D. Defendants' counsel gave Plaintiff seven days notice to "dismiss" the Complaint and stated that he would definitely file the Motion For Sanctions if Plaintiff did not "dismiss" the Complaint within that period. Plaintiff and its counsel were not given the option to consent to the transfer of the case to Florida. The Court subsequently rejected Defendants' request that the case be dismissed. The Court ruled that the case would be transferred to the U.S. District Court for the Southern District of Florida. Consequently, there could be no possible basis for Rule 11 sanctions against Plaintiff based on Defendants' counsel's notice. Therefore, Defendants'

1   Motion For Sanctions violates Rule 11(b)(1).

2       E. In its ruling on Defendants' Motion To Dismiss, the Court ruled that this case would

3   be transferred to the U.S. District Court for the Southern District of Florida. The Court stated:

4   "There is no evidence that Plaintiff is harassing Defendant by filing this action, nor has there

5   been a showing of bad faith or frivolousness by Plaintiff." The Court did not award legal fees

6   against Plaintiff, despite the fact that Defendants had asked the court to do so pursuant to Rule

7   11. Nevertheless, following the hearing, Defendants filed their Motion For Sanctions under

8   Rule 11 and thereby violated Rule 11(b)(1).

9       F. Defendants and their counsel have acted in bad faith in filing their Motion For

10  Sanctions.

11      G. Substantial sanctions against Defendants and their counsel are warranted to deter

12  such conduct.

13      This motion only concerns Defendants' and Defendants' counsel's violation of Rule 11.

14  Plaintiff will file a separate opposition to Defendants' Motion For Sanctions.

15      Plaintiff requests that this Court impose sanctions pursuant to Rule 11(c)(4) in an

16  amount that will suffice to deter repetition of Defendants' and Defendants' counsel's conduct or

17  comparable conduct by others similarly situated, including any appropriate nonmonetary

18  directives; an order to pay a penalty into court; and an order directing payment to Plaintiff of

19  reasonable attorney's fees and other expenses directly resulting from the violation.

20      This motion will be and is hereby based on this notice, the attached Memorandum of

21  Points and Authorities, the Declaration of Stephen L. Joseph, the pleadings, records and files in

22  this action, and upon such further oral and documentary evidence and arguments as may be

23  presented in support of this motion.

24

25

26

27

28

1

Dated:  March 17, 2007          STEPHEN L. JOSEPH

2

3

4

5

6          _____

7          Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION                                                    7

II. STATEMENT OF FACTS                                            7

III. ARGUMENT                                                     12

    A. Defendants Have Intentionally And Flagrantly Violated      12
       Rule 11(c)(2)

    B. In Violation Of Rule 11(b)(1), Defendants And Their       14
       Counsel Have Filed Their Motion For Sanctions For The
       Improper Purposes Of Harassing Plaintiff And Its Counsel
       And Needlessly Increasing The Cost Of Litigation

    C. In Violation Of Rule 11(b)(2), Defendants' Counsel Knows   14
       That Defendants' Motion For Sanctions Is Not Warranted
       By Existing Law Or By A Nonfrivolous Argument For
       Extending, Modifying, Or Reversing Existing Law Or For
       Establishing New Law

    D. In Violation Of Rule 11(b)(1), Defendants And Their       15
       Counsel Have Filed Their Motion For Sanctions Despite
       The Fact That The Court Refused To Dismiss The Case

    E. In Violation Of Rule 11(b)(1), Defendants And Their       16
       Counsel Have Filed Their Motion For Sanctions Despite
       The Fact That The Court Ruled That Plaintiff's Did Not
       Harass Defendants Or Act In Bad Faith Or Frivolously

    F. Substantial Sanctions Including A Penalty Against         16
       Defendants and Their Counsel Are Warranted To Deter
       Such Conduct

IV. CONCLUSION                                                   17

DECLARATION OF STEPHEN L. JOSEPH                                 18

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                    <u>PAGE</u>

3      *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998)                    12-13

4      *Holgate v. Levinson*, 425 F.3d 671 (9th Cir. 2005)              13

5

6      Federal Rules of Civil Procedure, Rule 11                     *passim*

7

8      California Rules of Professional Conduct, Rule 3-200            14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

3

4

5

Defendants have filed a Motion For Sanctions against Plaintiff and its counsel under Rule 11 of the Federal Rules of Civil Procedure. The filing of the Motion For Sanctions by Defendants and their counsel is an intentional and flagrant violation of Rule 11.

6

7

Plaintiff has complied with the 21 day safe harbor requirement in Rule 11(c)(2) prior to filing this motion.

8

## II. STATEMENT OF FACTS

9

10

11

On **December 27, 2007**, Plaintiff filed the Complaint in the U.S. District Court for the Northern District of California. On the same day, Plaintiff's counsel e-mailed a court-stamped copy of the Summons and Complaint to Defendants. In the e-mail, Plaintiff's counsel stated:

12

13

> On behalf of Golden International Airlines [which is Plaintiff's trading name], I filed a lawsuit against you and H&S today. A copy of the court-stamped Summons and Complaint is attached.

14

*See* Joseph Dec ¶5-7.

15

16

17

18

On **January** 7, **2008**, Defendants were served with the Summons and Complaint. *See* Joseph Dec ¶8. Defendants claim that they did not learn of the Complaint until the **week of January 21, 2008**. *See* Defendants' Motion To Dismiss, Or In The Alternative, To Change Venue (hereinafter "Motion To Dismiss") at 2, line 5.

19

20

21

22

23

24

On **January 28, 2008**, Defendants' counsel wrote to Plaintiff's counsel Stephen L. Joseph stating that he had received the Summons and Complaint from Defendant on **January 25, 2008**. In the letter, he stated : "In the event that you do not *dismiss* the complaint prior to the hearing of the matter, we of course, reserve the right to seek Rule 11 sanctions and attach a copy of this correspondence in any such application." [Emphasis added.] Joseph Dec ¶9; Exhibit A.

25

26

On **January 28, 2008**, Defendants filed their Motion To Dismiss. In said motion, they argued that the Complaint should have been filed in Florida.

27

On **February 12, 2008**, Plaintiff filed its opposition to the Motion To Dismiss.

28

On **February 22, 2008**, Defendants' counsel served a copy of Defendants' Motion For

**PLAINTIFF'S MOTION FOR SANCTIONS**

1    Sanctions on Plaintiff's counsel with a letter stating as follows:

2        I am surprised that you have not dismissed the Complaint. Therefore
3        I am reluctantly enclosing a motion for Rule 11 sanctions. We *will*
         file it if the offending pleading – your complaint – is not *dismissed*
         *by Friday, February 29, 2008*. [Emphasis added]
4

5    Joseph Dec ¶12; Exhibit B.

6        This was a mere seven days notice. Defendants' counsel cannot say that he did not know

7    at that time that under Rule 11 he was required to give Plaintiff 21 days notice to withdraw or

8    correct the pleading, because in the body of the Motion For Sanctions that he signed and which

9    he sent to Plaintiff's counsel with the letter (and which he has filed in this Court) he stated as

10   follows:

11        Rule 11 provides that a motion for sanctions should be filed
          independently; moreover, it should not be filed for at least 21 days
12        after the motion has been served. This "safe harbor" rule protects
          parties from being sanctioned without having the opportunity to
13        withdraw their position. (See, Fed. R. Civ. P. 11)

14

15   Defendants' Motion For Sanctions at 3, lines 1-4. There was not one word of explanation for

16   the unilateral reduction of the 21 day consideration period or why Defendants' counsel

17   arbitrarily decided it should be seven days. He knew he had to give 21 days notice, but he chose

18   to give only seven.

19       As we have seen, Defendants' counsel stated in his February 22, 2008 letter that he

20   "will" file the Rule 11 motion if Plaintiff did not dismiss the complaint by February 29, 2008.

21   Exhibit B. Defendants' counsel was stating that he would definitely file the Rule 11 Motion For

22   Sanctions even if Plaintiff would have dismissed the complaint between the 8th and 21st day

23   after service of the Motion For Sanctions.

24       **On February 25, 2008**, Defendants filed their reply brief in support of their Motion To

25   Dismiss *and asked the Court to award attorney's fees citing Rule 11*. Defendants' Reply

26   Memorandum In Support Of Motion To Dismiss, Or In The Alternative, To Change Venue at 1,

27   lines 12-14.

28       On **March 11, 2008**, this court held a hearing on the Motion To Dismiss and stated from

     the bench that it would either dismiss the case without prejudice or transfer the case to the U.S.

---

8

**PLAINTIFF'S MOTION FOR SANCTIONS**

District Court for the Southern District of Florida. This was **18 days** after Defendants' counsel had served the Motion For Sanctions on Plaintiff's counsel.

Following the hearing on **March 11, 2008**, Plaintiff's counsel faxed a letter to Defendants' counsel stating as follows:

> I am responding to your letter dated February 22, 2008. In that letter, you stated that you would file the Rule 11 motion that was enclosed with the letter if the complaint was not dismissed by February 29, 2008. My response is as follows:
>
> 1. Rule 11 states: "The [Rule 11] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The rule is crystal clear.
>
> It is now 18 days since you served me with the Rule 11 motion. I am hereby consenting to the transfer of the case to the U.S. District Court for the Southern District of Florida, or the refiling of the case in the U.S. District Court for the Southern District of Florida if that is what the court here in San Francisco orders. My consent is within the 21 day period.
>
> 2. If you file the Rule 11 motion without having given me the full 21 days to withdraw or appropriately correct the paper, then you will be violating Rule 11. Therefore, I would definitely file a Rule 11 motion against you for your intentional, knowing and blatant violation of Rule 11. Indeed, at page 3 of your Rule 11 motion, you acknowledge that the 21 day requirement is a "safe harbor."
>
> 3. Under Local Rule 7-8, a Rule 11 "motion…must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." You received a copy of the Complaint on or before January 24, 2008 and filed your motion to dismiss or transfer on January 28, 2008. However, you waited until February 22, 2008 to serve the Rule 11 motion on me. There is no justification for the almost one month delay. Even if you could justify the delay, you would still not be in compliance with the 21 day requirement.

Joseph Dec ¶16; Exhibit C.

On **March 12, 2008**, which was **19 days** after the Motion For Sanctions had been served on Plaintiff's counsel, Defendants' counsel responded to said letter stating in relevant

part as follows:

> As you know the Rule provides that the court may proscribe a period other than 21 days ("or such other period as the court may proscribe.") In this case, we will ask that the court to proscribe a shorter time period than 21 days because the court was crystal clear that your allegations and proof as to jurisdiction were meritless....

Joseph Dec ¶17; Exhibit D.

This statement by Defendants' counsel that he would ask the Court to proscribe a shorter period *ex post facto* is absurd and clearly made in bad faith. In any event, he did not file any such motion.

Defendants' counsel also stated as follows in his March 12 letter:

> Further, your "consent" to transfer the case to Florida appears to be conditional in that you state "if that is what the court here in San Francisco orders.

On **March 12, 2008**, Plaintiff's counsel sent a fax to Defendants' counsel stating as follows:

> My consent to the transfer of the case to Florida is not conditional on anything. It is unconditional. I am agreeing that the case will not be prosecuted in California. The case will be moved to Florida, either by transfer or refiling. I don't know how I can be clearer than that.
>
> You know my position about the 21 day deadline and nothing in your letter changes my mind. You could have served the Rule 11 motion earlier and given me 21 days, but you didn't. I have black letter law on my side. There's no grey area here. It's a 21 day "safe harbor." If you violate it, you subject yourself to a Rule 11 motion.

Joseph Dec ¶18; Exhibit E. Plaintiff was unconditionally withdrawing the contention that the case should move forward in California.

On **March 12, 2008**, this court issued its written ruling on the Motion To Dismiss stating in relevant part as follows.

> Dismissal, rather than transfer, may be appropriate where the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where the plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer. See *King v. Russell*, 963 F.2d 1301, 1304 (9th

**PLAINTIFF'S MOTION FOR SANCTIONS**

1    Cir.1992).

2        Here, this action could have been brought in Florida. See 28 U.S.C.
3        § 1391. All Defendants, records and witnesses are located there.
         *There is no evidence that Plaintiff is harassing Defendant by filing*
4        *this action, nor has there been a showing of bad faith or*
         *frivolousness by Plaintiff.* Further, there is no indication that
5        transfer would be futile. Transfer of this case to Florida is in the
6        interest of justice. At the hearing, the parties agreed that the proper
         transferee district in Florida is the Southern District. [Emphasis
7        added.]

8        On **March 12, 2008**, which was **19 days** after Defendants had served their Motion for

9    Sanctions on Plaintiff's counsel, they filed it. They did not wait for the 21 day safe harbor

10   period to expire.

11       On **March 12, 2008**, Defendants' counsel filed a declaration explaining why he filed the

12   Motion For Sanctions, stating as follows:

13       On or about February 22, 2008, I requested plaintiff's counsel,
         Stephen Joseph to dismiss the Complaint. He refused. Pursuant to
14       FRCP Rule 11, I enclosed a copy of defendants' motion for
15       sanctions indicating that if the complaint is not *dismiss* (sic) *on or*
         *before February 29th,* that defendants *would have no other choice*
16       *but to file the motion. As of the date of this declaration, the*
         *complaint was never dismissed.* [Emphasis added]
17

18   Declaration Of Patrick J. Richard In Support Of Defendants' Motion For Sanctions Against

19   Plaintiff And Plaintiff's Counsel ¶5 filed on March 12, 2008 ("Richard Dec"). Defendants'

20   counsel did not even *attempt* to explain why had given only seven days notice and not 21 days.

21   The declaration is dated February 29, 2008. Nothing that happened after February 29, 2008 was

22   relevant or worthy of mention as far as Defendants' counsel was concerned. Defendants'

23   counsel did not provide copies of any of the correspondence of March 11 or 12.

24       On **March 14, 2008**, which was **21 days** after Defendants had served their Motion for

25   Sanctions on Plaintiff's counsel, Plaintiff's counsel sent a letter by fax and an e-mail to

26   Defendants' counsel stating as follows:

27

28

**PLAINTIFF'S MOTION FOR SANCTIONS**

The U.S. District Court for the Northern District of California has ordered that the case will be transferred to the U.S. District Court for the Southern District of Florida and not dismissed. Plaintiff is hereby confirming and agreeing as follows:

1. Plaintiff unconditionally and irrevocably consents to the transfer of the case to the U.S. District Court for the Southern District of Florida.

2. Plaintiff unconditionally and irrevocably waives all rights to file a motion for reconsideration of the Court's decision to transfer the case to the U.S. District Court for the Southern District of Florida or to appeal said decision.

Joseph Dec ¶¶21, 22; Exhibits F, G.

On **March 14, 2008**, the case was transferred to the U.S. District Court for the Southern District of Florida.

### III. <u>ARGUMENT</u>

**A.** <u>Defendants And Their Counsel Have Intentionally And Flagrantly Violated Rule 11(c)(2)</u>

Rule 11(c)(2) of the Federal Rules of Civil Procedure is a mandatory "safe harbor" rule, as Defendants' counsel has admitted. The rule states in relevant part as follows:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it *must* not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." [Emphasis added]

Defendants gave Plaintiff seven days to dismiss the case, ignored Plaintiff's consent to transfer the case to Florida on day 18, and filed the motion on day 19. This all violates the 21 day requirement of Rule 11(c)(2) and constitutes bad faith.

In *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998), the court held that the procedural requirements of the Rule 11(c)(1)(A) safe harbor are mandatory. *Id.* at 710-11. In *Barber*, even though a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirement that a motion be served on the

1    opposing party 21 days prior to filing. *Id.* at 710. The court stated:

2         The district court observed that Imageware had given multiple
3         warnings to Carlsen about the defects of his claim. Those warnings
         were not motions, however, and the Rule requires service of a
4         motion….

5         It would therefore wrench both the language and purpose of the
6         amendment to the Rule to permit an informal warning to substitute
         for service of a motion.

7
     *Id.* at 710.
8

9         In *Holgate v. Levinson*, 425 F.3d 671, 677-78, (9th Cir. 2005), the court stated:

10        The 1993 Amendments to Rule 11, however, place stringent notice
         and filing requirements on parties seeking sanctions. When Rule 11
11        sanctions are initiated by motion of a party, that motion must be
         separate "from other motions or requests" and must "describe the
12        specific conduct alleged to violate" Rule 11(b). Fed. R.Civ.P.
         11(c)(1)(A). In addition, the Rule's safe harbor provision requires
13        parties filing such motions to give the opposing party 21 days first to
14        "withdraw or otherwise correct" the offending paper. *Id. We enforce
         this safe harbor provision strictly.* See *Radcliffe v. Rainbow Const.*
15        *Co.*, 254 F.3d 772, 788-89 (9th Cir.2001) (citing *Barber v. Miller*,
         146 F.3d 707, 710-11 (9th Cir.1998)). We must reverse the award of
16        sanctions when the challenging party failed to comply with the safe
17        harbor provisions, even when the underlying filing is frivolous.
         *Barber*, 146 F.3d at 711. [Emphasis added]
18

19        Let us review again the declaration that Defendants' counsel filed in support of the

20   Motion For Sanctions:

21        On or about February 22, 2008, I requested plaintiff's counsel,
         Stephen Joseph to dismiss the Complaint. He refused. Pursuant to
22        FRCP Rule 11, I enclosed a copy of defendants' motion for
         sanctions indicating that if the complaint is not dismiss (sic) *on or
23        before February 29th*, that defendants *would have no other choice
24        but to file the motion*. As of the date of this declaration [February 29,
         2008], the complaint was never dismissed. [Emphasis added]
25

26   Richard Dec ¶5. Defendants' counsel is basing his Motion For Sanctions on a seven day notice

27   period. He knows that is wrong and yet he proceeds regardless of the consequences.

28        The 1993 Advisory Committee Notes on the amendments to Rule 11 state: "As under

     former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the

1  rule and can lead to sanctions."

2      Independently of Rule 11, the California Rules of Professional Conduct addresses this

3  type of situation:

4          Rule 3-200. Prohibited Objectives of Employment

5          A member shall not seek, accept, or continue employment if the
           member knows or should know that the objective of such
6          employment is:

7
8          (A) To bring an action, conduct a defense, assert a position in
           litigation, or take an appeal, without probable cause and for the
9          purpose of harassing or maliciously injuring any person; or

10         (B) To present a claim or defense in litigation that is not warranted
           under existing law, unless it can be supported by a good faith
11         argument for an extension, modification, or reversal of such existing
           law.
12

13   **B.**  **In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their**

14        **Motion For Sanctions For The Improper Purposes Of Harassing Plaintiff And**

15        **Its Counsel And Needlessly Increasing The Cost Of Litigation**

16      It seems that Defendants' counsel, Patrick J. Richard, doesn't care in the least whether

17  he has violated the 21 day safe harbor requirement in Rule 11. The *only possible* reasons for his

18  filing of the Motion For Sanctions in flagrant violation of the 21 day rule are to (i) harass

19  Plaintiff including *intentionally and maliciously causing Plaintiff's counsel to spend many*

20  *hours preparing this motion and memorandum which he knew Plaintiff's counsel would be*

21  *forced to do*, and (ii) needlessly increase the cost of this litigation. He has thereby violated Rule

22  11(b)(1).

23   **C.**  **In Violation Of Rule 11(b)(2), Defendants' Counsel Knows That Defendants'**

24        **Motion For Sanctions Is Not Warranted By Existing Law Or By A**

25        **Nonfrivolous Argument For Extending, Modifying, Or Reversing Existing Law**

26        **Or For Establishing New Law**

27      Defendants' counsel, Patrick J. Richard, knows that under existing law there is a strict

28  21 day safe harbor requirement. He knows his Motion For Sanctions flies in the face of  the

---

1    clear wording of Rule 11(b)(2). He has not argued, and could not argue, the rule should be

2    "extended, modified, or reversed." Any such argument would be frivolous.

3         In accordance with Rule 11(c)(5)(A), no monetary sanction is requested against

4    Defendants for violation of Rule 11(b)(2) as they are represented parties. The sanction for

5    violation of Rule 11(b)(2) is requested against Defendants' counsel only.

6         **D.  <u>In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their</u>**

7         **<u>Motion For Sanctions Despite The Fact That The Court Refused To Dismiss</u>**

8         **<u>The Case</u>**

9         As we have seen, Defendants' counsel had stated in the February 22, 2008 letter to

10   Plaintiff's counsel that "we will file [the Motion For Sanctions] if the offending pleading – your

11   complaint – is not *dismissed* by Friday, February 29, 2008." [Emphasis added] In his

12   declaration in support of the Motion For Sanctions, he confirmed that he filed the Motion For

13   Sanctions because "the complaint was never *dismissed*." [Emphasis added] Declaration Of

14   Patrick J. Richard In Support Of Defendants' Motion For Sanctions Against Plaintiff And

15   Plaintiff's Counsel filed on March 12, 2008 .

16        Defendants gave Plaintiff one option: dismissal. Transfer was not an option. The court

17   refused to *dismiss* the case and decided to *transfer* it to Florida instead. In other words, the

18   Court did not grant the relief that Defendants' counsel was seeking in his letter. Therefore, the

19   fact that Plaintiff did not *dismiss* the case was in accordance with the Court's decision and

20   could not possibly be a Rule 11 violation. Nevertheless, this did not prevent Defendants from

21   filing their Motion For Sanctions.

22        Defendants and their counsel have violated Rule 11(b)(1) in that they are harassing

23   Plaintiff and its counsel and needlessly and intentionally increasing the cost of this litigation.

24

25

26

27

28

1

**E.  In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their**

2

**Motion For Sanctions Despite The Fact That The Court Ruled That Plaintiff's**

3

**Did Not Harass Defendants Or Act In Bad Faith Or Frivolously**

4

On March 12, 2008, the Court issued its order that the case be transferred to Florida.

5

The court ruled as follows:

6

> There is no evidence that Plaintiff is harassing Defendant by filing

7

> this action, nor has there been a showing of bad faith or
> frivolousness by Plaintiff.

8

The Court did not grant Defendants' request for attorney's fees and costs under Rule 11.

9

10

By filing and refusing to withdraw their Motion For Sanctions, Defendants have chosen
to ignore the Court's finding that Plaintiff and its counsel did not act improperly and the Court's

11

decision not to award attorney's fees. Again, this shows that Defendants and their counsel are

12

acting without any regard for Rule 11, ethical considerations, or possible consequences. They

13

have violated Rule 11(b)(1) in that they are harassing Plaintiff and its counsel and needlessly

14

increasing the cost of litigation.

15

**F.  Substantial Sanctions Including A Penalty Against Defendants and Their**

16

**Counsel Are Warranted To Deter Such Conduct**

17

Rule 11(c)(4) states:

18

> A sanction imposed under this rule must be limited to what suffices

19

> to deter repetition of the conduct or comparable conduct by others
> similarly situated. The sanction may include nonmonetary

20

> directives; an order to pay a penalty into court; or, if imposed on
> motion and warranted for effective deterrence, an order directing

21

> payment to the movant of part or all of the reasonable attorney's fees
> and other expenses directly resulting from the violation.

22

23

The attorney who signed and filed Defendants' Motion For Sanctions is Patrick J.

24

Richard. He is a partner in the law firm of Nossaman, Guthner, Knox & Elliott. He signed the

25

Motion For Sanctions in the firm's name. Mr. Richard is no novice. He has two decades of

26

experience as a litigator and is the chair of Nossaman's litigation department. He is a Northern

27

California "Super Lawyer." Joseph Dec ¶23; Exhibit H.

28

Rule 11(c)(1) provides that a law firm must be held jointly responsible for a violation

---

16

**PLAINTIFF'S MOTION FOR SANCTIONS**

1    committed by its partner, associate, or employee, absent exceptional circumstances.

2         Nossaman is a major national law firm. On its website, it states:

3              Nossaman is now over 130 attorneys and lobbyists strong, with
              offices in Los Angeles, San Francisco, Orange County, Sacramento,
4              Washington D.C./Virginia, Austin and Seattle. Our list of clients
              includes publicly and privately held corporations, public agencies,
5              health institutions, transportation agencies, real estate developers,
              landowners and water purveyors.
6

7    Joseph Dec ¶24; Exhibit I.

8         A major national firm such as Nossaman will not be deterred from such conduct by an

9    award of attorney's fees. It is because they can easily and painlessly absorb an award of

10   attorney's fees that they feel completely comfortable ignoring the 21 day requirement. In

11   reality, it will take a *very substantial five figure penalty and probably a six figure penalty* to

12   deter such conduct and Plaintiff urges the court to impose such a penalty in this case. The 21

13   day requirement in Rule 11 was not written to be ignored and it should not be scoffed at by a

14   major law firm confident that it can take a small financial hit.

15        The Court can decide on what kind of nonmonetary directives it should issue to ensure

16   that Nossaman and Mr. Richard take their ethical obligations seriously in the future.

17        Finally, Plaintiff requests attorney's fees and other expenses directly resulting from

18   Defendants and their counsel's violation of Rule 11 (subject to Rule 11(c)(5)(A)). An award of

19   attorney's fees against Defendants and their counsel pursuant to Rule 11(c)(5) is warranted for

20   effective deterrence. Plaintiff's counsel has spent 25.5 hours preparing this motion. Based on

21   his standard billable rate of $450 per hour, that amounts to $11,475. Joseph Dec ¶¶25-26.

22                              **IV. <u>CONCLUSION</u>**

23        WHEREFORE, Plaintiff requests that this motion be granted.

24

25        Dated: March 17, 2007          STEPHEN L. JOSEPH

26                                     

27

28                                     _____
                                      Attorney for Plaintiff

**PLAINTIFF'S MOTION FOR SANCTIONS**

### DECLARATION OF STEPHEN L. JOSEPH

I, Stephen Joseph, declare as follows:

1. I know all of the facts herein of my own personal knowledge, and if called upon as a witness to this proceeding, I would and could competently testify thereto under oath.

2. I am an attorney admitted to practice in the State of California and in the U.S. District Court for the Northern District of California.

3. I represent the Plaintiff in the above-captioned case.

4. I make this declaration in support of Plaintiff's Notice Of Motion And Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11.

5. On December 27, 2007, Plaintiff filed the Complaint in this case in the U.S. District Court for the Northern District of California.

6. On December 27, 2007, I e-mailed a court stamped copy of the Summons and Complaint to Defendants. In the e-mail, I stated: "On behalf of Golden International Airlines [which is Plaintiff's trading name], I filed a lawsuit against you and H&S today. A copy of the court-stamped Summons and Complaint is attached."

7. I sent the above-mentioned e-mail to four e-mail addresses, two for Defendants and two for Defendants' attorney, Jerry M. Dale, Esq. The e-mail addresses were as follows:

   • mano.sinnarajah@gmail.com

   • hsgroup@aol.com

   • jdalelaw@aol.com

   • jdalelaw@bellsouth.net

8. On January 7, 2008, Defendants were served with the Summons and Complaint.

9. On January 28, 2008, Defendants' counsel Patrick J. Richard wrote to me stating that he had received the Summons and Complaint from Defendant. In the letter, he stated: "In the event that you do not dismiss the complaint prior to the hearing of the matter, we of course, reserve the right to seek Rule 11 sanctions and attach a copy of this correspondence in any such application." A true and correct copy of the letter is Exhibit

A hereto.

10. On January 28, 2008, Defendants filed their Motion To Dismiss.

11. On February 12, 2008, Plaintiff filed its opposition to the Motion To Dismiss.

12. On February 22, 2008, Defendants' counsel served me with a copy of Defendants' proposed Motion for Sanctions and a letter from Defendants' counsel, Patrick J. Richard, stating as follows: "I am surprised that you have not dismissed the Complaint. Therefore I am reluctantly enclosing a motion for Rule 11 sanctions. We will file it if the offending pleading – your complaint – is not dismissed by Friday, February 29, 2008." A true and correct copy of the letter is Exhibit B hereto.

13. At page 3, lines 1-4 of the Motion For Sanctions that Defendants' counsel served on me on February 22, 2008, which he has filed in this Court, he stated as follows: "Rule 11 provides that a motion for sanctions should be filed independently; moreover, it should not be filed for at least 21 days after the motion has been served. This "safe harbor" rule protects parties from being sanctioned without having the opportunity to withdraw their position. (See, Fed. R. Civ. P. 11)"

14. On February 25, 2008, Defendants filed their reply brief in support of their Motion To Dismiss. At page 1, lines 12-14 thereof, they asked the Court to award attorney's fees citing Rule 11 of the Federal Rules of Civil Procedure.

15. On March 11, 2008, this court held a hearing on the Motion To Dismiss and stated that it would either dismiss the case without prejudice or transfer the case to the U.S. District Court for the Southern District of Florida. This was 18 days after Defendants' counsel had served the Motion For Sanctions on me.

16. Following the hearing on March 11, 2008, I faxed a letter to Defendants' counsel advising him that Plaintiff consented to the transfer of the case to Florida. A true and correct copy of the letter is Exhibit C hereto.

17. On March 12, 2008, Defendants' counsel Patrick J. Richard responded to my letter dated March 11, 2008. A true and correct copy of the letter is Exhibit D hereto.

18. On March 12, 2008, I faxed a letter to Defendants' counsel responding to his letter dated

1   March 12, 2008. A true and correct copy of the letter is Exhibit E hereto.

2   19. On March 12, 2008, this court issued its written ruling on the Motion To Dismiss stating

3   in relevant part as follows.  "Dismissal, rather than transfer, may be appropriate where

4   the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where

5   the plaintiff's action is frivolous; or where the transfer would be futile because the case

6   would be dismissed even after transfer. See *King v. Russell*, 963 F.2d 1301, 1304 (9th

7   Cir.1992). Here, this action could have been brought in Florida. See 28 U.S.C. § 1391.

8   All Defendants, records and witnesses are located there. There is no evidence that

9   Plaintiff is harassing Defendant by filing this action, nor has there been a showing of

10  bad faith or frivolousness by Plaintiff.  Further, there is no indication that transfer would

11  be futile. Transfer of this case to Florida is in the interest of justice. At the hearing, the

12  parties agreed that the proper transferee district in Florida is the Southern District."

13  20. On March 12, 2008, which was 19 days after Defendants had served their Motion For

14  Sanctions on me, they filed their Motion For Sanctions. They did not mention or provide

15  copies of any of the correspondence of March 11 or 12, 2008 to the Court.

16  21. On March 14, 2008, which was 21 days after Defendants had served their Motion For

17  Sanctions on me, I sent a letter by fax to Defendants' counsel confirming that Plaintiff

18  consented unconditionally and irrevocably to the transfer of the case to the U.S. District

19  Court for the Southern District of Florida. A true and correct copy of the letter is Exhibit

20  F hereto.

21  22. On March 14, 2008, which was 21 days after Defendants had served their Motion for

22  Sanctions on me, I sent an e-mail to Defendants' counsel confirming that Plaintiff

23  consented unconditionally and irrevocably to the transfer of the case to the U.S. District

24  Court for the Southern District of Florida. A true and correct copy of the e-mail is

25  Exhibit G hereto.

26  23. The attorney who signed and filed Defendants' Motion For Sanctions is Patrick J.

27  Richard. He is a partner in the law firm of Nossaman, Guthner, Knox & Elliott. He

28  signed the Motion For Sanctions in the firm's name. According to the firm's website,

1    Mr. Richard has "more than two decades of experience as a commercial litigator and

2    serves as chair of Nossaman's Litigation Department." A true and correct copy of the

3    website page containing this language is Exhibit H hereto. The URL for the page on the

4    website is: http://www.nossaman.com/showprofessional.aspx?Show=378#.

5    24. Nossaman, Guthner, Knox & Elliott is a major national law firm. On its website, it

6    states: "Nossaman is now over 130 attorneys and lobbyists strong, with offices in Los

7    Angeles, San Francisco, Orange County, Sacramento, Washington D.C./Virginia,

8    Austin and Seattle. Our list of clients includes publicly and privately held corporations,

9    public agencies, health institutions, transportation agencies, real estate developers,

10   landowners and water purveyors." A true and correct copy of the website page

11   containing this language is Exhibit I hereto. The URL for the page on the website is:

12   http://www.nossaman.com/ showabout.aspx?Show=114.

13   25. I was admitted to the District of Columbia bar in 1980 and the California bar in 1997. I

14   have more than 20 years of experience as a litigator. My standard hourly rate is $450 per

15   hour.

16   26. The total time of hours that I have spent preparing this motion and declaration is 25.5

17   hours consisting of 11 hours on March 13, 2008, 9.5 hours on March 14, 2008, and 5.0

18   hours on March 15, 2008. At the rate of $450 per hour, that amounts to $11,475.

19

20   I declare under penalty of perjury under the laws of the State of California and the

21   United States of America that I have read the foregoing, that the foregoing is true and correct,

22   and that I would be competent to so testify.

23   Executed on March 17, 2007 at Tiburon, California.

24

25

26   

27   _____

28   STEPHEN L. JOSEPH

**PLAINTIFF'S MOTION FOR SANCTIONS**

1

## **PROOF OF SERVICE**

2

3
**STATE OF CALIFORNIA, COUNTY OF MARIN**

4
I, SIMONE H. JOSEPH, am employed in the County of Marin and not a party to the within action. My business address is P.O.. Box 221, Tiburon, CA 94920-0221. On **March 17,**

5
**2007,** I served the foregoing document described as PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS'

6
COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11; MEMORANDUM OF POINT AND AUTHORITIES; DECLARATION OF STEPHEN L. JOSEPH on the interested parties

7
in this action as follows:

8

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
9
PATRICK J. RICHARD
50 California Street, Thirty-Fourth Floor
10
San Francisco, CA 94111-4707
Fax: (415) 398-2438
11

12
**[ X ]    BY U.S. MAIL.**  I placed a true copy thereof in a sealed envelope with postage fully prepaid in the United States Mail at Tiburon, California. I am aware that on motion of the party

13
served, service is presumed invalid if postal cancellation date or postage meter date is more

14
than one day after date of deposit for mailing stated herein.

15
**[ X ]    BY FAX.** I served the foregoing document by fax from fax number 415-869-5380, to

16
the fax number above. The transmission was complete and no error was reported by the machine. I caused the machine to print a record of the transmission that shows that transmission

17
was successful and which I have retained.

18
**[  ]    BY FEDERAL EXPRESS.**  I maintain an account with Federal Express. I placed a true

19
copy thereof in a sealed Federal Express Envelope, Pak or other container and deposited it with Federal Express in Tiburon, California. The name and address on the Airbill was as shown on

20
the attached Service List. The Airbill was marked for "FedEx Priority Overnight (Next business

21
morning)" delivery. The Airbill was marked to indicate that payment for the delivery is to be charged to my account. The Airbill was marked to permit delivery without obtaining a

22
signature.

23
I declare under penalty of perjury under the laws of the United States of America that

24
the foregoing is true and correct.  Executed on **March 17, 2007** at Tiburon, California.

25

26

27

28
_____
SIMONE H. JOSEPH

22