STEPHEN L. JOSEPH (SBN 189234)
P.O. Box 221
Tiburon, CA 94920-0221
Telephone:  415-577-6660
Facsimile:  415-869-5380
E-mail: sljoseph@earthlink.net

Attorney for Plaintiff ALTIN HAVAYOLU
TASIMACILIGI TURIZM VE TIC. A.S.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC. A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>              Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,<br><br>              Defendants. | Case No. CV 07-6475 EDL<br><br>ASSIGNED TO THE HONORABLE ELIZABETH D. LAPORTE<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL**<br><br>[FRCP 11]<br><br>Date: June 3, 2008<br>Time: 9:00 a.m.<br>Courtroom: E |

1    Plaintiff filed a Motion For Sanctions Against Defendants And Defendants' Counsel For
2 Intentional Violation Of Rule 11 (hereinafter "Plaintiff's Motion For Sanctions").
3    The Court's findings of fact and conclusions of law are as follows:
4    A.  Defendants and their counsel filed a Motion For Sanctions Against Plaintiff And
5 Plaintiff's Counsel under Rule 11 of the Federal Rules of Civil Procedure against Plaintiff and
6 its counsel.
7    B.  Defendants and their counsel filed their Motion For Sanctions knowing that it could
8 not possibly be granted because of their indisputable failure to comply with the strict 21 day
9 safe harbor requirement in Rule 11(c)(2). They filed it solely for the improper purposes of
10 harassing Plaintiff and its counsel and needlessly increasing the cost of this litigation in
11 violation of Rule 11(b)(1).
12    C.  Defendants' counsel, Patrick J. Richard, filed Defendants' Motion For Sanctions
13 knowing that it could not possibly be granted because of the indisputable failure to comply with
14 the 21 day safe harbor requirement in Rule 11(c)(2). He knew that the motion was not
15 warranted by existing law. He did not argue that existing law should be extended, modified, or
16 reversed or that new law should be established. Any such argument would have been frivolous.
17 His filing and prosecution of the motion violated Rule 11(b)(2).
18    D. Defendants' counsel gave Plaintiff's counsel seven days notice to "dismiss" the
19 Complaint and stated that Defendants' Motion For Sanctions would be filed if this was not
20 done. In its ruling on Defendants' Motion To Dismiss, Or In The Alternative, To Change Venue
21 ("Motion To Dismiss"), the Court rejected Defendants' request that the case be dismissed and
22 ruled that this case would be transferred to the U.S. District Court for the Southern District of
23 Florida. Therefore, as Defendants and their counsel knew, there could be no possible basis for
24 Rule 11 sanctions against Plaintiff based upon their notice. Nevertheless, they prosecuted their
25 Motion For Sanctions in order to harass Plaintiff and its counsel and needlessly increase the
26 cost of litigation, thereby violating Rule 11(b)(1).
27    E. In its ruling on Defendants' Motion To Dismiss, the Court stated: "There is no
28 evidence that Plaintiff is harassing Defendant by filing this action, nor has there been a showing

1  of bad faith or frivolousness by Plaintiff." The Court did not award legal fees against Plaintiff,
2  despite the fact that Defendants had asked the Court to do so pursuant to Rule 11. Nevertheless,
3  they prosecuted their Motion For Sanctions in order to harass Plaintiff and its counsel and
4  needlessly increase the cost of litigation, thereby violating Rule 11(b)(1).

5      F. Defendants and their counsel have acted maliciously towards Plaintiff and its counsel
6  and in bad faith by filing and prosecuting their Motion For Sanctions.

7      G. An award of reasonable attorney's fees and other expenses directly resulting from the
8  aforesaid violations of Rule 11 is warranted for effective deterrence of such conduct.

9      H. In addition, substantial penalties against Defendants' and their counsel are warranted
10 for effective deterrence of such conduct.

11     Accordingly, the Court orders as follows:

12     1. Plaintiff's Motion For Sanctions is granted.

13     2. Plaintiff is awarded attorney's fees in the amount of $_____ and expenses
14 in the amount of $ _____, to be paid to Plaintiff's counsel within thirty days
15 of the date of this order. Defendant Sivakumar Sinnarajah, Defendant H&S Group
16 Of Companies, Inc., the law firm of Nossaman, Guthner, Knox & Elliott, and
17 Patrick J. Richard are jointly and severally responsible for the payment of said
18 attorney's fees and expenses.

19     3. Patrick J. Richard shall pay a penalty in the amount of $_____ into the
20 court within thirty days of the date of this order. The law firm of Nossaman,
21 Guthner, Knox & Elliott is jointly responsible for the payment of the penalty.

22     4. Defendants Sivakumar Sinnarajah and H&S Group Of Companies, Inc. shall pay a
23 penalty in the amount of $_____ into the court within thirty days of the date
24 of this order. They are jointly and severally responsible for the payment of the
25 penalty.

26     5. No monetary sanction is being imposed against Defendants Sivakumar Sinnarajah or
27 H&S Group Of Companies, Inc. for violating Rule 11(b)(2) as they are represented
28 parties. The sanctions against them are only for violations of Rule 11(b)(1).

6. All sanctions imposed herein are limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.

**IT IS SO ORDERED**

Dated: _____, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF MARIN**

I, SIMONE H. JOSEPH, am employed in the County of Marin and not a party to the within action. My business address is P.O.. Box 221, Tiburon, CA 94920-0221. On **March 17, 2008**, I served the foregoing document described as [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL on the interested parties in this action as follows:

> NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
> PATRICK J. RICHARD
> 50 California Street, Thirty-Fourth Floor
> San Francisco, CA 94111-4707
> Fax: (415) 398-2438

**[ X ]   BY U.S. MAIL.** I placed a true copy thereof in a sealed envelope with postage fully prepaid in the United States Mail at Tiburon, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing stated herein.

**[ X ]   BY FAX.** I served the foregoing document by fax from fax number 415-869-5380, to the fax number above. The transmission was complete and no error was reported by the machine. I caused the machine to print a record of the transmission that shows that transmission was successful and which I have retained.

**[ ]   BY FEDERAL EXPRESS.** I maintain an account with Federal Express. I placed a true copy thereof in a sealed Federal Express Envelope, Pak or other container and deposited it with Federal Express in Tiburon, California. The name and address on the Airbill was as shown on the attached Service List. The Airbill was marked for "FedEx Priority Overnight (Next business morning)" delivery. The Airbill was marked to indicate that payment for the delivery is to be charged to my account. The Airbill was marked to permit delivery without obtaining a signature.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **March 17, 2008** at Tiburon, California.

*/s/ SH Joseph*

_____
SIMONE H. JOSEPH