# EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11

# PART 1 OF 2

# EXHIBITS A TO D

STEPHEN L. JOSEPH (SBN 189234)
P.O. Box 221
Tiburon, CA 94920-0221
Telephone: 415-577-6660
Facsimile: 415-869-5380
E-mail: sljoseph@earthlink.net

Attorney for Plaintiff ALTIN HAVAYOLU
TASIMACILIGI TURIZM VE TIC. A.S.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC. A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. CV 07-6475 EDL<br><br>ASSIGNED TO THE HONORABLE ELIZABETH D. LAPORTE<br><br>**EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11**<br><br>Date: June 3, 2008<br>Time: 9:00 a.m.<br>Courtroom: E |

# EXHIBIT A

LAW OFFICES
# NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

50 CALIFORNIA STREET, THIRTY-FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 TEL  (415) 398-2438 FAX
www.nossaman.com

PATRICK J. RICHARD
(415) 438-7278 Direct
prichard@nossaman.com

REFER TO FILE #
111111-2222

January 28, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Stephen L. Joseph Esq.
3701 Sacramento Street, #500
San Francisco, CA 94118

Re: **Altin Havayolu Tasimaciligi Turizm Ve Tic, A.S.
v. Sivakumar Sinnarajah, *et al.*
United State District Court Case No. 07-6475**

Dear Mr. Joseph:

Last Friday afternoon, January 25, 2008, you and I had a telephone conversation. I told you that I had just received papers that you had apparently had served on defendants, shortly after Christmas. When I told you that Mr. Sinnarajah was out of the country, you immediately responded "read Rule 4" telling me that there had been substituted service. You also told me that you had received telephone calls from other lawyers purporting to represent defendants, also asking for a short extension of time. Some confusion in this matter is completely understandable, given that Mr. Sinnarajah was only recently provided with copies of the complaint and related papers, lives in Florida, and does not have counsel in California. His Florida counsel contacted more than one lawyer in California seeking counsel. Whether other attorneys in California had contacted you asking for an extension, however, is completely irrelevant to the fact that you refused this basis courtesy when I called, and apparently when Mr. Sinnarajah's lawyer in Florida, Mr. David Haber, spoke with you, as confirmed in his letter to you, a copy of which I attach hereto as Exhibit "A."

In any event, you refused to grant me even a 24 hour extension, telling me, *inter alia*, that I could apply to the Court. Although you told me that Mr. Sinnarajah could not afford me, I would be tempted to take this case for free to prevent the gross miscarriage of justice your sharp practices would otherwise cause. And, now that I have had an opportunity to review both your complaint and the Lease, which you did not attach to the complaint, I find your allegations attempting to boot strap personal jurisdiction in California to be, sadly, consistent with your refusal to grant me a 24 hour extension.

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

Mr. Stephen L. Joseph Esq.
January 28, 2008
Page 2

    In the event that you do not dismiss the complaint prior to the hearing of this matter, we, of course, reserve the right to seek Rule 11 sanctions and attach a copy of this correspondence in any such application.

    As I said to you in our telephone call on Friday, one of the values we bring to the profession is some distance from our clients such that, regardless of the dispute between them, some modicum of professional courtesy between attorneys is essential. You, on the contrary, seek some tactical advantage through bad behavior. Shame on you.

Sincerely yours,

Patrick J. Richard
of NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

PJR/cte
Enc. (Mr. Dale's correspondence – Exh. A)

222541_1.doc

LOS ANGELES   SAN FRANCISCO   ORANGE COUNTY   SACRAMENTO   WASHINGTON, D.C./VIRGINIA   AUSTIN   SEATTLE

# EXHIBIT B

LAW OFFICES
## NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

50 CALIFORNIA STREET, THIRTY-FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 TEL  (415) 398-2438 FAX
www.nossaman.com

PATRICK J. RICHARD
(415) 438-7278 Direct
prichard@nossaman.com

REFER TO FILE #
300235-0001

February 22, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Stephen L. Joseph Esq.
Post Office Box 221
Tiburon, CA 94920-0221

Re:  **Altin Havayolu Tasimaciligi Turizm VE TIC**, *et al.*
**v. Sivakumar Sinnarajah**, *et al.*
**U.S. Northern District Court Case No. CV 07-6475 EDL**

Dear Mr. Joseph:

I am surprised that you have not dismissed the Complaint. Therefore I am reluctantly enclosing a motion for Rule 11 sanctions. We will file it if the offending pleading--your complaint--is not dismissed by Friday, February 29, 2008.

Sincerely yours,

Patrick J. Richard
of NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

PJR/cte
Enc. (Rule 11 motion)

223466_1.doc

LOS ANGELES   SAN FRANCISCO   ORANGE COUNTY   SACRAMENTO   WASHINGTON, D.C./VIRGINIA   AUSTIN   SEATTLE

# EXHIBIT C

# LAW OFFICES
## *of*
# STEPHEN L. JOSEPH, ESQ.

**P.O. BOX 221
TIBURON, CA 94920-0221
TELEPHONE: (415) 577-6660
FAX: (415) 869-5380
E-MAIL: sljoseph.law@earthlink.net**

## FAX TRANSMITTAL SHEET

DATE: March 11, 2008

FROM: Stephen L. Joseph

TO: Patrick J. Richard

TRANSMIT TO FAX NUMBER: (415) 398-2438

NUMBER OF PAGES (INCLUDING THIS PAGE): 3

DOCUMENT: Letter regarding Rule 11

---

**COMMENTS:**

PLEASE NOTE: THIS FAX AND THE INFORMATION IT CONTAINS ARE INTENDED TO BE A CONFIDENTIAL AND PRIVILEGED COMMUNICATION ONLY TO THE PERSON(S) SPECIFIED IN THE "TO" LINE ABOVE. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

LAW OFFICES
*of*
# STEPHEN L. JOSEPH, ESQ.

P.O. BOX 221
TIBURON, CA 94920-0221

*Admitted in California and the District of Columbia*

TELEPHONE: (415) 577-6660
FAX: (415) 869-5380
E-MAIL: sljoseph.law@earthlink.net

March 11, 2008

Patrick J. Richard, Esq.
Nossaman, Guthner, Knox & Elliott, LLP
50 California Street
34th Floor
San Francisco, CA 94111-4707

Dear Mr. Richard:

I am responding to your letter dated February 22, 2008. In that letter, you stated that you would file the Rule 11 motion that was enclosed with the letter if the complaint was not dismissed by February 29, 2008. My response is as follows:

1. Rule 11 states: "The [Rule 11] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The rule is crystal clear.

    It is now 18 days since you served me with the Rule 11 motion. I am hereby consenting to the transfer of the case to the U.S. District Court for the Southern District of Florida, or the refiling of the case in the U.S. District Court for the Southern District of Florida if that is what the court here in San Francisco orders. My consent is within the 21 day period.

2. If you file the Rule 11 motion without having given me the full 21 days to withdraw or appropriately correct the paper, then you will be violating Rule 11. Therefore, I would definitely file a Rule 11 motion against you for your intentional, knowing and blatant violation of Rule 11. Indeed, at page 3 of your Rule 11 motion, you acknowledge that the 21 day requirement is a "safe harbor."

3. Under Local Rule 7-8, a Rule 11 "motion...must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." You received a copy of the Complaint on or before January 24, 2008 and filed your motion to dismiss or transfer on January 28, 2008. However,

March 11, 2008
Patrick J. Richard, Esq.
Page Two

> you waited until February 22, 2008 to serve the Rule 11 motion on me. There is no justification for the almost one month delay. Even if you could justify the delay, you would still not be in compliance with the 21 day requirement.

4. I will not address here why I believe that the assertion of jurisdiction in California was appropriate. I am certainly not waiving those arguments. They are simply outside the scope of this letter.

If you file the Rule 11 motion, I assure you that you will receive one in return, and deservedly so.

Sincerely,

Stephen L. Joseph

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME   : 03/11/2008 15:59
                                            NAME   : STEPHEN JOSEPH
                                            FAX    : 4158695380
                                            TEL    : 4155776660
                                            SER.#  : E7J440657


    DATE,TIME                  03/11  15:59
    FAX NO./NAME               14153982438
    DURATION                   00:00:45
    PAGE(S)                    03
    RESULT                     OK
    MODE                       STANDARD
                               ECM
```

# LAW OFFICES
## *of*
# STEPHEN L. JOSEPH, ESQ.

## P.O. BOX 221
## TIBURON, CA 94920-0221
## TELEPHONE: (415) 577-6660
## FAX: (415) 869-5380
## E-MAIL: sljoseph.law@earthlink.net

## FAX TRANSMITTAL SHEET

DATE: March 11, 2008

FROM: Stephen L. Joseph

TO: Patrick J. Richard

TRANSMIT TO FAX NUMBER: (415) 398-2438

NUMBER OF PAGES (INCLUDING THIS PAGE): 3

DOCUMENT: Letter regarding Rule 11

---

**COMMENTS:**

# EXHIBIT D

LAW OFFICES

# NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

THIRTY-FOURTH FLOOR
50 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 - Office
(415) 398-2438 - Fax

**Date:** 3/12/08    **Time:** 9:13 am    **Pages** (including cover page): 3

**To:** Mr. Stephen L. Joseph Esq.
**Firm:**
**Fax:** (415) 869-5380    **Main No.:** (415) 557-6660

**File No:** 300235-0001

**From:** Patrick J. Richard    **e-mail:** prichard@nossaman.com

*Comments:*

### ORIGINAL WILL NOT BE SENT

*IF YOU DO NOT RECEIVE THE NUMBER OF PAGES INDICATED ABOVE,*
PLEASE CALL   Catherine T. Edwards   AT   (415) 398-3600

*ATTENTION:*
*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return this original message to us at the above address via the US Postal Service. Thank you.*

LAW OFFICES

## NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

50 CALIFORNIA STREET, THIRTY-FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4707
(415) 398-3600 TEL (415) 398-2438 FAX
www.nossaman.com

PATRICK J. RICHARD
(415) 438-7278 Direct
prichard@nossaman.com

REFER TO FILE #
300235-0001

March 12, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Stephen L. Joseph Esq.
Post Office Box 221
Tiburon, CA 94920-0221

Re:   **Altin Havayolu Tasimaciligi Turizm VE TIC, et al.**
      **v. Sivakumar Sinnarajah, et al.**
      U.S. Northern District Court Case No. CV 07-6475 EDL

Dear Stephen:

Thank you for your letter of March 11th. As you know, the Rule provides that the court may proscribe a period other than 21 days ("or such other period as the court may proscribe.") In this case, we will ask that the court to proscribe a shorter time period than 21 days because the court was crystal clear that your allegations and proof as to jurisdiction were meritless. Indeed, the word that the court used was "dubious." Further, your "consent" to transfer the case to Florida appears to be conditional in that you state "if that is what the court here in San Francisco orders." Waiting to see what the court will do, and requiring that we appear at the hearing, is precisely the reason you should have agreed to refile in Florida weeks ago.

You had your chance to dismiss the complaint before the hearing. You chose not to do so.

With respect to your statement that I had "no justification" for waiting until February 22 to serve the Rule 11 motion, you are again mistaken. Plaintiff had the obligation, and the opportunity, to submit facts demonstrating personal jurisdiction as to the defendants, and demonstrating that California was the appropriate forum. As soon as I received your meritless "opposition" I sent the request. I find your knee-jerk treat to seek sanctions of dubious merit, noteworthy only for the consistency with which you disregard substance and sense.

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

Mr. Stephen L. Joseph Esq.
March 12, 2008
Page 2

    You ignored that request and you ignored my request at the outset to dismiss this action. The motion stands. We intend to seek reasonable attorney's fees for your preposterous conduct, meritless opposition brief, and pointless complaint. I am, however, happy to discuss with you the merits of our motion and a potential compromise resolution.

                                Sincerely yours,

                                Patrick J. Richard
                                of NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

PJR/cte