STEPHEN L. JOSEPH (SBN 189234)
P.O. Box 221
Tiburon, CA 94920-0221
Telephone:  415-577-6660
Facsimile:  415-869-5380
E-mail: sljoseph@earthlink.net

Attorney for Plaintiff ALTIN HAVAYOLU
TASIMACILIGI TURIZM VE TIC. A.S.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC. A.S., a corporation organized under the laws of Turkey,  doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>                Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV 07-6475 EDL

ASSIGNED TO THE HONORABLE
ELIZABETH D. LAPORTE

**PLAINTIFF'S OPPOSITION AND
OBJECTION TO DEFENDANTS'
MOTION FOR SANCTIONS AGAINST
PLAINTIFF AND PLAINTIFF'S
COUNSEL; COUNTERREQUEST FOR
SANCTIONS; DECLARATION OF
STEPHEN L. JOSEPH**

[FRCP 11]

[Supporting exhibits are contained in the filing entitled Exhibits In Support Of Plaintiff's Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11]

Date: June 3, 2008
Time: 9:00 a.m.
Courtroom: E

---

1

1

**<u>TABLE OF CONTENTS</u>**

2

<u>PAGE</u>

3    I. INTRODUCTION                                                      1

4    II. OBJECTION                                                        1

5    III. OVERLAP BETWEEN BRIEFS                                          5

6    IV. STATEMENT OF FACTS                                               6

7    V. ARGUMENT                                                          11

8         A.  Defendants Have Intentionally And Flagrantly Violated      11
9             Rule 11(c)(2)

10        B.  In Violation Of Rule 11(b)(1), Defendants And Their         13
11            Counsel Have Filed Their Motion For Sanctions For The
12            Improper Purposes Of Harassing Plaintiff And Its Counsel
13            And Needlessly Increasing The Cost Of Litigation

14        C.  In Violation Of Rule 11(b)(2), Defendants' Counsel Knows    13
15            That Defendants' Motion For Sanctions Is Not Warranted
16            By Existing Law Or By A Nonfrivolous Argument For
17            Extending, Modifying, Or Reversing Existing Law Or For
18            Establishing New Law

19        D.  In Violation Of Rule 11(b)(1), Defendants And Their         14
20            Counsel Have Filed Their Motion For Sanctions Despite
21            The Fact That The Court Refused To Dismiss The Case

22        E.  In Violation Of Rule 11(b)(1), Defendants And Their         14
23            Counsel Have Filed Their Motion For Sanctions Despite
24            The Fact That The Court Ruled That Plaintiff's Did Not
25            Harass Defendants Or Act In Bad Faith Or Frivolously

26        F.  Substantial Sanctions Including A Penalty Against           17
27            Defendants and Their Counsel Are Requested And
28            Warranted

---

2

1

VI. CONCLUSION                                                    19

2

DECLARATION OF STEPHEN L. JOSEPH                        20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

1

## TABLE OF AUTHORITIES

2

PAGE

3 *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989)

16

4 214 Cal.App.3d 1

5 *Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998)                                    11

6 *Flynt Distributing Company v. Harvey,* 734 F.2d 1389 (9th Cir. 1984)    16-17

7 *Holgate v. Levinson,* 425 F.3d 671 (9th Cir. 2005)                              12

8 *Patelco Credit Union v. Sahni,* 262 F.3d 897 (9th Cir. 2001)               17

9

10 Federal Rules of Civil Procedure, Rule 11                                       *passim*

11

12 California Rules of Professional Conduct, Rule 3-200                       12-13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants have filed a Motion For Sanctions against Plaintiff and its counsel under Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Defendants' Motion For Sanctions"). Plaintiff and its counsel hereby oppose and object to Defendants' Motion For Sanctions and counterrequest sanctions.

### II. OBJECTION

Plaintiff **strongly objects** to the filing of Defendants' Motion For Sanctions because Defendants and their counsel failed to comply with the strict 21 day pre-filing requirement in Rule 11(b)(2) of the Federal Rules of Civil Procedure ("FRCP). The failure to comply with Rule 11(b)(2) is a bar to consideration of Defendants' Motion For Sanctions and Plaintiff requests that the court refuse to consider the merits of the motion. **Nothing herein is intended to waive said objection.**

Based on the failure to comply with the 21 day pre-filing requirement, Plaintiff has filed a Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11 (hereinafter "Plaintiff's Motion For Sanctions").

### III. OVERLAP BETWEEN BRIEFS

There are large areas of overlap between this Memorandum and the Memorandum in support of Plaintiff's Motion For Sanctions.

A. The Statement of Facts sections are **identical**. There is no need for the court to read the same material twice.

B. Argument subsections A through D are **identical**. There is no need for the court to read the same material twice.

C. Argument subsections E and F are ***different***. Subsection E commences at page 14 of this brief.

D. The Declarations of Stephen L. Joseph are ***identical except for paragraph 4 and a new paragraph 27*** that has been added to the declaration appended hereto.

E. The exhibits are **identical**. All exhibits referred to in this brief are references to the

1    exhibits in the filing entitled "Exhibits In Support Of Plaintiff's Motion For

2    Sanctions Against Defendants And Defendants' Counsel For Intentional Violation

3    Of Rule 11."

4                        IV. **STATEMENT OF FACTS**

5    On **December 27, 2007**, Plaintiff filed the Complaint in the U.S. District Court for the

6    Northern District of California. On the same day, Plaintiff's counsel e-mailed a court-stamped

7    copy of the Summons and Complaint to Defendants. In the e-mail, Plaintiff's counsel stated:

8            On behalf of Golden International Airlines [which is Plaintiff's
             trading name], I filed a lawsuit against you and H&S today. A copy
9            of the court-stamped Summons and Complaint is attached.

10   *See* Joseph Dec ¶5-7.

11   On **January** 7, **2008**, Defendants were served with the Summons and Complaint. *See*

12   Joseph Dec ¶8. Defendants claim that they did not learn of the Complaint until the **week of**

13   **January 21, 2008**.  *See* Defendants' Motion To Dismiss, Or In The Alternative, To Change

14   Venue (hereinafter "Motion To Dismiss") at 2, line 5.

15   On **January 28, 2008**, Defendants' counsel wrote to Plaintiff's counsel Stephen L.

16   Joseph stating that he had received the Summons and Complaint from Defendant on **January**

17   **25, 2008**. In the letter, he stated : "In the event that you do not *dismiss* the complaint prior to the

18   hearing of the matter, we of course, reserve the right to seek Rule 11 sanctions and attach a

19   copy of this correspondence in any such application." [Emphasis added.] Joseph Dec ¶9;

20   Exhibit A.

21   On **January 28, 2008**, Defendants filed their Motion To Dismiss. In said motion, they

22   argued that the Complaint should have been filed in Florida.

23   On **February 12, 2008**, Plaintiff filed its opposition to the Motion To Dismiss.

24   On **February 22, 2008**, Defendants' counsel served a copy of Defendants' Motion For

25   Sanctions on Plaintiff's counsel with a letter stating as follows:

26           I am surprised that you have not dismissed the Complaint. Therefore
27           I am reluctantly enclosing a motion for Rule 11 sanctions. We *will*
             file it if the offending pleading – your complaint – is not *dismissed*
28           *by Friday, February 29, 2008*. [Emphasis added]

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

Joseph Dec ¶12; Exhibit B.

This was a mere seven days notice. Defendants' counsel cannot say that he did not know at that time that under Rule 11 he was required to give Plaintiff 21 days notice to withdraw or correct the pleading, because in the body of the Motion For Sanctions that he signed and which he sent to Plaintiff's counsel with the letter (and which he has filed in this Court) he stated as follows:

> Rule 11 provides that a motion for sanctions should be filed independently; moreover, it should not be filed for at least 21 days after the motion has been served. This "safe harbor" rule protects parties from being sanctioned without having the opportunity to withdraw their position. (See, Fed. R. Civ. P. 11)

Defendants' Motion For Sanctions at 3, lines 1-4. There was not one word of explanation for the unilateral reduction of the 21 day consideration period or why Defendants' counsel arbitrarily decided it should be seven days. He knew he had to give 21 days notice, but he chose to give only seven.

As we have seen, Defendants' counsel stated in his February 22, 2008 letter that he "will" file the Rule 11 motion if Plaintiff did not dismiss the complaint by February 29, 2008. Exhibit B. Defendants' counsel was stating that he would definitely file the Rule 11 Motion For Sanctions even if Plaintiff would have dismissed the complaint between the 8th and 21st day after service of the Motion For Sanctions.

**On February 25, 2008**, Defendants filed their reply brief in support of their Motion To Dismiss *and asked the Court to award attorney's fees citing Rule 11*. Defendants' Reply Memorandum In Support Of Motion To Dismiss, Or In The Alternative, To Change Venue at 1, lines 12-14.

On **March 11, 2008**, this court held a hearing on the Motion To Dismiss and stated from the bench that it would either dismiss the case without prejudice or transfer the case to the U.S. District Court for the Southern District of Florida. This was **18 days** after Defendants' counsel had served the Motion For Sanctions on Plaintiff's counsel.

Following the hearing on **March 11, 2008**, Plaintiff's counsel faxed a letter to Defendants' counsel stating as follows:

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

I am responding to your letter dated February 22, 2008. In that letter, you stated that you would file the Rule 11 motion that was enclosed with the letter if the complaint was not dismissed by February 29, 2008. My response is as follows:

1. Rule 11 states: "The [Rule 11] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The rule is crystal clear.

It is now 18 days since you served me with the Rule 11 motion. I am hereby consenting to the transfer of the case to the U.S. District Court for the Southern District of Florida, or the refiling of the case in the U.S. District Court for the Southern District of Florida if that is what the court here in San Francisco orders. My consent is within the 21 day period.

2. If you file the Rule 11 motion without having given me the full 21 days to withdraw or appropriately correct the paper, then you will be violating Rule 11. Therefore, I would definitely file a Rule 11 motion against you for your intentional, knowing and blatant violation of Rule 11. Indeed, at page 3 of your Rule 11 motion, you acknowledge that the 21 day requirement is a "safe harbor."

3. Under Local Rule 7-8, a Rule 11 "motion…must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." You received a copy of the Complaint on or before January 24, 2008 and filed your motion to dismiss or transfer on January 28, 2008. However, you waited until February 22, 2008 to serve the Rule 11 motion on me. There is no justification for the almost one month delay. Even if you could justify the delay, you would still not be in compliance with the 21 day requirement.

Joseph Dec ¶16; Exhibit C.

On **March 12, 2008**, which was **19 days** after the Motion For Sanctions had been served on Plaintiff's counsel, Defendants' counsel responded to said letter stating in relevant part as follows:

As you know the Rule provides that the court may proscribe a period other than 21 days ("or such other period as the court may proscribe.") In this case, we will ask that the court to proscribe a shorter time period than 21 days because the court was crystal clear that your allegations and proof as to jurisdiction were meritless….

1    Joseph Dec ¶17; Exhibit D.

2        This statement by Defendants' counsel that he would ask the Court to proscribe a

3    shorter period *ex post facto* is absurd and clearly made in bad faith. In any event, he did not file

4    any such motion.

5        Defendants' counsel also stated as follows in his March 12 letter:

6            Further, your "consent" to transfer the case to Florida appears to be
             conditional in that you state "if that is what the court here in San

7            Francisco orders.

8        On **March 12, 2008**, Plaintiff's counsel sent a fax to Defendants' counsel stating as

9    follows:

10           My consent to the transfer of the case to Florida is not conditional
11           on anything. It is unconditional. I am agreeing that the case will not
             be prosecuted in California. The case will be moved to Florida,
12           either by transfer or refiling. I don't know how I can be clearer than
             that.
13

14           You know my position about the 21 day deadline and nothing in
15           your letter changes my mind. You could have served the Rule 11
             motion earlier and given me 21 days, but you didn't. I have black
16           letter law on my side. There's no grey area here. It's a 21 day "safe
             harbor." If you violate it, you subject yourself to a Rule 11 motion.
17

18   Joseph Dec ¶18; Exhibit E. Plaintiff was unconditionally withdrawing the contention that the

19   case should move forward in California.

20       On **March 12, 2008**, this court issued its written ruling on the Motion To Dismiss

21   stating in relevant part as follows.

22           Dismissal, rather than transfer, may be appropriate where the
             plaintiff is harassing the defendants, acting in bad faith or forum
23           shopping; where the plaintiff's action is frivolous; or where the
24           transfer would be futile because the case would be dismissed even
             after transfer. See *King v. Russell*, 963 F.2d 1301, 1304 (9th
25           Cir.1992).

26           Here, this action could have been brought in Florida. See 28 U.S.C.
             § 1391. All Defendants, records and witnesses are located there.
27           *There is no evidence that Plaintiff is harassing Defendant by filing
             this action, nor has there been a showing of bad faith or*
28           *frivolousness by Plaintiff.* Further, there is no indication that

---

9

1
2
3

transfer would be futile. Transfer of this case to Florida is in the interest of justice. At the hearing, the parties agreed that the proper transferee district in Florida is the Southern District. [Emphasis added.]

4      On **March 12, 2008**, which was **19 days** after Defendants had served their Motion for

5  Sanctions on Plaintiff's counsel, they filed it. They did not wait for the 21 day safe harbor

6  period to expire.

7      On **March 12, 2008**, Defendants' counsel filed a declaration explaining why he filed the

8  Motion For Sanctions, stating as follows:

9
10
11
12
13

On or about February 22, 2008, I requested plaintiff's counsel, Stephen Joseph to dismiss the Complaint. He refused. Pursuant to FRCP Rule 11, I enclosed a copy of defendants' motion for sanctions indicating that if the complaint is not *dismiss* (sic) *on or before February 29th*, that defendants *would have no other choice but to file the motion. As of the date of this declaration, the complaint was never dismissed.* [Emphasis added]

14  Declaration Of Patrick J. Richard In Support Of Defendants' Motion For Sanctions Against

15  Plaintiff And Plaintiff's Counsel ¶5 filed on March 12, 2008 ("Richard Dec"). Defendants'

16  counsel did not even *attempt* to explain why had given only seven days notice and not 21 days.

17  The declaration is dated February 29, 2008. Nothing that happened after February 29, 2008 was

18  relevant or worthy of mention as far as Defendants' counsel was concerned. Defendants'

19  counsel did not provide copies of any of the correspondence of March 11 or 12.

20      On **March 14, 2008**, which was **21 days** after Defendants had served their Motion for

21  Sanctions on Plaintiff's counsel, Plaintiff's counsel sent a letter by fax and an e-mail to

22  Defendants' counsel stating as follows:

23
24
25

The U.S. District Court for the Northern District of California has ordered that the case will be transferred to the U.S. District Court for the Southern District of Florida and not dismissed. Plaintiff is hereby confirming and agreeing as follows:

26
27

1. Plaintiff unconditionally and irrevocably consents to the transfer of the case to the U.S. District Court for the Southern District of Florida.

28

2. Plaintiff unconditionally and irrevocably waives all rights to file a motion for reconsideration of the Court's decision to transfer the

10

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

1

2

case to the U.S. District Court for the Southern District of Florida or to appeal said decision.

3

Joseph Dec ¶¶21, 22; Exhibits F, G.

4

On **March 14, 2008**, the case was transferred to the U.S. District Court for the Southern

5

District of Florida.

6

### V. <u>ARGUMENT</u>

7

### A. <u>Defendants And Their Counsel Have Intentionally And Flagrantly Violated Rule 11(c)(2)</u>

8

9

Rule 11(c)(2) of the Federal Rules of Civil Procedure is a mandatory "safe harbor" rule,

10

as Defendants' counsel has admitted. The rule states in relevant part as follows:

11

12

13

14

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it *must* not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." [Emphasis added]

15

16

Defendants gave Plaintiff seven days to dismiss the case, ignored Plaintiff's consent to

17

transfer the case to Florida on day 18, and filed the motion on day 19. This all violates the 21

18

day requirement of Rule 11(c)(2) and constitutes bad faith.

19

In *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998), the court held that the procedural

20

requirements of the Rule 11(c)(1)(A) safe harbor are mandatory. *Id.* at 710-11. In *Barber*, even

21

though a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11

22

sanctions, these warnings did not satisfy the strict requirement that a motion be served on the

23

opposing party 21 days prior to filing. *Id.* at 710. The court stated:

24

25

26

The district court observed that Imageware had given multiple warnings to Carlsen about the defects of his claim. Those warnings were not motions, however, and the Rule requires service of a motion....

27

28

It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion.

---

11

1    *Id.* at 710.

2        In *Holgate v. Levinson*, 425 F.3d 671, 677-78, (9th Cir. 2005), the court stated:

3
4
5
6
7
8
9
10
11

> The 1993 Amendments to Rule 11, however, place stringent notice
> and filing requirements on parties seeking sanctions. When Rule 11
> sanctions are initiated by motion of a party, that motion must be
> separate "from other motions or requests" and must "describe the
> specific conduct alleged to violate" Rule 11(b). Fed. R.Civ.P.
> 11(c)(1)(A). In addition, the Rule's safe harbor provision requires
> parties filing such motions to give the opposing party 21 days first to
> "withdraw or otherwise correct" the offending paper. *Id. We enforce
> this safe harbor provision strictly.* See *Radcliffe v. Rainbow Const.
> Co.*, 254 F.3d 772, 788-89 (9th Cir.2001) (citing *Barber v. Miller*,
> 146 F.3d 707, 710-11 (9th Cir.1998)). We must reverse the award of
> sanctions when the challenging party failed to comply with the safe
> harbor provisions, even when the underlying filing is frivolous.
> *Barber*, 146 F.3d at 711. [Emphasis added]

12        Let us review again the declaration that Defendants' counsel filed in support of the

13   Motion For Sanctions:

14
15
16
17
18

> On or about February 22, 2008, I requested plaintiff's counsel,
> Stephen Joseph to dismiss the Complaint. He refused. Pursuant to
> FRCP Rule 11, I enclosed a copy of defendants' motion for
> sanctions indicating that if the complaint is not dismiss (sic) *on or
> before February 29th*, that defendants *would have no other choice
> but to file the motion*. As of the date of this declaration [February 29,
> 2008], the complaint was never dismissed. [Emphasis added]

19   Richard Dec ¶5. Defendants' counsel is basing his Motion For Sanctions on a seven day notice

20   period. He knows that is wrong and yet he proceeds regardless of the consequences.

21        The 1993 Advisory Committee Notes on the amendments to Rule 11 state: "As under

22   former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the

23   rule and can lead to sanctions."

24        Independently of Rule 11, the California Rules of Professional Conduct addresses this

25   type of situation:

26
> Rule 3-200. Prohibited Objectives of Employment

27
28
> A member shall not seek, accept, or continue employment if the
> member knows or should know that the objective of such
> employment is:

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

(A) To bring an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or

(B) To present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law.

**B.** **In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their Motion For Sanctions For The Improper Purposes Of Harassing Plaintiff And Its Counsel And Needlessly Increasing The Cost Of Litigation**

It seems that Defendants' counsel, Patrick J. Richard, doesn't care in the least whether he has violated the 21 day safe harbor requirement in Rule 11. The *only possible* reasons for his filing of the Motion For Sanctions in flagrant violation of the 21 day rule are to (i) harass Plaintiff including *intentionally and maliciously causing Plaintiff's counsel to spend many hours preparing this motion and memorandum which he knew Plaintiff's counsel would be forced to do*, and (ii) needlessly increase the cost of this litigation. He has thereby violated Rule 11(b)(1).

**C.** **In Violation Of Rule 11(b)(2), Defendants' Counsel Knows That Defendants' Motion For Sanctions Is Not Warranted By Existing Law Or By A Nonfrivolous Argument For Extending, Modifying, Or Reversing Existing Law Or For Establishing New Law**

Defendants' counsel, Patrick J. Richard, knows that under existing law there is a strict 21 day safe harbor requirement. He knows his Motion For Sanctions flies in the face of  the clear wording of Rule 11(b)(2). He has not argued, and could not argue, the rule should be "extended, modified, or reversed." Any such argument would be frivolous.

In accordance with Rule 11(c)(5)(A), no monetary sanction is requested against Defendants for violation of Rule 11(b)(2) as they are represented parties. The sanction for violation of Rule 11(b)(2) is requested against Defendants' counsel only.

1
2
3

**D.   In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their Motion For Sanctions Despite The Fact That The Court Refused To Dismiss The Case**

4
5
6
7
8
9
10

As we have seen, Defendants' counsel had stated in the February 22, 2008 letter to Plaintiff's counsel that "we will file [the Motion For Sanctions] if the offending pleading – your complaint – is not *dismissed* by Friday, February 29, 2008." [Emphasis added] In his declaration in support of the Motion For Sanctions, he confirmed that he filed the Motion For Sanctions because "the complaint was never *dismissed*." [Emphasis added] Declaration Of Patrick J. Richard In Support Of Defendants' Motion For Sanctions Against Plaintiff And Plaintiff's Counsel filed on March 12, 2008 .

11
12
13
14
15
16

Defendants gave Plaintiff one option: dismissal. Transfer was not an option. The court refused to *dismiss* the case and decided to *transfer* it to Florida instead. In other words, the Court did not grant the relief that Defendants' counsel was seeking in his letter. Therefore, the fact that Plaintiff did not *dismiss* the case was in accordance with the Court's decision and could not possibly be a Rule 11 violation. Nevertheless, this did not prevent Defendants from filing their Motion For Sanctions.

17
18
19

Defendants and their counsel have violated Rule 11(b)(1) in that they are harassing Plaintiff and its counsel and needlessly and intentionally increasing the cost of this litigation.

20
21
22

**E.   In Violation Of Rule 11(b)(1), Defendants And Their Counsel Have Filed Their Motion For Sanctions Despite The Fact That The Court Ruled That Plaintiff's Did Not Harass Defendants Or Act In Bad Faith Or Frivolously**

23
24

On March 12, 2008, the Court issued its order that the case be transferred to Florida. The court ruled as follows:

25
26

> There is no evidence that Plaintiff is harassing Defendant by filing this action, nor has there been a showing of bad faith or frivolousness by Plaintiff.

27

The Court did not grant Defendants' request for attorney's fees and costs under Rule 11.

28

By filing and refusing to withdraw their Motion For Sanctions, Defendants have chosen

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

to ignore the Court's finding that Plaintiff and its counsel did not act improperly and the Court's decision not to award attorney's fees. Again, this shows that Defendants and their counsel are acting without any regard for Rule 11, ethical considerations, or possible consequences. They have violated Rule 11(b)(1) in that they are harassing Plaintiff and its counsel and needlessly increasing the cost of litigation.

In fact, when Plaintiff waived its right to file a motion for consideration or appeal the court's decision in its letters and e-mail to Defendants' counsel on March 11, 12 and 14, 2008 (Exhibits C, E, F, G), it gave up a very substantial right. Plaintiff continues to believe that it could have filed a motion for consideration or appeal for two reasons.

*In discussing the reasons, Plaintiff does not waive its objection to Defendants' failure to comply with the 21 day pre-filing in requirement in Rule 11(c)(2). Plaintiff is merely demonstrating that it could have filed a motion for consideration or an appeal, but elected not to do so.*

First, the lease that is the subject of the case contained a clause in which Defendants represented and *warranted* that Defendant H&S was a *California* corporation. Plaintiff cited that clause in the jurisdiction section of the Complaint and stated that it was basing jurisdiction on enforcement of the warranty. In their Motion To Dismiss, Defendants *never even mentioned* the warranty clause or any of the other lease clauses that referred to California. In his supporting declaration, Defendant Sinnarajah (who signed the lease) gave no explanation whatsoever for the inclusion of the California warranty. The court brushed the issue aside, ruling *sua sponte* that the multiple references in the lease were "obvious cut and paste" errors, even through Defendants had never made any such allegation and had not even addressed the issue. In so doing, the court disregarded the strict reformation of contract procedure in California Code §3399 which provides as follows:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, *it may be revised on the application of a party aggrieve*d, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

1    California Code §3402 provides as follows: "A contract may be first revised and then

2    specifically enforced."

3        Defendants made no application to reform the contract to rewrite the California

4    warranty clause. In *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d

5    1, the court emphasized that there must be such an application and that there is no absolute right

6    to reformation. The court stated:

7
8           Since reformation is an equitable remedy, it may be denied if the
     mistake was the result of """the want of that degree of care and

9           diligence which would be exercised by persons of reasonable
     prudence under the same circumstances ...."" (*Fraters G. & P. Co.*

10          *v. Southwestern C. Co.* (1930) 107 Cal.App. 1, 6 [290 P. 45]; see
     also *Miller v. Lantz* (1937) 9 Cal.2d 544 , 548 [71 P.2d 585]

11          [reformation denied to defendant who failed to explain long delay in
     discovering the alleged defect in the writing, why he was precluded

12          from reading or fully comprehending the meaning of the contract
     and language used and his cross-complaint showed only a unilateral

13          mistake]; *Roller v. California Pacific Title Ins. Co.* (1949) 92
     Cal.App.2d 149 , 154 [206 P.2d 694] ["We are inclined to the view,

14          therefore, that where the failure to familiarize one's self with the
     contents of a written contract prior to its execution is traceable

15          solely to carelessness or negligence, reformation as a rule should be
     denied." (italics omitted)]; *Taff v. Atlas Assur. Co.* (1943) 58

16          Cal.App.2d 696 , 702 [137 P.2d 483] ["The reformation of [an
     insurance policy] on the ground of mistake without the exercise of

17          reasonable [214 Cal.App.3d 20] care on the part of the insured is not
     to be encouraged."]; *Nelson v. Meadville* (1937) 19 Cal.App.2d 68

18          [64 P.2d 1116] [one seeking reformation must offer a satisfactory
     explanation for the failure to read or familiarize one's self with the

19          terms of a contract].)

20
21

22   *Id.* at 19-20. In the instant case, Defendants did not satisfy or even address any of the tests

23   described in *Appalachian*.

24       Second, Plaintiff argued that individual Defendant Sinnarajah (the individual who

25   signed the lease) was subject to California jurisdiction, because Plaintiff had alleged in the

26   Complaint that he was the *alter ego* of corporate Defendant H&S and that there was complete

27   unity of interest and ownership. The court ruled that *alter ego* was not a recognized legal basis

28   for jurisdiction. Actually, *alter ego* was a perfectly good basis for jurisdiction. In *Flynt*

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

*Distributing Company v. Harvey*, 734 F.2d 1389 (9th Cir. 1984), the court stated:

> [W]here a corporation is the *alter ego* of the stockholders so as to justify disregard of the corporate entity[,] jurisdiction over the corporation will support jurisdiction over the stockholders." *Sheard v. Superior Court*, 40 Cal.App.3d 207, 210, 114 Cal.Rptr. 743 (1974).

The issue of California jurisdiction became moot when Plaintiff waived its right to file a motion for consideration or to appeal. However, Plaintiff did have a reasonable basis for its claim of jurisdiction over both Defendants, and as the court ruled, there was no showing of bad faith or frivolousness by Plaintiff.

**F.  Substantial Sanctions Including A Penalty Against Defendants and Their Counsel Are Requested And Warranted**

Plaintiff has filed a motion for sanctions against Defendants' and Defendants' counsel. Plaintiff repeats its request for sanctions here. "A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counterrequesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

Rule 11(c)(4) states:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The attorney who signed and filed Defendants' Motion For Sanctions is Patrick J. Richard. He is a partner in the law firm of Nossaman, Guthner, Knox & Elliott. He signed the Motion For Sanctions in the firm's name. Mr. Richard is no novice. He has two decades of experience as a litigator and is the chair of Nossaman's litigation department. He is a Northern California "Super Lawyer." Joseph Dec ¶23; Exhibit H.

Rule 11(c)(1) provides that a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee, absent exceptional circumstances.

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

1    Nossaman is a major national law firm. On its website, it states:

2        Nossaman is now over 130 attorneys and lobbyists strong, with
         offices in Los Angeles, San Francisco, Orange County, Sacramento,
3        Washington D.C./Virginia, Austin and Seattle. Our list of clients
         includes publicly and privately held corporations, public agencies,
4        health institutions, transportation agencies, real estate developers,
         landowners and water purveyors.
5

6    Joseph Dec ¶24; Exhibit I.

7        A major national firm such as Nossaman will not be deterred from such conduct by an

8    award of attorney's fees. It is because they can easily and painlessly absorb an award of

9    attorney's fees that they feel completely comfortable ignoring the 21 day requirement. In

10   reality, it will take a *very substantial five figure penalty and probably a six figure penalty* to

11   deter such conduct and Plaintiff urges the court to impose such a penalty in this case. The 21

12   day requirement in Rule 11 was not written to be ignored and it should not be scoffed at by a

13   major law firm confident that it can take a small financial hit.

14       The Court can decide on what kind of nonmonetary directives it should issue to ensure

15   that Nossaman and Mr. Richard take their ethical obligations seriously in the future.

16       Finally, Plaintiff requests attorney's fees and other expenses directly resulting from

17   Defendants and their counsel's violation of Rule 11 (subject to Rule 11(c)(5)(A)). An award of

18   attorney's fees against Defendants and their counsel pursuant to Rule 11(c)(5) is warranted for

19   effective deterrence.

20       Plaintiff's counsel spent 25.5 hours preparing its Motion for Sanctions that was filed on

21   March 17, 2008. Based on his standard billable rate of $450 per hour, that amounts to $11,475.

22   Joseph Dec ¶¶25-26.

23       All of the work done on Plaintiff's Motion For Sanctions is incorporated in this

24   Opposition and Objection. Plaintiff's counsel spent an additional 6.5 hours preparing the

25   additional material contained this Opposition And Objection. Based on his standard billable rate

26   of $450 per hour, the additional work amounts to $2,925. Joseph Dec ¶¶25, 27.

27       The total attorney's fees requested for work done to date is $14,400.

28

PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS

1

## VI. <u>CONCLUSION</u>

WHEREFORE, Plaintiff and its counsel request that Defendants' Motion For Sanctions not be considered and that it be denied. Plaintiff and its counsel further request that sanctions be imposed on Defendants and Defendants' counsel, including but not limited to an award of reasonable attorney's fees.

Dated: May 7, 2008          STEPHEN L. JOSEPH



_____

Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

### DECLARATION OF STEPHEN L. JOSEPH

I, Stephen Joseph, declare as follows:

1. I know all of the facts herein of my own personal knowledge, and if called upon as a witness to this proceeding, I would and could competently testify thereto under oath.

2. I am an attorney admitted to practice in the State of California and in the U.S. District Court for the Northern District of California.

3. I represent the Plaintiff in the above-captioned case.

4. I make this declaration in support of Plaintiff's Opposition And Objection To Defendants' Motion For Sanctions Against Plaintiff and Plaintiff's Counsel; Counterrequest For Sanctions.

5. On December 27, 2007, Plaintiff filed the Complaint in this case in the U.S. District Court for the Northern District of California.

6. On December 27, 2007, I e-mailed a court stamped copy of the Summons and Complaint to Defendants. In the e-mail, I stated: "On behalf of Golden International Airlines [which is Plaintiff's trading name], I filed a lawsuit against you and H&S today. A copy of the court-stamped Summons and Complaint is attached."

7. I sent the above-mentioned e-mail to four e-mail addresses, two for Defendants and two for Defendants' attorney, Jerry M. Dale, Esq. The e-mail addresses were as follows:

   - mano.sinnarajah@gmail.com
   - hsgroup@aol.com
   - jdalelaw@aol.com
   - jdalelaw@bellsouth.net

8. On January 7, 2008, Defendants were served with the Summons and Complaint.

9. On January 28, 2008, Defendants' counsel Patrick J. Richard wrote to me stating that he had received the Summons and Complaint from Defendant. In the letter, he stated: "In the event that you do not dismiss the complaint prior to the hearing of the matter, we of course, reserve the right to seek Rule 11 sanctions and attach a copy of this correspondence in any such application." A true and correct copy of the letter is Exhibit

A hereto.

10. On January 28, 2008, Defendants filed their Motion To Dismiss.

11. On February 12, 2008, Plaintiff filed its opposition to the Motion To Dismiss.

12. On February 22, 2008, Defendants' counsel served me with a copy of Defendants' proposed Motion for Sanctions and a letter from Defendants' counsel, Patrick J. Richard, stating as follows: "I am surprised that you have not dismissed the Complaint. Therefore I am reluctantly enclosing a motion for Rule 11 sanctions. We will file it if the offending pleading – your complaint – is not dismissed by Friday, February 29, 2008." A true and correct copy of the letter is Exhibit B hereto.

13. At page 3, lines 1-4 of the Motion For Sanctions that Defendants' counsel served on me on February 22, 2008, which he has filed in this Court, he stated as follows: "Rule 11 provides that a motion for sanctions should be filed independently; moreover, it should not be filed for at least 21 days after the motion has been served. This "safe harbor" rule protects parties from being sanctioned without having the opportunity to withdraw their position. (See, Fed. R. Civ. P. 11)"

14. On February 25, 2008, Defendants filed their reply brief in support of their Motion To Dismiss. At page 1, lines 12-14 thereof, they asked the Court to award attorney's fees citing Rule 11 of the Federal Rules of Civil Procedure.

15. On March 11, 2008, this court held a hearing on the Motion To Dismiss and stated that it would either dismiss the case without prejudice or transfer the case to the U.S. District Court for the Southern District of Florida. This was 18 days after Defendants' counsel had served the Motion For Sanctions on me.

16. Following the hearing on March 11, 2008, I faxed a letter to Defendants' counsel advising him that Plaintiff consented to the transfer of the case to Florida. A true and correct copy of the letter is Exhibit C hereto.

17. On March 12, 2008, Defendants' counsel Patrick J. Richard responded to my letter dated March 11, 2008. A true and correct copy of the letter is Exhibit D hereto.

18. On March 12, 2008, I faxed a letter to Defendants' counsel responding to his letter dated

1   March 12, 2008. A true and correct copy of the letter is Exhibit E hereto.

2   19. On March 12, 2008, this court issued its written ruling on the Motion To Dismiss stating

3   in relevant part as follows.  "Dismissal, rather than transfer, may be appropriate where

4   the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where

5   the plaintiff's action is frivolous; or where the transfer would be futile because the case

6   would be dismissed even after transfer. See *King v. Russell*, 963 F.2d 1301, 1304 (9th

7   Cir.1992). Here, this action could have been brought in Florida. See 28 U.S.C. § 1391.

8   All Defendants, records and witnesses are located there. There is no evidence that

9   Plaintiff is harassing Defendant by filing this action, nor has there been a showing of

10   bad faith or frivolousness by Plaintiff.  Further, there is no indication that transfer would

11   be futile. Transfer of this case to Florida is in the interest of justice. At the hearing, the

12   parties agreed that the proper transferee district in Florida is the Southern District."

13   20. On March 12, 2008, which was 19 days after Defendants had served their Motion For

14   Sanctions on me, they filed their Motion For Sanctions. They did not mention or provide

15   copies of any of the correspondence of March 11 or 12, 2008 to the Court.

16   21. On March 14, 2008, which was 21 days after Defendants had served their Motion For

17   Sanctions on me, I sent a letter by fax to Defendants' counsel confirming that Plaintiff

18   consented unconditionally and irrevocably to the transfer of the case to the U.S. District

19   Court for the Southern District of Florida. A true and correct copy of the letter is Exhibit

20   F hereto.

21   22. On March 14, 2008, which was 21 days after Defendants had served their Motion for

22   Sanctions on me, I sent an e-mail to Defendants' counsel confirming that Plaintiff

23   consented unconditionally and irrevocably to the transfer of the case to the U.S. District

24   Court for the Southern District of Florida. A true and correct copy of the e-mail is

25   Exhibit G hereto.

26   23. The attorney who signed and filed Defendants' Motion For Sanctions is Patrick J.

27   Richard. He is a partner in the law firm of Nossaman, Guthner, Knox & Elliott. He

28   signed the Motion For Sanctions in the firm's name. According to the firm's website,

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**

Mr. Richard has "more than two decades of experience as a commercial litigator and serves as chair of Nossaman's Litigation Department." A true and correct copy of the website page containing this language is Exhibit H hereto. The URL for the page on the website is: http://www.nossaman.com/showprofessional.aspx?Show=378#.

24. Nossaman, Guthner, Knox & Elliott is a major national law firm. On its website, it states: "Nossaman is now over 130 attorneys and lobbyists strong, with offices in Los Angeles, San Francisco, Orange County, Sacramento, Washington D.C./Virginia, Austin and Seattle. Our list of clients includes publicly and privately held corporations, public agencies, health institutions, transportation agencies, real estate developers, landowners and water purveyors." A true and correct copy of the website page containing this language is Exhibit I hereto. The URL for the page on the website is: http://www.nossaman.com/ showabout.aspx?Show=114.

25. I was admitted to the District of Columbia bar in 1980 and the California bar in 1997. I have more than 20 years of experience as a litigator. My standard hourly rate is $450 per hour.

26. The total number of hours that I spent preparing Plaintiff's Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11, including the Memorandum of Points and Authorities, my supporting Declaration, and the exhibits, was 25.5 hours consisting of 11 hours on March 13, 2008, 9.5 hours on March 14, 2008, and 5.0 hours on March 15, 2008. At the rate of $450 per hour, that amounts to $11,475.

27. All of the work done on Plaintiff's Motion For Sanctions is incorporated in this Opposition and Objection. I spent an additional 6 hours preparing the additional material contained this Opposition And Objection consisting of 3.5 hours on May 3, 2008 and 3 hours on May 4, 2008. Based on my standard billable rate of $450 per hour, the additional work amounts to $2,925.

1       I declare under penalty of perjury under the laws of the State of California and the

2  United States of America that I have read the foregoing, that the foregoing is true and correct,

3  and that I would be competent to so testify.

4       Executed on May 7, 2008 at Tiburon, California.



_____

STEPHEN L. JOSEPH

**PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS**