NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
50 California Street, Thirty-Fourth Floor
San Francisco, California 94111-4707
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

Attorneys for Defendants
SIVAKUMAR SINNARAJAH,
a/k/a MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ALTIN HAVAYOLU TASIMACILIGI TURIZM VE TIC, A.S., a corporation organized under the laws of Turkey, doing business as GOLDEN INTERNATIONAL AIRLINES,<br><br>Plaintiff,<br><br>vs.<br><br>SIVAKUMAR SINNARAJAH, an individual, also known as MANO SINNARAJAH; H&S GROUP OF COMPANIES, INC., a Florida corporation; and DOES 1 to 10 inclusive,,<br><br>Defendants. | Case No:   CV 07-6475 EDL<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>THE HONORABLE ELIZABETH D. LAPORTE<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11**<br><br>Action Filed:<br><br>Date:   June 3, 2008<br>Time:   9:00 a.m.<br>Ctrm:   E |

225893_2.DOC

## I. INTRODUCTION

Plaintiff's counsel does not contest that the allegations of personal jurisdiction "flagrantly violated" Rule 11, as was the case in *Love v. The Mail on Sunday,* 2006 U.S. Dist., LEXIS 95468 (C.D. CA 2006), one of the cases cited in Defendants' motion for attorney's fees. On March 11, 2008, this Court agreed that the Northern District does not have personal jurisdiction over Defendants, and sent this case to Florida. The issue now before this Court is whether Plaintiff and his attorney should be required to pay the attorney's fees incurred as a result of Plaintiff's knowingly false allegations of personal jurisdiction over a Florida corporation and a Florida individual. This Court should award Defendants their attorney's fees under Rule 11 of the Federal Rules of Civil Procedure, and/or pursuant to the Court's inherent authority to sanction bad-faith litigants such as Plaintiff and his attorney here.

Neither Plaintiff nor his attorney defend the false personal-jurisdiction allegations in their Complaint (which was never withdrawn or corrected), nor do they attempt to defend their insistence that Defendants <u>waive</u> their jurisdictional objections as a condition of obtaining an extension of time to respond to the frivolous Complaint. Instead, Plaintiff's counsel argues that this Court is without jurisdiction to award attorney's fees. Plaintiff's counsel is wrong for two reasons:

1) Neither Plaintiff nor his counsel withdrew or corrected the challenged Complaint within 21 days. Indeed, that Complaint has not been withdrawn or corrected to this day. Plaintiff's attorney's informal "consent" to agree to transfer the case to Florida after the hearing does not satisfy the requirements of Rule 11(c).

2) In any event, this Court is not bound by Rule 11's 21-day "safe harbor" provision. To the contrary, the Court has the power to shorten this time period, or to exercise its inherent authority to sanction Plaintiff and his attorney for their bad-faith failure to withdraw or correct their facially frivolous personal-jurisdiction claims notwithstanding anything in Rule 11. (See *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991).)

This Court should grant Defendants' Motion for Sanctions, and deny Plaintiff's Motion.

## II. BRIEF STATEMENT OF PERTINENT FACTS

Plaintiff filed his Verified Complaint for Damages on December 27, 2007 – two days after Christmas. On January 28, 2008, Defendants filed their Motion to Dismiss, or the Alternative to Change Venue on the grounds that the Complaint contained numerous defects, including the failure to allege <u>any facts whatsoever</u> supporting Plaintiff's claim that the Northern District had personal jurisdiction over the Defendants: a Florida corporation or the individual officer of that corporation. The moving papers also

set forth that Plaintiff's counsel had refused even a one-day extension of time within which to respond unless Defendants waived these jurisdictional defects.

Rather than dismiss or correct the allegations in his Complaint, Plaintiff filed a frivolous Opposition that cited absolutely no legal authority and did not dispute the key evidence and arguments set forth in Defendants' Motion to Dismiss. On February 22, 2008, Defendants served, but did not file, a request for attorney's fees under Rule 11. On March 11, 2008, this Court heard oral argument on the Motion to Dismiss or transfer. Although now ignored in Plaintiff's pending motion for sanctions, the Court questioned Plaintiff's counsel as to the absence of jurisdictional factual allegations in the Complaint; Plaintiff's counsel persisted in arguing that various theories supporting jurisdiction but could not answer the Court's questions as to whether Plaintiff's counsel had any legal authority in supporting his arguments.

After the hearing, Plaintiff's counsel advised Defendants' counsel that he would comply with the Court's order. But Plaintiff's counsel did not take any steps with the Court to see that the improper Complaint was "withdrawn or appropriately corrected." His correspondence with counsel after this Court's hearing did not comply with Rule 11 – Plaintiff's actual Complaint has not been withdrawn or corrected to this day.

### III.    LEGAL ARGUMENT

**A.    Plaintiff's Counsel's Motion for Sanctions is Frivolous Because Plaintiff Did Not Comply With Rule 11's "Safe Harbor" Requirements.**

Plaintiff's motion for sanctions is predicated on the assumption that Defendants' motion for attorney's fees is frivolous because this Court is without jurisdiction to alter the 21-day safe-harbor rule and, perhaps more importantly, because Plaintiff's counsel assumes that he took steps to withdraw or correct the frivolous Complaint that he filed in this Court two days after Christmas.

Although Plaintiff's counsel has now filed a motion citing legal authority and facts, which is far more than he did when he opposed Defendants' Motion to Dismiss or in the Alternative, Change Venue, his Motion for Sanctions has no merit.

Rule 11 provides in pertinent part that the motion for sanctions must be served upon the opposing party to permit the offensive pleading to be "withdrawn or appropriately corrected within 21

days after service or within another time the court sets." (Fed. Rule Civ. Proc. Rule 11(c)(2). Here, Plaintiff's counsel argues that this Court is without jurisdiction to award any attorney's fees for his frivolous conduct because the Court's Order was issued 19 days after the motion for sanctions had been served on Plaintiff's counsel. (Plaintiff's Opposition, 8:23-25.) But Rule 11 does not relieve Plaintiff of the consequences of his bad-faith conduct because this Court recognized that Plaintiff's arguments were frivolous and entered an Order against him. Rule 11 required <u>Plaintiff</u> to "withdraw[] or appropriately correct[]" his frivolous Complaint, and Plaintiff did not (and still has not) make that withdrawal or correction.

Equally frivolous is Plaintiff's argument that his failure to comply with Rule 11(c)(2)'s requirements should be excused because Plaintiff's counsel sent an informal March 8th letter to Defendants' counsel promising to comply with this Court's Order. Plaintiff's informal commitment to comply with this Court's Order is not a withdrawal or correction of his frivolous Complaint, especially considering Plaintiff's continued failure to correct or withdraw the Complaint itself.

### B.    This Court Should Order Plaintiff To Pay Defendants' Attorney's Fees In Any Event.

In any event, this Court has discretion to set a time period other than 21 days according to Rule 11(c)(2), or to order Plaintiff and his attorney to pay Defendants' attorneys fees pursuant to the Court's inherent authority to sanction bad-faith litigants. (*See*, *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991).) *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998) does not help Plaintiff because no motion whatsoever had been served on the opposing party, unlike the present case where Plaintiff's counsel does not dispute that he received service of the formal motion for attorney's fees well in advance of this Court's hearing on March 11, 2008.

### IV.    CONCLUSION

The tactical decisions of Plaintiff's counsel to file a frivolous Complaint two days after Christmas; refuse any extension to appear despite issues of service unless Defendants waive their jurisdictional objections; and the filing of a frivolous opposition brief are not beyond the jurisdiction and discretion of this Court to address. Plaintiff's counsel's reliance upon the so-called "21-day safe harbor rule" fails because Plaintiff did not "withdraw or correct" the offensive pleading within 21 days.

225893_2.DOC                                    3
OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL FOR INTENTIONAL VIOLATION OF RULE 11

Accordingly, Plaintiff's motion for sanctions should be denied and Defendants should be awarded their reasonable attorney's fees for having had to file a motion to challenge the defective jurisdictional allegations in Plaintiff's Complaint.

Dated: May 13, 2008

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
PATRICK J. RICHARD

/S/

BY: _____
PATRICK J. RICHARD

ATTORNEYS FOR DEFENDANTS
SIVAKUMAR SINNARAJAH,
A/K/A MANO SINNARAJAH;
H&S GROUP OF COMPANIES, INC.