1  STEPHEN L. JOSEPH (SBN 189234)
   P.O. Box 221
2  Tiburon, CA 94920-0221
3  Telephone:  415-577-6660
   Facsimile:  415-869-5380
4  E-mail: sljoseph@earthlink.net

5
   Attorney for Plaintiff ALTIN HAVAYOLU
6  TASIMACILIGI TURIZM VE TIC. A.S.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11
   ALTIN HAVAYOLU TASIMACILIGI          )  Case No. CV 07-6475 EDL
12 TURIZM VE TIC. A.S., a corporation    )
   organized under the laws of Turkey,  doing )  ASSIGNED TO THE HONORABLE
13 business as GOLDEN INTERNATIONAL     )  ELIZABETH D. LAPORTE
   AIRLINES,                             )
14                                       )  **PLAINTIFF'S REPLY TO DEFENDANTS'**
15            Plaintiff,                 )  **OPPOSITION TO MOTION FOR**
                                         )  **SANCTIONS AGAINST DEFENDANTS'**
16 vs.                                   )  **AND DEFENDANTS' COUNSEL FOR**
                                         )  **INTENTIONAL VIOLATION OF RULE**
17                                       )  **11; DECLARATION OF STEPHEN L.**
   SIVAKUMAR SINNARAJAH, an individual, )  **JOSEPH**
18 also known as MANO SINNARAJAH; H&S   )
   GROUP OF COMPANIES, INC., a Florida   )  [FRCP 11]
19 corporation; and DOES 1 to 10 inclusive, )
                                         )
20            Defendants.                )
                                         )
21                                       )  Date: June 3, 2008
                                         )  Time: 9:00 a.m.
22                                       )  Courtroom: E
                                         )
23 _____ )
                                         )
24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants and their counsel have wasted the court's and Plaintiff's counsel's time by filing a Rule 11 motion that they *know with 100% certainty* cannot be granted. They have intentionally violated Rule 11. They should not be permitted to escape the consequences of their premeditated and brazen conduct.

### II. ARGUMENT

#### A. Defendants' Argument That They Are Not Subject To The 21-Day Requirement Is Frivolous

Defendants state that "this Court is not bound by Rule 11's 21-day "safe harbor" provision. To the contrary, the Court has the power to shorten this time period, or to exercise its inherent authority to sanction Plaintiff and his attorney for their bad-faith failure to withdraw or correct their facially frivolous personal-jurisdiction claims notwithstanding anything in Rule 11. (*See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).)" Opp. at 1, lines 19-21.

Setting a deadline in the past is impossible, both physically and legally. Defendants' suggestion to the contrary is frivolous and utterly absurd.

Defendants' assertion that the court has inherent power to impose sanctions in the instant case is not supported by the *Chambers* case. Unfortunately, Defendants do not advise the court of the ruling in the *Chambers* case and, as a result, their brief is misleading.

In *Chambers*, the court noted that the alleged sanctionable conduct was that Chambers had (1) attempted to deprive the court of jurisdiction by acts of fraud, nearly all of which were performed outside the confines of the court, (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense to reduce [NASCO] to exhausted compliance. The court deemed Rule 11, which provides for the imposition of attorney's fees as a sanction for the improper filing of papers with a court, insufficient to support the sanction against Chambers, since Rule 11 does not reach conduct in the foregoing first and third categories, and since it would have been impossible to assess sanctions at the time the papers in the second category were filed because their falsity did not

become apparent until after the trial on the merits. The court ruled as follows:

> [W]hen there is bad faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court ordinarily should rely on the rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely on its inherent power.

501 U.S. 41-42.

Defendants do not suggest that Rule 11 is an inadequate basis for their motion or somehow not "up to the task." In any event, Defendants based their motion exclusively on Rule 11, not the court's inherent power.

**B.** **Defendants And Their Counsel Know That No Action By Plaintiff Was Necessary To Effect The Transfer To Florida And That The Transfer Was Completed**

Defendants state that the "Complaint has not been withdrawn or corrected to this day" and that "Plaintiff's attorney's informal "consent" to agree to transfer the case to Florida after the hearing does not satisfy the requirements of Rule 11(c)." Opp. at 1, lines 16-18.

Defendants gave Plaintiff seven days notice to *dismiss* the Complaint and based their motion for sanctions exclusively on that notice. Why are Defendants now talking about a "correction" when that option was not made available at the time? Defendants are trying to move the goalposts.

The court refused to dismiss. The court ordered the case *transferred* to Florida. On March 14, 2008, which was 21 days after Defendants served their Motion For Sanctions, the court effected the transfer through its own administrative processes. No "correction" or other action was required by Plaintiff to effect the transfer. The transfer was completed and the case is being actively litigated in Florida.

Within 21 days of service of Defendants' Motion For Sanctions, Plaintiff provided Defendants with a written waiver of its right to challenge the court's transfer ruling, fully and irrevocably accepting that the case would proceed in Florida.

Transferring the case to Florida was a result that Defendants asked for in their Motion To Dismiss. They got what they wanted. They have nothing to complain about and they know

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS**

1   it. They are trying to make an issue out of nothing.

2   **C. Defendants And Their Counsel Know That The Court Ruled That There Was**

3   **No Showing That Plaintiff Had Acted In Bad Faith Or Frivolously**

4   Defendants state that "this Court recognized that Plaintiff's arguments were frivolous."

5   Opp. at 3, lines 5-6. As Defendants know, the court recognized nothing of the sort. The court

6   ruled: "There is no evidence that Plaintiff is harassing Defendant by filing this action, nor has

7   there been a showing of bad faith or frivolousness by Plaintiff."

8   Defendants state that "Plaintiff's counsel does not contest that the allegations of

9   personal jurisdiction "flagrantly violated" Rule 11." Opp. at 1, lines 2-3. This is a bizarre and

10  untrue statement. The allegations of jurisdiction in the Complaint were based on multiple

11  references to California in the lease, including a warranty that Defendant H&S was a California

12  corporation and a reference to a "judgment given by United States or California courts." [1]

13  ### III. CONCLUSION

14  The arguments in Defendants' Opposition are frivolous and, it must be said, made in

15  bad faith. Plaintiff gave Defendants 21 days to withdraw their motion. They should have taken

16  advantage of the opportunity. Apparently, Defendants and their counsel do not believe that the

17  court will sanction them.

18  WHEREFORE, Plaintiff requests that its Motion For Sanctions be granted.

19

20  Dated: May 20, 2008                    STEPHEN L. JOSEPH

21

22

23

24                                         _____
                                           Attorney for Plaintiff

25  [1] In Plaintiff's Opposition And Objection To Defendants' Motion For Sanctions at pages 15-17, Plaintiff

26  shows that it gave up real rights by electing not to challenge the court's decision to transfer the case to
    Florida. Plaintiff believes that the court incorrectly sidestepped Cal. Code §3399 on reformation of

27  contracts by ruling, *sua sponte*, that the multiple references to California in the lease were all cut and
    paste errors. *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, 19-20. Plaintiff

28  also believes that the court's ruling that *alter ego* is not a basis for personal jurisdiction was incorrect.
    *Flynt Distributing Company v. Harvey*, 734 F.2d 1389 (9th Cir. 1984); *Sheard v. Superior Court*, 40
    Cal.App.3d 207, 210.

## DECLARATION OF STEPHEN L. JOSEPH

I, Stephen Joseph, declare as follows:

1.  I know all of the facts herein of my own personal knowledge, and if called upon as a witness to this proceeding, I would and could competently testify thereto under oath.

2.  I am an attorney admitted to practice in the State of California and in the U.S. District Court for the Northern District of California.

3.  I represent the Plaintiff in the above-captioned case.

4.  I make this declaration in support of Plaintiff's Reply To Defendants' Opposition To Motion For Sanctions Against Defendants' And Defendants' Counsel For Intentional Violation Of Rule 11.

5.  I was admitted to the District of Columbia bar in 1980 and the California bar in 1997. I have more than 20 years of experience as a litigator. My standard hourly rate is $450 per hour.

6.  The total number of hours that I spent preparing Plaintiff's Motion For Sanctions Against Defendants And Defendants' Counsel For Intentional Violation Of Rule 11, including the Memorandum of Points and Authorities, my supporting Declaration, and the exhibits, was 25.5 hours consisting of 11 hours on March 13, 2008, 9.5 hours on March 14, 2008, and 5.0 hours on March 15, 2008. At the rate of $450 per hour, that amounts to $11,475.

7.  I spent an additional 6 hours preparing the additional material contained in Plaintiff's Opposition And Objection To Defendants' Motion For Sanctions Against Plaintiff And Plaintiff's Counsel; Counterrequest For Sanctions; Declaration Of Stephen L. Joseph consisting of 3.5 hours on May 3, 2008 and 3 hours on May 4, 2008. Based on my standard billable rate of $450 per hour, the additional work amounted to $2,925.

8.  The total number of hours that I have spent preparing Plaintiff's Reply To Defendants' Opposition To Motion For Sanctions Against Defendants' And Defendants' Counsel For Intentional Violation Of Rule 11 is 3.5 hours on May 19, 2008 and 2.5 hours on May 20, 2008. At the rate of $450 per hour, that amounts to $2,700.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS

1    9.  The total amount that I claim and request for preparing the aforesaid documents is

2       $17,100.

3       I declare under penalty of perjury under the laws of the State of California and the

4    United States of America that I have read the foregoing, that the foregoing is true and correct,

5    and that I would be competent to so testify.

6       Executed on May 20, 2008 at Tiburon, California.

7

8

9    

10   _____

11   STEPHEN L. JOSEPH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS