IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTIN HAVAYOLU TASAMACILIGI TURIZM VE TIC,<br><br>Plaintiff,<br><br>v.<br><br>SIVAKUMAR SINNARAJAH, et al.,,<br><br>Defendants. | No. C-07-6475 EDL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

On December 27, 2007, Plaintiff Altin Havayolu Tasamaciligi Turizm Te Vic filed this breach of contract and fraud action against Defendants Sivakumar Sinnarajah and H&S Group of Companies, Inc. On January 28, 2008, Defendants moved to dismiss based on lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue to the district court in Florida. On March 12, 2008, the Court granted Defendants' motion to dismiss and transferred this case to the Southern District of Florida.

Also on March 12, 2008, Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. On April 8, 2008, Plaintiff filed its motion for sanctions also based on Rule 11. Because these matters are appropriate for decision without oral argument, the Court vacated the June 3, 2008 hearing.

Under Federal Rule of Civil Procedure 11, a court may impose sanctions for filings which are frivolous, legally unreasonable or brought for an improper purpose. See Townsend v. Holman Consulting Corp., 929 F. 2d 1358, 1362 (9th Cir. 1990). The purposes underlying Rule 11 are "deterrence of dilatory or abusive pretrial tactics and the streamlining of litigation." Golden Eagle

Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986). Sanctions for a Rule 11 violation may be imposed upon attorneys, law firms, or parties that have violated Rule 11 or are responsible for the violation. See Fed. R. Civ. Proc. 11(c)(1). But an award of sanctions is discretionary; even if the court finds a violation, it need not award sanctions. See William Schwarzer, et al., Federal Civil Procedure Before Trial, § 17:166 (Rutter Group). Before imposing sanctions under Rule 11, the court must determine whether "a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." Truesdell v. Southern Cal. Permanente Medical Group, 151 F. Supp. 2d 1174, 1183 (C.D. Cal. 2001). In determining whether a reasonable inquiry was made prior to submitting a document for filing as required under Rule 11(b), a court may consider:

> how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

Fed. R. Civ. Proc. 11 advisory committee's note (1983 amendment).

**Defendant's Motion for Sanctions**

Rule 11 contains a twenty-one day safe harbor provision requiring the party seeking sanctions to serve the Rule 11 motion, but not to file it if the challenged pleading is withdrawn or appropriately corrected within twenty-one days after service or within another time frame set by the court. See Fed. R. Civ. P. 11(c)(2); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001) (safe harbor provision mandatory); see also Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (same). Here, Defendant served its motion for sanctions on February 22, 2008 stating that Plaintiff filed its complaint in violation of Rule 11 and that the motion for sanctions would be filed if the complaint was not dismissed by February 29, 2008. See Richard Decl. Ex. A. This demand for dismissal before twenty-one days elapsed ran afoul of Rule 11, which provides twenty-one days to withdraw or correct a challenged filing. Then, on March 12, 2008, Defendant filed the motion for sanctions, which was only nineteen days after serving the motion, see Docket Entry 16, further running afoul of the Rule 11 safe harbor requirement.

Defendant argues in his opposition to Plaintiff's motion for sanctions that under Rule

United States District Court
For the Northern District of California

1   11(c)(2), the Court can set a different time period other than the twenty-one day period. Defendant,
2   however, cited no authority for a court to reduce the twenty-one day period, let alone alter it
3   retroactively as Defendant asks this Court to do.

4   Even if Defendant had not violated the safe harbor provision, Plaintiff appropriately
5   corrected the challenged pleading within the safe harbor period by faxing a letter to Defendant dated
6   March 11, 2008 consenting to transfer of the case to Florida (see Joseph Decl. Ex. C), and faxing
7   another letter dated March 12, 2008 unconditionally consenting to transfer (see Joseph Decl. Ex. E).
8   See William Schwarzer, Federal Civil Procedure Before Trial, § 17:398 (Rutter Group) (appropriate
9   correction of a pleading can be formal or informal, including a letter to opposing counsel stating that
10  the challenged argument is withdrawn). Given Plaintiff's communications, Defendant should have
11  either not filed the motion for sanctions or withdrawn it. For all of these reasons, Defendant's
12  motion for sanctions under Rule 11 is denied.

13  Raising a new argument for the first time in his opposition to Plaintiff's motion for
14  sanctions, Defendant argues that he should be awarded sanctions under the Court's inherent power.
15  Courts possess inherent power to impose sanctions for "willful abuse of judicial processes," which
16  requires a finding of subjective bad faith conduct. Roadway Express v. Piper, 447 U.S. 752, 766
17  (1980); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). The Court, however, has already stated
18  that there was no evidence of bad faith by Plaintiff. See March 12, 2008 Order at 7:7-8 ("There is
19  no evidence that Plaintiff is harassing Defendant by filing this action, nor has there been a showing
20  of bad faith or frivolousness by Plaintiff."). And Defendant has provided no further evidence to
21  support a finding of bad faith at this stage.

22  **Plaintiff's Motion for Sanctions**

23  Plaintiff also seeks Rule 11 sanctions, arguing that Defendant's filing of his motion for
24  Rule 11 sanctions violated the twenty-one day safe harbor provision and that the motion lacked
25  merit because there was no harassment, bad faith or frivolousness by Plaintiff. As described above,
26  Defendant did not comply with Rule 11's safe harbor provision. Plaintiff, however, has not made a
27  sufficient showing that Defendant's motion for sanctions was presented for an improper purpose
28  under Rule 11. Plaintiff asks the Court to infer bad faith or an improper purpose by Defendant when

3

it is equally possible that Defendant's counsel simply erred in filing the sanctions motion too early.

In addition, as shown by the Court's order granting Defendant's motion to dismiss and transferring this matter to Florida, this case did not even present a close question about jurisdiction and venue. It would be anomalous now to award sanctions to Plaintiff in a case that was mistakenly filed in this district. For all of these reasons, Plaintiff's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: June 9, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge